UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY MURILLO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3641** |
| **CORYELL COUNTY TRADESMEN, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiffs, individuals hired to perform general labor and construction tasks in the construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, assert claims under the Federal Labor Standards Act ("FLSA") and the Louisiana Private Works Act ("PWA").[1] Pending before the Court is Defendants Roy Anderson Corp. ("RAC") and Travelers Casualty and Surety Company of America's ("Travelers") "Motion for Partial Summary Judgment."[2] On November 22, 2016, Plaintiffs notified the Court that they do not oppose the motion for partial summary judgment.[3] This Court has authority to grant a motion as unopposed, provided that the motion has merit, although it is not required to do so.[4]

In its motion, Defendants RAC and Travelers (collectively, "Defendants") move for partial summary judgment against the claims under the PWA of Plaintiffs Bernadino Castro, Alexander

---

[1] Rec. Doc. 48.

[2] Rec. Doc. 183.

[3] Rec. Doc. 194.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

Hernandez, Annabelle Linares, Maite Vasquez, Henry Lopez, Angel David Lozano, Julio Valerio, Kateryn Vasquez, and Modesto Velasquez ("Claimants").[5] Defendants assert that the PWA required Claimants to timely file liens in order to preserve their claims.[6] However, Defendants argue that Claimants did not do so, and that Claimants have not and cannot produce evidence to the contrary.[7] Defendants contend that approximately 146 laborers involved in the renovation project at issue in this litigation recorded Lien Affidavits, but that Claimants were not among those 146 laborers.[8] Accordingly, Defendants aver that there is no genuine dispute of material fact that Claimants did not satisfy an essential element under the PWA, and thus partial summary judgment is proper.[9]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[11] On a motion for summary judgment, the moving party bears the initial burden

---

[5] Rec. Doc. 183 at 1.

[6] Rec. Doc. 183-1 at 1, 4.

[7] *Id.* at 1.

[8] *Id.* at 2.

[9] *Id.* at 1.

[10] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[11] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[12] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[13] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[14]

Under the PWA, contractors, laborers, and certain other claimants may secure and preserve a privilege on an immovable in order to assert a claim arising out of a "work" on the immovable.[15] However, La. Rev. Stat. § 9:4823(A) provides that the privilege is extinguished if the claimant does not preserve it as required by La. Rev. Stat. § 9:4822. Under La. Rev. Stat. § 9:4822(A), a claimant must file a statement of their claims or privilege within thirty days after the filing of a notice of termination of the work, while La. Rev. Stat. § 9:4822(C) provides for filing the statement within sixty days when the notice was not properly or timely filed.[16] Thus, failure to timely file a statement of claim will result in the extinguishment of any claims and privilege the claimant would have had under the PWA.[17] As Louisiana state courts have repeatedly stated, strict compliance

---

[12] *Celotex,* 477 U.S. at 323.

[13] *Id.* at 325.

[14] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[15] La. Rev. Stat. §§ 9:4801, 9:4802(B); *see Buck Town Contractors & Co. v. K-Belle Consultants, LLC*, No. 2015-1124, 2016 WL 1375762 (La. App. 4 Cir. 4/6/16), *writ denied*, 2016-0831 (La. 9/6/16).

[16] *Buck Town Contractors & Co., LLC*, No. 2015-1124, 2016 WL 1375762 at *2.

[17] *Id.*; *Marshall Achord Electrical Contractor. Inc. v. Zeagler*, 527 So.2d 51, 53 (La. App. 3 Cir. 1988).

with the provisions of the PWA is required, and the burden of proving that a statement of claim was timely filed is on the claimant.[18]

Here, Defendants have presented evidence that none of the sworn statements that were filed against the reconstruction project included any of the Claimants, and that there is no evidence otherwise showing that Claimants properly preserved their claim as required by La. Rev. Stat. § 9:4822.[19] In response, Claimants have not provided the Court with any evidence that would create a genuine dispute of material fact to preclude summary judgment here; rather, Claimants state that they do not oppose the motion.[20] Thus, the Court finds that there are no genuine disputes of material fact here that Claimants did not timely comply with the provisions of the PWA. Accordingly, the Court will grant Defendants' motion for partial summary judgment on Claimants' claims under the PWA.

## V. Conclusion

For the reasons set forth above,

---

[18] *Metro. Erection Co. v. Landis Const. Co.*, 627 So. 2d 144, 148 (La. 1993) (citing *City of Alexandria v. Shevnin*, 240 La. 983, 126 So. 2d 336 (1961)); *Byron Montz, Inc. v. Conco Const., Inc.*, 2002-0195 (La. App. 4 Cir. 7/24/02), 824 So. 2d 498, 503; *Buck Town Contractors & Co., LLC*, No. 2015-1124, 2016 WL 1375762 at *2.

[19] Rec. Doc. 183-1 at 7.

[20] Rec. Doc. 194.

**IT IS HEREBY ORDERED** that Defendants' "Motion for Partial Summary Judgment"[21] is **GRANTED**.

**NEW ORLEANS, LOUISIANA** this  2nd   day of December, 2016.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[21] Rec. Doc. 183.