**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NANCY MURILLO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3641** |
| **CORYELL COUNTY TRADESMEN, LLC, et al.** | **SECTION: "G"(1)** |

<u>**ORDER**</u>

In this litigation, Plaintiffs, comprised of more than 150 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, assert that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Plaintiffs also bring a cause of action under the Louisiana Private Works Act.[2] Pending before the Court is Plaintiffs' "Motion to Strike Defendants' Answer."[3] The pending motion was filed on May 24, 2016, and set for submission on June 22, 2016. Pursuant to Local Rule 7.5, oppositions to a motion must be filed eight days before the noticed submission date. Accordingly, an opposition to the pending motion was due no later than June 14, 2016. Defendants Coryell County Tradesmen, LLC ("CCT") and CC Labor, LLC ("CC Labor") have filed no opposition at this time. This Court has authority to grant a motion as unopposed, provided

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 48 at 10.

[3] Rec. Doc. 52.

that the motion has merit, but it is not required to do so.[4]

In their motion, Plaintiffs state that this Court granted a motion to withdraw the counsel of Defendants CCT and CC Labor on May 16, 2016, leaving CCT and CC Labor—both limited liability companies ("LLCs")—unrepresented in this matter.[5] Plaintiffs argue that because fictional entities such as LLCs cannot proceed *pro se*, the Answer of Defendants CCT and CC Labor should be stricken from the record.[6] Plaintiffs contend that other district courts in the Fifth Circuit have found that it is appropriate to strike the defenses of unrepresented corporate defendants after the defendants fail to obtain new counsel.[7] Here, Plaintiffs assert that Defendants CCT and CC Labor remain unrepresented by counsel and "have made no indication that they will seek any licensed counsel to represent them in this matter."[8] Thus, Plaintiffs argue that the Court should strike the Answer of Defendants CCT and CC Labor.[9]

The Fifth Circuit has repeatedly held that "a corporation as a fictional legal person can only be represented by licensed counsel."[10] Here, Defendants CCT and CC Labor, along with

---

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[5] Rec. Doc. 52-1 at 1 (citing Rec. Doc. 50).

[6] *Id.* at 1–2.

[7] *Id.* at 2 (citing *Henderson v. Fenwick Protective Inc.*, 2015 WL 3439166, at *2 (N.D. Tex. May 28, 2015); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1–*2 (N.D. Tex. Dec. 11, 1997)).

[8] *Id.*

[9] *Id.*

[10] *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)); *see also Sw. Exp. Co. v. I. C. C.*, 670 F.2d 53, 55 (5th Cir. 1982) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law." (citations and quotation marks omitted)).

Defendants Brandon Isaacks, Brent Isaacks, and Paul Isaacks (collectively, "Joint Defendants"), were originally represented by the same counsel.[11] On October 29, 2015, Defendants CCT, CC Labor, Brandon Isaacks, and Paul Issacks properly filed an Answer to Plaintiffs' Collective Action Complaint;[12] Defendant Brent Isaacks properly filed a separate Answer on November 24, 2015.[13] On April 8, 2016, counsel for Joint Defendants filed a motion to withdraw as counsel of record, stating that Joint Defendants notified counsel that they were unable to pay their outstanding legal bills and would be unable to pay any future sums incurred.[14] The Court conducted a telephonic status conference with the parties on April 26, 2016, with regard to the motion to withdraw counsel.[15] A representative for CCT and CC Labor participated in the status conference.[16] Defendants Brandon Isaacks, Brent Isaacks, and Paul Isaacks also participated in the status conference.[17] The Court informed the parties that individuals Brandon Isaacks, Brent Isaacks, and Paul Isaacks could proceed *pro se*, but that CCT and CC Labor could not proceed *pro se*.[18] On May 16, 2016, the Court issued an Order granting the motion by counsel to withdraw.[19]

---

[11] *See* Rec. Doc. 37.

[12] Rec. Doc. 10.

[13] Rec. Doc. 13.

[14] Rec. Doc. 37-1 at 1–2.

[15] Rec. Doc. 50 at 2.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* (citing *Donovan*, 736 F.2d at 1005; *Intelligender, LLC v. Adrian Soriano*, No. 10-125, 2012 U.S. Dist. Lexis 46804 (E.D. Tex. Apr. 2, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 96-721, 1997 U.S. Dist. Lexis 20347 (N.D. Tex. Dec. 11, 1997)).

The Fifth Circuit has held that "the appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary."[20] When an unrepresented corporation attempts to proceed *pro se* in federal court, a district court may take a number of appropriate measures, including admonishing the corporation that it may not proceed without counsel, ordering the corporation to retain counsel within a certain period of time, striking any improper filings, or dismissing the case.[21]

Here, Defendants CCT and CC Labor properly filed their Answer while they were represented by counsel.[22] While lower courts in the Fifth Circuit routinely strike filings submitted by unrepresented corporate defendants acting *pro se*,[23] this motion seeks only to strike an answer made by represented corporate defendants because their counsel subsequently withdrew from this matter. In *Equal Employment Opportunity Comm'n v. Stone Pony Pizza, Inc.*, a court in the Northern District of Mississippi declined to adopt a magistrate judge's recommendation to strike an unrepresented corporate defendant's pleadings in similar circumstances, stating that the court would not strike properly filed pleadings "simply because the Defendant now finds itself lacking

---

[20] *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).

[21] *See id.* at 873 n.5; *Argonaut Midwest Ins. Co. v. XP Servs., Inc.*, No. 12-2304, 2013 WL 12140407, at *1 (S.D. Tex. Mar. 13, 2013).

[22] Rec. Doc. 10.

[23] *See, e.g.*, *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. 15-00412, 2016 WL 1192679, at *1 (M.D. La. Mar. 22, 2016) (noting that the answer filed by the agent of an unrepresented corporation was stricken from the record); *Argonaut Midwest Ins. Co. v. XP Servs., Inc.*, 2013 WL 12140407, at *1 (striking an answer filed by other defendants on behalf of an unrepresented corporation); *United States v. C Henderson Consulting, Inc.*, No. 10-258, 2011 WL 3919730, at *1 (M.D. La. July 20, 2011), *report and recommendation adopted*, No. 10-258, 2011 WL 4351137 (M.D. La. Sept. 7, 2011) (same)

4

appropriate representation, but has otherwise fully participated in the defense of this case."[24] Similarly, this Court declines to strike a properly filed answer because Defendants CCT and CC Labor now lack representation, as Plaintiffs have not articulated sufficient grounds to warrant striking Defendant CCT and CC Labor's Answer. Therefore, the Court denies Plaintiffs' "Motion to Strike Defendants' Answer." [25]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Strike Defendants' Answer"[26] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this  27th  day of December, 2016.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[24] No. 13-92, 2016 WL 4532135, at *1 (N.D. Miss. Aug. 29, 2016).

[25] Rec. Doc. 52.

[26] *Id.*

5