UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NANCY MURILLO, et al.                               CIVIL ACTION

VERSUS                                              NO. 15-3641

CORYELL COUNTY TRADESMEN, LLC,                      SECTION: "G"(1)
et al.

ORDER

In this litigation, Plaintiffs, comprised of more than 150 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, assert that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act.[1] Plaintiffs also bring a cause of action under the Louisiana Private Works Act.[2] On December 20, 2016, Defendant Ronald Franks Construction Company, LLC ("RFC") filed a "Motion for Summary Judgment."[3] On December 27, 2016, Plaintiffs filed a "Motion to Extend Submission Date" requesting that the Court extend the submission date for the pending motion for summary judgment until March 29, 2017.[4] Plaintiffs assert that the motion for summary judgment relies on statements by RFC representatives who Plaintiffs have requested to depose, but have not yet had the opportunity to do so.[5] Plaintiffs aver that discovery has been proceeding

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 48 at 10.

[3] Rec. Doc. 221.

[4] Rec. Doc. 222.

[5] Rec. Doc. 222-1 at 1.

1

expeditiously, but that it would be prejudicial to require Plaintiffs to respond to RFC's motion prior to obtaining the relevant deposition discovery and reviewing thousands of pages of transcripts and exhibits.[6] On December 27, 2016, Plaintiffs filed an opposition to RFC's motion for summary judgment, arguing that Federal Rule of Civil Procedure 56(d) allows the Court to delay consideration of the motion for summary judgment to allow Plaintiffs additional time to conduct the depositions.[7] Plaintiffs also filed a "Motion for Expedited Consideration of Motion to Continue," asserting that the Court should consider the motion to continue on an expedited basis before considering the motion for summary judgment. [8]

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "provides a mechanism for dealing with the problem of premature summary judgment motions."[9] Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[10] "Such motions are broadly favored and should be liberally

---

[6] *Id.*

[7] Rec. Doc. 225-1 at 1–2.

[8] Rec. Doc. 223.

[9] *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 10-1922, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (citing *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb.12, 2004) (citing *Owens v. Estate of Erwin*, 968 F.Supp. 320, 322 (N.D.Tex. 1997))).

[10] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)).

granted."[11]

In its motion for summary judgment, RFC argues that Plaintiffs cannot show that RFC was either their employer or was part of an enterprise that employed the plaintiffs.[12] In support of its motion, RFC cites extensively to the declaration of at least one RFC representative, Jaime Franks.[13] In response, Plaintiffs aver that they cannot properly oppose the motion until they conduct additional discovery and are able to depose RFC's representatives.[14] Therefore, because Plaintiffs cannot adequately oppose the motion for summary judgment until further discovery is conducted, the Court finds that denial of the motion for summary judgment without prejudice pursuant to Rule 56(d) is proper. The Court notes that, pursuant to the Court's Scheduling Order, the parties have until May 17, 2017, to complete discovery, and any non-evidentiary pretrial motions must be filed in sufficient time to permit hearing thereon no later than May 24, 2017.[15] Accordingly, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court will deny RFC's motion for summary judgment without prejudice to allow the parties additional time to conduct discovery. Accordingly,

---

[11] *Id.* (citing *Int'l Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257, 1267 (5th Cir. 1991)).

[12] Rec. Doc. 221-3 at 1.

[13] *See id.*; Rec. Doc. 221-4.

[14] *See* Rec. Doc. 225-1.

[15] Rec. Doc. 168.

**IT IS HEREBY ORDERED** that Defendant Ronald Franks Construction Company, LLC's "Motion for Summary Judgment" is **DENIED** without prejudice pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Extend Submission Date" is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion for Expedited Consideration of Motion to Continue" is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA** this  19th  day of January, 2017.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**