# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY MURILLO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3641** |
| **CORYELL COUNTY TRADESMEN, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiffs, approximately 160 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, allege that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Plaintiffs also bring a cause of action under the Louisiana Private Works Act ("PWA").[2] Pending before the Court is Defendant Ronald Franks Construction Company, LLC's ("Ronald Franks") "Motion to Dismiss Plaintiffs' Second Amended Collective Action Complaint."[3] Having considered the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will deny the motion in part and deny the motion as moot in part.

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 48 at 10.

[3] Rec. Doc. 69.

# I. Background

*A.*    *Factual Background*

Plaintiffs allege that this lawsuit arises from the renovation of a luxury hotel and apartment building in downtown New Orleans named "The Strand" at 225 Baronne Street ("the Project").[4] They allege that the mostly migrant workers who performed the renovation work were not paid minimum wages or overtime while working "grueling" 70-hour workweeks.[5] Plaintiffs further contend that their recorded hours were often "adjusted" to reflect shorter work periods so that Defendants Ronald Franks, Coryell County Tradesmen ("CCT"), CC Labor, LLC ("CC Labor"), Paul Isaacks, Brandon Isaacks, Brent Isaacks, and Roy Anderson Corp. ("Roy Anderson") could pay them less.[6] Furthermore, Plaintiffs allege that they were forced to wait in long lines just to punch out of work each evening and were not compensated for that time.[7]

Defendants CCT and CC Labor are alleged to be two family-run construction companies owned by Defendants Paul Isaacks, Brandon Isaacks, and Brent Isaacks.[8] Plaintiffs allege that Ronald Franks and CCT were two of the subcontractors that employed Plaintiffs on the Project.[9] Defendant Roy Anderson is alleged to be one of the general contractors that employed Plaintiffs, and Defendant Travelers Casualty and Surety Company of America ("Travelers") is alleged to

---

[4] Rec. Doc. 48 at 3.

[5] *Id.* at 3–4.

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.* at 5–6.

have contracted to pay the obligations of Roy Anderson with respect to the work done on the construction project at issue in this case.[10]

## B.    *Procedural Background*

Plaintiffs Nancy Murillo, Evelyn Mejia, Ambrocio Benito Castro, and Mechlor Acevedo filed a complaint on August 19, 2015, against Defendants CCT, CC Labor, Brandon Isaacks, Brent Isaacks, and Paul Isaacks.[11] With leave of Court, on February 18, 2016, Plaintiffs filed an amended complaint, adding more than 150 plaintiffs and adding as defendants Ronald Franks Construction, RAC, and Travelers.[12] Plaintiffs filed a second amended complaint, with leave of Court, on May 13, 2016.[13]

On June 10, 2016, Plaintiffs filed a motion for conditional class certification.[14] On July 21, 2016, oral arguments on the motion were held.[15] On September 20, 2016, this Court granted in part and denied in part Plaintiffs' motion for conditional class certification and ordered that Notice be sent to: "All individuals who provided labor to Coryell County Tradesmen or CC Labor or Ronald Franks Construction on the 225 Baronne Street construction project in New Orleans, Louisiana during the previous two years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 or minimum wages pursuant to the FLSA, 29 U.S.C. § 206 and who did

---

[10] *Id.* at 6–7.

[11] Rec. Doc. 1.

[12] Rec. Doc. 19.

[13] Rec. Doc. 48.

[14] Rec. Doc. 62.

[15] Rec. Doc. 111.

3

not receive full overtime or minimum wage compensation."[16]

On June 21, 2016, Ronald Franks filed the instant motion.[17] On July 12, 2016, Plaintiffs filed an opposition.[18] On July 19, 2016, with leave of Court, Ronald Franks filed a reply.[19]

## II. Parties' Arguments

### A.   Ronald Franks' Arguments in Support of Dismissal

In its motion, Ronald Franks argues that this Court should dismiss Plaintiffs' FLSA and PWA claims pursuant to Rule 12(b)(6) or, in the alternative, dismiss Plaintiffs' FLSA claim and decline to exercise supplemental jurisdiction over Plaintiffs' state law claim.[20] Ronald Franks, a subcontractor, states that it entered into three subcontracts on February 3, 2014, with Defendant Roy Anderson, the general contractor, to perform certain work for the Project.[21] On March 17, 2014, Ronald Franks avers that it entered into a sub-subcontract with CCT for "virtually all of the work" included in Ronald Franks' subcontract with Roy Anderson.[22]

### 1.   Plaintiffs' FLSA claims

Ronald Franks argues that Plaintiffs' FLSA claim should be dismissed because Plaintiffs failed to adequately plead: (1) the existence of an employer-employee relationship; (2) individual

---

[16] Rec. Doc. 159.

[17] Rec. Doc. 69.

[18] Rec. Doc. 95.

[19] Rec. Doc. 106.

[20] Rec. Doc. 69-1 at 6.

[21] *Id.* at 7.

[22] *Id.*

or enterprise coverage; (3) any conduct violating overtime and/or minimum wage requirements; and (4) the amount of overtime and/or minimum wage compensation due.[23] First, Ronald Franks asserts that Plaintiffs' amended complaint implausibly alleges that all Defendants were the "employers" of all Plaintiffs at the same time and on the same project.[24] Ronald Franks contends that Plaintiffs only provide a rote recitation of the legal standard for "employers" without making specific allegations as to each Defendant.[25] Ronald Franks alleges that, because Ronald Franks subcontracted its work to CCT, and that it was CCT who hired Plaintiffs, Plaintiffs' complaint fails to allege that Ronald Franks was their "employer" under the FLSA.[26] Moreover, Ronald Franks avers that, under the Fifth Circuit's "economic realities test," Ronald Franks does not qualify as Plaintiffs' "employer."[27] Ronald Franks asserts that Plaintiffs make no factual allegations specific to Ronald Franks as Plaintiffs' alleged employer, including whether it had the power to hire and fire Plaintiffs, record hours, maintain employment records, make work schedules, and maintain payroll documents.[28]

Second, Ronald Franks argues that, under the Fifth Circuit's "economic realities test," Plaintiffs were not "employees" of Ronald Franks, and thus Plaintiffs have failed to plead the

---

[23] *Id.* at 9.

[24] *Id.* at 10.

[25] *Id.*

[26] *Id.* at 13–14.

[27] *Id.* at 14.

[28] *Id.* at 15.

existence of an employment relationship with Ronald Franks.[29] According to Ronald Franks, Plaintiffs failed to allege the existence of any contract or a permanent relationship with Ronald Franks or even the dates on which each Plaintiff allegedly worked on the Project.[30] Ronald Franks asserts that Plaintiffs failed to make specific allegations indicating how Ronald Franks exercised control over any of the Plaintiffs or what the scope of their responsibilities were.[31] Ronald Franks further contends that Plaintiffs did not include any allegations regarding the skill and initiative required to perform the job or the relative "investments" of each party, such as who provided the equipment, tools, lodging, meals, or insurance.[32] Moreover, Ronald Franks points out that Plaintiffs do not allege that Ronald Franks determined their opportunities for profit and loss, issued payments, controlled work hours, or limited their ability to work on other projects.[33] According to Ronald Franks, Plaintiffs have admitted to being hired, managed, and controlled by CCT alone.[34]

Third, Ronald Franks argues that Plaintiffs' complaint lacks any allegations establishing either individual or enterprise coverage as required to receive protection under FLSA.[35] Ronald Franks avers that Plaintiffs must satisfy the Fifth Circuit's "practical test" to sufficiently plead individual coverage, *i.e.* that Plaintiffs were employees who engaged in commerce or in the

---

[29] *Id.* at 11–12.

[30] *Id.* at 12.

[31] *Id.*

[32] *Id.* at 13.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 15.

production of goods for commerce, but that Plaintiffs' complaint lacks any allegations regarding Plaintiffs' relationship to interstate commerce.[36] Moreover, Ronald Franks contends that Plaintiffs only offer a conclusory allegation that there is enterprise coverage, *i.e.* that Defendants' work constitutes enterprises in commerce.[37] Ronald Franks avers that Plaintiffs also fail to allege that Defendants' work grossed more than $500,000 annually, which Ronald Franks represents is required to sufficiently plead enterprise coverage under FLSA.[38]

Fourth, Ronald Franks argues that Plaintiffs failed to sufficiently plead that overtime and minimum wage requirements were violated, as the complaint does not specify the periods for which Plaintiffs were allegedly not properly paid or for which Defendants failed to provide regular and overtime pay.[39] Moreover, Ronald Franks points out that the complaint does not state what amount of overtime and minimum wage compensation is allegedly due to Plaintiffs.[40]

Fifth, Ronald Franks contends that Plaintiffs' complaint fails to sufficiently plead that Plaintiffs are similarly situated such that they may maintain a collective action under FLSA.[41] Ronald Franks asserts, for example, that Plaintiffs use the term "Defendants" generally without differentiating between each Defendant.[42] Ronald Franks argues it is "illogical" to claim that all

---

[36] *Id.* at 15–16.

[37] *Id.* at 17.

[38] *Id.*

[39] *Id.* at 18.

[40] *Id.*

[41] *Id.* at 19.

[42] *Id.* at 21.

Plaintiffs were all employed at the same time by all Defendants.[43] Additionally, Ronald Franks avers that there are no allegations in Plaintiffs' complaint that Plaintiffs were the "victims" of "a single policy, decision, or plan."[44]

### 2.    Plaintiffs' state law claims

Next, Ronald Franks argues that Plaintiffs broadly assert approximately 160 state law claims under the PWA but fail to allege any specific state law claims against Ronald Franks.[45] Moreover, Ronald Franks contends that Plaintiffs fail to allege that a statement of claims or privilege was timely filed in order to bring an action under the PWA.[46] In the alternative, Ronald Franks avers that this Court should decline to exercise supplemental jurisdiction over the state law claims, as, according to Ronald Franks, all of the relevant factors counsel against retaining supplemental jurisdiction.[47]

### B.    *Plaintiffs' Arguments in Opposition to Dismissal*

In response, Plaintiffs contend that: (1) their complaint sufficiently alleges all the necessary elements required to state a valid FLSA claim; (2) Ronald Franks' arguments regarding Plaintiffs' class claims are premature and should be denied; and (3) Plaintiffs have adequately pleaded claims under the PWA, and this Court should exercise supplemental jurisdiction over those claims.[48]

---

[43] *Id.*

[44] *Id.* at 22.

[45] *Id.*

[46] *Id.* at 23.

[47] *Id.* at 24–26.

[48] Rec. Doc. 95 at 1.

### 1.      Plaintiffs' FLSA claims

First, Plaintiffs argue that the Fifth Circuit's five factor "economic realities" test establishes that Plaintiffs were "employees" for purposes of FLSA.[49] Plaintiffs contend that Ronald Franks only cites to cases applying the higher summary judgment standard on a plaintiff's FLSA action.[50] By contrast, Plaintiffs assert that in *Carnero v. Patterson Structural Moving & Shoring, LLC*, a court in the Eastern District of Louisiana found that alleging at least one of the economic reality factors, *e.g.*, that the defendants set the plaintiffs' hours and rate of pay, was sufficient to survive a motion to dismiss.[51] According to Plaintiffs, they allege more than one of the economic realities factors, such as the fact that Defendants allegedly made Plaintiffs' work schedules and managed the work performed.[52]

Second, Plaintiffs argue that they have plausibly alleged that Ronald Franks was a FLSA "employer" under the Fifth Circuit's "economic realities" test.[53] Plaintiffs allege that Defendants, including Ronald Franks, had the power to hire and fire Plaintiffs, make Plaintiffs' work schedules, maintain employment files, control the work performed by Plaintiffs, and issue ID badges for clocking in and out of work.[54] Plaintiffs contend that Ronald Franks offers no case law to support

---

[49] *Id.* at 2.

[50] *Id.* at 3 (citing *Thibault v. Bellsouth Telecomm, Inc.*, 612 F.3d 845 (5th Cir. 2010); *Carrell v. Sunland Construction*, 998 F.2d 330 (5th Cir. 1993)).

[51] *Id.* (citing No. 14-2064, 2015 WL 225362, at *2 (E.D. La. Jan. 15, 2015) (Fallon, J.)).

[52] *Id.*

[53] *Id.* at 4.

[54] *Id.*

its argument that Plaintiffs are required to specify which factors apply to each Defendant.[55] Plaintiffs assert that its factual allegations apply similarly to each Defendant because they are "joint employers" under FLSA.[56]

Third, Plaintiffs aver that their complaint facially establishes that their work was connected to interstate commerce through both individual and enterprise coverage.[57] With regard to individual coverage, Plaintiffs point out that they are approximately 160 individuals who traveled to New Orleans from different parts of the country and were renovating a luxury hotel and apartment building while being employed by several interstate construction companies.[58] According to Plaintiffs, this is sufficient to establish that they were engaged in interstate commerce.[59] With regard to enterprise coverage, Plaintiffs assert that it is enough to allege that a defendant company is involved in nationwide or global activities to establish that it is engaged in interstate commerce.[60] Plaintiffs allege that in their complaint they established that Ronald Franks is a Tennessee corporation working on a Louisiana construction project and employing workers from various states, which all supports the finding that Ronald Franks is itself "in commerce" for purposes of enterprise coverage.[61] Moreover, Plaintiffs argue that they pleaded that Ronald Franks

---

[55] *Id.*

[56] *Id.* at 4–5.

[57] *Id.* at 5–6.

[58] *Id.* at 6.

[59] *Id.*

[60] *Id.* at 7.

[61] *Id.* at 8.

is an enterprise "within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)," a statute that Plaintiffs represent defines "enterprise" as an entity grossing more than $500,000 annually.[62] Additionally, Plaintiffs point out that they alleged that Defendants owed over two million dollars in unpaid overtime, which gives rise to the plausible inference that Ronald Franks grosses more than $500,000 in revenue a year.[63]

Fourth, Plaintiffs aver that they sufficiently pleaded violations of FLSA, as they alleged that Defendants were joint employers who failed to compensate Plaintiffs for overtime hours worked.[64] Plaintiffs contend that they also alleged that Plaintiffs were paid between $10 and $20 per hour, often worked more than 40 hours a week, and that Defendants "adjusted" the recorded hours worked.[65] Plaintiffs argue that these allegations are sufficient to state a claim for relief and give rise to a reasonable inference that Defendants violated FLSA.[66] According to Plaintiffs, the First Circuit and the Ninth Circuit have held that FLSA complaints do not need to compute the exact amount or an approximation of overtime due to bring a FLSA action.[67]

Fifth, Plaintiffs assert that it is premature to consider on a motion to dismiss whether

---

[62] *Id.*

[63] *Id.* at 9.

[64] *Id.*

[65] *Id.* at 9–10.

[66] *Id.* at 10.

[67] *Id.* at 11 (citing *Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 645 (9th Cir. 2015); *Pruell v. Caritas Christi,* 678 F.3d 10 (1st Cir. 2012)).

Plaintiffs are "similarly situated" such that they may bring a collective FLSA action.[68] Plaintiffs

argue that Ronald Franks is attempting to improperly "end run" the class certification process.[69]

### 2.    Plaintiffs' PWA claims

Plaintiffs concede that they are not asserting a PWA claim against Ronald Franks.[70]

However, Plaintiffs further aver that, pursuant to the PWA, they properly filed liens against the

general contractor in this case and attached a copy of their liens to their second amended

complaint.[71]

### C.    *Ronald Franks' Arguments in Further Support of Dismissal*

In its reply, Ronald Franks argues that Plaintiffs' complaint fails to name Ronald Franks

as a defendant with respect to Plaintiffs' state law claims under the PWA, and that Plaintiffs

concede in their opposition that their individual state law claims are not asserted against Ronald

Franks. [72] Ronald Franks contends that Plaintiffs failed to adequately cite to authority to support

their argument that they sufficiently alleged that they are "employees" under FLSA.[73] Moreover,

Ronald Franks asserts that Plaintiffs' allegations that Ronald Franks is an "employer" under FLSA

is implausible, and that Plaintiffs failed to allege that the Defendants "jointly" employed

---

[68] *Id.*

[69] *Id.* at 11–12 (citation omitted).

[70] *Id.* at 13 n.56.

[71] *Id.* at 12.

[72] Rec. Doc. 106 at 1–2.

[73] *Id.* at 2.

Plaintiffs.[74] Furthermore, Ronald Franks alleges that the complaint fails to make sufficient factual allegations to plead either individual or enterprise coverage.[75]

## III. Law and Analysis

### A.   Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[76] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[77] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[78] "Factual allegations must be enough to raise a right to relief above the speculative level."[79] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[80]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[81] However, although required to accept all "well-pleaded

---

[74] *Id.* at 3.

[75] *Id.* at 4.

[76] Fed. R. Civ. P. 12(b)(6).

[77] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[78] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[79] *Twombly*, 550 U.S. at 556.

[80] *Id.* at 570.

[81] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

facts" as true, a court is not required to accept legal conclusions as true.[82] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[83] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[84] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[85] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[86] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[87] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[88]

## B.   *Applicable Law*

FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for certain employees who are not exempt because they hold executive, administrative, or professional

---

[82] *Iqbal*, 556 U.S. at 677–78.

[83] *Id.* at 679.

[84] *Id.* at 678.

[85] *Id.*

[86] *Id.*

[87] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[88] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

positions.[89] Under Section 207 of FLSA, employers are generally required to pay their employees one and a half times their regular pay rate for any hours an employee works in excess of forty per week.[90] Likewise, under Section 206 of FLSA, every employer must pay each of his employees minimum wage. Section 216(b) of FLSA provides employees wrongfully denied overtime or minimum wage with a cause of action against their employers and authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime on their own behalf and on behalf of other "similarly situated" employees.[91] In order to bring a claim for unpaid overtime compensation or minimum wages under FLSA, a plaintiff must show by a preponderance of the evidence: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime [or minimum wage] compensation due."[92] FLSA imposes a two-year statute of limitations for violation of FLSA, but the statute of limitations is extended to three years for willful violations of FLSA.[93] A violation of

---

[89] 29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1).

[90] *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (Vance, J.) (citing 29 U.S.C. § 207(a)(1)).

[91] *England v. Administrators of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, *2 (E.D. La. July 19, 2016) (Barbier, J.) (citing 29 U.S.C. § 216(b); *Big Lot Stores*, 561 F. Supp. 2d at 572)).

[92] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (internal citations omitted). *See also Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990); *Castellanos v. Saints & Santos Construction, LLC*, No. 16-2501, 2016 WL 3564243, *2 (E.D. La. June 20, 2016) (Lemelle, J.); *Scott v. Gusman*, No. 15-4484, 2015 WL 5971767, at *1 (E.D. La. Oct. 14, 2015) (Lemelle, J.) (citing *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

[93] *See Ramos v. Al-Bataineh*, 599 Fed. App'x 548, 551 (5th Cir. 2015) (citing 29 U.S.C. § 255(a)).

FLSA is "willful" if "the employer either 'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.'"[94]

## C.      *Analysis*

In its motion, Ronald Franks argues that Plaintiffs' claims under (1) the federal Fair Labor Standards Act and (2) Louisiana's Private Work Act should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[95] As an initial matter, the Court notes that Plaintiffs' complaint does not appear to directly allege a PWA cause of action against Ronald Franks,[96] and that Plaintiffs clarified in their opposition memorandum that the PWA claims are not asserted against Ronald Franks.[97] Accordingly, the Court will deny as moot Ronald Franks' motion to dismiss Plaintiffs' claims under the PWA against Ronald Franks.

Ronald Franks next argues that this Court should dismiss Plaintiffs' FLSA claims because Plaintiffs allegedly failed to sufficiently plead: (1) that an employer-employee relationship exists between Ronald Franks and Plaintiffs; (2) that individual or enterprise coverage exists; (3) that Ronald Franks violated overtime and/or minimum wage requirements; and/or (4) the amount of overtime and/or minimum wage compensation due.[98] The Court will consider each of Ronald Franks' arguments in turn.

---

[94] *Donohue v. Francis Services, Inc.*, No. 04-170, 2005 WL 1155860, *3 (E.D. La. May 11, 2005) (Barbier, J.) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[95] Rec. Doc. 69.

[96] Rec. Doc. 48 at 10–11.

[97] Rec. Doc. 95 at 13 n.56.

[98] Rec. Doc. 69-1 at 9.

16

### 1. Whether Plaintiffs have sufficiently alleged that Ronald Franks is an "Employer" and Plaintiffs are "Employees" under FLSA

First, Ronald Franks asserts that Plaintiffs' amended complaint implausibly alleges that all Defendants were the "employers" of all Plaintiffs at the same time and on the same project.[99] Moreover, Ronald Franks argues that, under the Fifth Circuit's "economic realities test," Plaintiffs were not "employees" of Ronald Franks.[100] Ronald Franks alleges that, because Ronald Franks subcontracted its work to CCT and CCT hired Plaintiffs, there was not an employer-employee relationship between Ronald Franks and Plaintiffs.[101]

Pursuant to 29 U.S.C. § 203(d), an "employer" is defined under FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." FLSA further defines "employee" as "any individual employed by an employer"[102] and "employ" as "to suffer or permit to work."[103] The Fifth Circuit has observed that the definition of "employee" under FLSA "is particularly broad."[104] Likewise, FLSA provides that an employee may be jointly employed by two or more employers, for which the joint employers would both be responsible, "individually and jointly, for compliance" with FLSA.[105] According to the Code of Federal

---

[99] *Id.* at 10.

[100] *Id.* at 11–12.

[101] *Id.* at 10–14.

[102] 29 U.S.C. § 203(e)(1).

[103] 29 U.S.C. § 203(g).

[104] *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); *see also Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992) (noting that the FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles").

[105] 29 C.F.R. § 791.2; *see also Schlesinger v. ES & H, Inc.*, No. 11-294, 2011 WL 3900577, at *3 (E.D. La.

Regulations for FLSA, "if the facts establish that the employee is employed jointly by two or more employers, *i.e.* that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."[106]

As a preliminary matter, the Court notes that Ronald Franks contends that Plaintiffs have only alleged that Ronald Franks separately employed Plaintiffs.[107] By contrast, Plaintiffs argue that their complaint alleges that Defendants, including Ronald Franks, were their joint employers.[108] In their second amended complaint, Plaintiffs allege that Ronald Franks "was *one of the subcontractors* that employed the Plaintiffs."[109] Plaintiffs' complaint also explicitly states that "Ronald Franks is *one of the 'Defendants'*" that employed Plaintiffs.[110] Additionally, Plaintiffs made clear in their complaint that "Defendants CCT, Ronald Franks, and Roy Anderson *are each an 'employer'* [of Plaintiffs] within the meaning of FLSA."[111] Thus, construing the complaint liberally,[112] it is clear that Plaintiffs' complaint alleges that Ronald Franks was a "joint employer" of Plaintiffs pursuant to FLSA.

---

Sept. 2, 2011) (Lemelle, J.).

[106] 29 C.F.R. § 791.2.

[107] Rec. Doc. 106 at 3.

[108] Rec. Doc. 95 at 9.

[109] Rec. Doc. 48 at 6 (emphasis added).

[110] *Id.* (emphasis added).

[111] *Id.* at 10.

[112] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

To determine if a company is an "employer" or "joint employer" of a worker under FLSA, courts in the Fifth Circuit look to "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer . . . ."[113] Under the "economic reality" test, courts consider whether the alleged employer: "(1) possessed the power to hire and fire the employees[;] (2) supervised and controlled employee work schedules or conditions of employment[;] (3) determined the rate and method of payment[;] and (4) maintained employment records."[114] No single factor is determinative, as each factor is used to "gauge the *economic dependence* of the alleged employee."[115] In cases where there may be more than one employer, courts "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test."[116]

In their second amended complaint, Plaintiffs allege that Ronald Franks was "one of the subcontractors that employed the Plaintiffs" and that Ronald Franks specifically qualifies as an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).[117] Plaintiffs further state that Ronald Franks is included in the term "Defendants" as used in the second amended complaint and allege,

---

[113] *Hopkins*, 545 F.3d at 343 (citing *Herman v. Express Sixty–Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998)); *see also Lindsley v. BellSouth Telecommunications Inc.*, 401 F. App'x 944, 945 (5th Cir. 2010); *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (holding that "[w]hether a person or corporation is an employer or joint employer is essentially a question of fact").

[114] *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012); *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010).

[115] *Hopkins*, 545 F.3d at 343 (emphasis in original) (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043–44 (5th Cir. 1987)).

[116] *Gray*, 673 F.3d at 355; *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990).

[117] Rec. Doc. 48 at 4–7, 10.

19

*inter alia*, that: (1) Defendants made Plaintiffs' work schedules; (2) Defendants recorded Plaintiffs' hours; (3) Defendants maintained employment files; (4) Defendants maintained payroll documents; (5) Defendants issued ID badges to all Plaintiffs with specific ID numbers for each Plaintiff to enter the Project's worksite and record their hours worked; (6) Defendants paid Plaintiffs between $10 to $20 an hour and that Plaintiffs worked an average of 60 to 80 hours a week for Defendants; (7) Defendants possessed the ability to fire each of the Plaintiffs, "at any time and for any reason;" and (8) Defendants managed and controlled the work done by Plaintiffs.[118]

Based on the above, the Court finds that Plaintiffs have plausibly alleged an employer-employee relationship between Ronald Franks and Plaintiffs, and that Plaintiffs were "economically dependent" on Ronald Franks.[119] Considering the factors adopted by the Fifth Circuit to determine if a company is a "joint employer" under FLSA,[120] Plaintiffs have clearly

---

[118] *Id.* at 7–9.

[119] *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993).

[120] The Court notes that Ronald Franks points to Fifth Circuit case law using an alternative five-factor test for determining if a company qualifies as an "employer." Rec. Doc. 69-1 at 11. *See Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 846 (5th Cir. 2010) (using five, non-exclusive factors as a guide to determine if a worker was an employee: "(a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer."). However, some courts have noted that the five-factor test is used primarily to determine "contractor-employer" status. *See, e.g., id.* (Fifth Circuit using the five factor test to determine if a worker was an independent contractor or an employee); *Schlesinger v. ES & H, Inc.*, No. 11-294, 2011 WL 3900577, at *3 (E.D. La. Sept. 2, 2011) (Lemelle, J.) ("The five-factor test has been used in cases to determine contractor-employer status."). Nonetheless, even under the Fifth Circuit's alternative five factor test, the balance of factors would weigh in favor of finding that Ronald Franks was Plaintiffs' "employer" for FLSA purposes. For example, Plaintiffs have plausibly alleged that Ronald Franks exercised a significant degree of control over Plaintiffs and largely determined Plaintiffs' opportunities for profit and loss, as Plaintiffs allege that Ronald Franks had the power to determine pay, to hire and fire, and to decide work schedules. While Plaintiffs do not allege the extent of the relative investments or the permanency of the relationship, the balance of factors weigh in favor of finding that Plaintiffs have plausibly alleged

alleged that Ronald Franks: (1) possessed the power to hire and fire Plaintiffs; (2) controlled Plaintiffs' work schedules and conditions of employment; (3) determined Plaintiffs' pay; and (4) maintained Plaintiffs' employment records.[121] In other words, Plaintiffs have sufficiently alleged that, as a matter of "economic reality," Ronald Franks was an "employer" and Plaintiffs were its "employees" as contemplated under FSLA.[122] Thus, the Court finds that, construing Plaintiffs' complaint liberally and accepting all factual allegations as true, the balance of factors weigh in favor of finding that an employer-employee relationship existed between Ronald Franks and Plaintiffs for the purposes of FLSA.

### 2.    Whether Plaintiffs have plausibly alleged that individual or enterprise coverage exists

Second, Ronald Franks argues that Plaintiffs have failed to plausibly allege in their complaint that either individual or enterprise coverage exists as required under FLSA.[123] Ronald Franks contends that Plaintiffs' complaint lacks any allegations regarding Plaintiffs' relationship to interstate commerce.[124] Ronald Franks also avers that Plaintiffs fail to allege that Defendants' work grossed more than $500,000 annually.[125]

Pursuant to Congress's limited powers under the Commerce Clause, FLSA guarantees

---

that Ronald Franks constitutes an "employer" under FLSA.

[121] *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012); *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)

[122] *Lindsley v. BellSouth Telecommunications Inc.*, 401 F. App'x 944, 945 (5th Cir. 2010).

[123] Rec. Doc. 69-1 at 15.

[124] *Id.* at 15–16.

[125] *Id.* at 17.

overtime pay only to those employees engaged in interstate commerce, *i.e.* "engaged in commerce or in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").[126] Either individual or enterprise coverage is enough to invoke FLSA protection.[127] "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."[128] FLSA further provides that an employee is "engaged in the production of goods" when "such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State."[129]

Ronald Frank first argues that Plaintiffs have not adequately alleged that there is individual coverage for the purposes of FLSA.[130] As referenced above, individual coverage exists when "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce[.]"[131] Courts in the Fifth Circuit apply the "practical test" to determine if employees are

---

[126] *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)); *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2015 WL 3619894, at *4 (E.D. La. June 9, 2015) (Vance, J.); *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 438 (N.D. Tex. 2012).

[127] *Martin*, 955 F.2d at 1032.

[128] 29 U.S.C. § 203(b).

[129] 29 U.S.C. § 203(j).

[130] Rec. Doc. 69-1 at 15–16.

[131] 29 U.S.C. §§ 206(a)(1) and 207(a)(1).

personally engaged in interstate commerce.[132] "The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity."[133] Accordingly, "[w]ork that is purely local in nature does not meet the FLSA's requirements, but any regular contact with commerce, no matter how small, will result in coverage."[134]

In their second amended complaint, Plaintiffs allege, *inter alia*, that they are "largely migrant workers" employed by Defendants as manual laborers to construct a luxury hotel and apartment building in downtown New Orleans.[135] Plaintiffs assert that they were employed by Ronald Franks, a Tennessee corporation, CCT and CC Labor, Texas companies, and Roy Anderson, a Mississippi corporation.[136] Plaintiffs further allege that each Defendant, including Ronald Franks, is in the construction business "throughout the United States."[137] Additionally, Plaintiffs aver that they were hired to perform a variety of labor and construction tasks, including painting, cleaning, sheet-rocking, "mudding," and "finishing" drywall installation.[138] Plaintiffs also explicitly state that Defendants CCT, Ronald Franks, and Roy Anderson are each an

---

[132] *See Sobrinio v. Medical Center Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007); *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012).

[133] *Sobrinio*, 474 F.3d at 829 (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)).

[134] *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010); *Sobrinio*, 474 F.3d at 829 (quoting *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979); *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2015 WL 3619894, at *4 (E.D. La. June 9, 2015) (Vance, J.).

[135] Rec. Doc. 48 at 3–4.

[136] *Id.* at 5–6.

[137] *Id.*

[138] *Id.* at 7.

"enterprise" pursuant to FLSA,[139] and that Plaintiffs are owed $2,464,867.88 plus interest for the labor provided for the Project.[140]

Based on the allegations in the complaint, the Court finds that that Plaintiffs have pleaded sufficient facts to plausibly demonstrate that individual coverage exists. Ronald Franks has pointed to no controlling authority to support their argument that Plaintiffs' allegations are insufficient to show they engaged in interstate commerce. Rather, Plaintiffs, who are migrants workers employed in Louisiana by out-of-state companies to construct a luxury hotel and apartment building, have sufficiently alleged that they engaged in work that is "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity."[141] Accordingly, the Court finds that Plaintiffs have sufficiently alleged that individual coverage exists.

Additionally, even if individual coverage did not exist, the Court would nonetheless find that Plaintiffs have sufficiently alleged that enterprise coverage exists. To establish enterprise coverage, Plaintiffs must show that they were "employed in an enterprise engaged in commerce or in the production of goods for commerce."[142] Pursuant to 29 U.S.C. § 203(s)(1), an "enterprise" is an entity that:

---

[139] *Id.* at 10 (citing 29 U.S.C. §§ 203(r)(1), 203(s)(1)).

[140] *Id.* at 11.

[141] *Sobrinio*, 474 F.3d at 829.

[142] *Martin*, 955 F.2d at 1032.

(A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.][143]

As stated *supra*, Plaintiffs allege that they were migrant workers employed by Tennessee, Texas, and Mississippi corporations who are in the construction business "throughout the United States" and were constructing a luxury hotel and apartment building in Louisiana.[144]  Plaintiffs also explicitly state that Defendants CCT, Ronald Franks, and Roy Anderson are each an "enterprise" pursuant to the FLSA definition stated *supra*,[145] and that Plaintiffs are owed $2,464,867.88 plus interest for the labor provided for the Project.[146] Accordingly, construing the complaint liberally, the Court finds that that Plaintiffs have also pleaded sufficient facts to plausibly allege that enterprise coverage exists.

### 3.   Whether Plaintiffs have sufficiently alleged that Ronald Franks violated FLSA's overtime and minimum wage requirements

Next, Ronald Franks argues that Plaintiffs have not adequately plead that Ronald Franks violated FLSA's overtime and minimum wage requirements.[147] Under Section 207 of FLSA, employers are generally required to pay their employees one and a half times their regular pay rate

---

[143] *See Morrow v. J W Elec., Inc.*, No. 11-1988, 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011).

[144] Rec. Doc. 48 at 3, 5–6.

[145] *Id.* at 10 (citing 29 U.S.C. §§ 203(r)(1), 203(s)(1)).

[146] *Id.* at 11.

[147] Rec. Doc. 69-1 at 18.

for any hours an employee works in excess of forty per week.[148] Likewise, under Section 206 of FLSA, every employer must pay each of his employees minimum wage. In order to adequately state a claim for unpaid overtime under FLSA, a plaintiff must prove "that the employer violated the FLSA's . . . overtime [or minimum] wage requirements."[149]

Here, Plaintiffs allege that they were paid between $10 to $20 dollars an hour but that Defendants did not pay Plaintiffs any overtime wages.[150] Plaintiffs state that for all hours worked over 40 hours in any particular workweek, Plaintiffs only received their regular rate of pay.[151] Plaintiffs contend that they "regularly" worked more than 40 hours a week, and that they "averaged between 60 to 80 hours of work a week for the Defendants."[152] Plaintiffs also allege that Defendants "routinely did not pay Plaintiffs for work performed" and "arbitrarily underpaid Plaintiffs for certain periods of work."[153]   Furthermore, Plaintiffs argue that Defendants had "adjusted" the recorded hours of Plaintiffs and "paid them for less hours than those Plaintiffs actually worked."[154] Thus, Plaintiffs allege that Defendants violated the federal minimum wage requirements by not paying Plaintiffs "for at least some of the work that they performed."[155]

---

[148] *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (Vance, J.) (citing 29 U.S.C. § 207(a)(1)).

[149] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

[150] Rec. Doc. 48 at 8.

[151] *Id.*

[152] *Id.*

[153] *Id.*

[154] *Id.*

[155] *Id.* at 9.

Plaintiffs allege that construction began in 2013 and continues to the present, and that Plaintiffs were employed by Defendants in 2014 and 2015.[156]

Based on the allegations in the complaint, the Court finds that Plaintiffs have plausibly alleged a violation of FLSA's overtime and minimum wage requirements. The complaint asserts factual allegations that, if proven, would give rise to a plausible claim that Ronald Franks violated those provisions under FLSA.[157]

### 4. Whether Plaintiff has alleged sufficient facts regarding the amount of overtime and minimum wage compensation due

Finally, Ronald Franks argues that Plaintiffs' complaint "does not allege or even attempt to compute the amount of overtime [or minimum wage] compensation allegedly due."[158] In order to bring a claim for unpaid overtime compensation under FLSA, a plaintiff must prove the amount of overtime or minimum wage compensation due.[159] However, several courts have noted that FSLA plaintiffs are not required to plead a precise amount of unpaid wages to which they are allegedly entitled.[160] For example, this Court has previously noted that, to survive a motion to

---

[156] *Id.* at 7.

[157] 29 U.S.C. §§ 206, 208. *See also Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (In order to bring an action for unpaid overtime compensation, the plaintiff must demonstrate that "the employer violated the FLSA's overtime wage requirements."); *Nieto v. Pizzati Enterprises, Inc.*, No. 16-5352, 2016 WL 6962513, at *8 (E.D. La. Nov. 29, 2016) (Brown, J.).

[158] Rec. Doc. 69-1 at 18.

[159] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

[160] *See, e.g., Murphy v. Multi-Shot, LLC*, No. 14-1464, 2014 WL 4471538, at *2 (S.D. Tex. Sept. 10, 2014) (stating that a "FLSA plaintiff is not, however, required to plead the precise amount of unpaid wages to which he is allegedly entitled"); *Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-0231, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010) (FLSA plaintiff need not prove specific instances of unpaid overtime before having access to discovery); *Acho v. Cort*, No. 09–00157, 2009 WL 3562472, at *3 (N.D. Cal. Oct.27, 2009). *See also* Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement" to put the defendants on notice of the plaintiff's claims).

dismiss, a plaintiff must plead sufficient facts to put the defendant on notice as to "the approximate date ranges, as well as the approximate number of hours worked" for which the plaintiff claims that he or she was not fully compensated.[161]

Here, as stated *supra*, Plaintiffs have alleged that Defendants did not pay Plaintiffs any overtime wages.[162] Plaintiffs contend that they "regularly" worked more than 40 hours a week, and that they "averaged between 60 to 80 hours of work a week for the Defendants."[163] Plaintiffs also allege that Defendants "routinely did not pay Plaintiffs for work performed" and "arbitrarily underpaid Plaintiffs for certain periods of work."[164]  Furthermore, Plaintiffs argue that Defendants routinely "adjusted" the recorded hours of Plaintiffs and "paid them for less hours than those Plaintiffs actually worked."[165]  Thus, Plaintiffs allege that Defendants violated the federal minimum wage requirement by not paying Plaintiffs "for at least some of the work that they performed."[166] Plaintiffs allege that the construction began in 2013 and continues to the present, and that Plaintiffs were employed by Defendants in 2014 and 2015.[167] Finally, Plaintiffs allege that they are owed $2,464,867.88 plus interest, for the labor they provided to the Project.[168]

---

[161] *See Nieto*, 2016 WL 6962513, at *8; *see also England v. Administrators of the Tulane Educational Fund*, No. 16-3184, 2016 WL 3902595, *3 (E.D. La. July 19, 2016) (Barbier, J.) (citing *Mejia v. Bros. Petroleum, LLC*, No. 12-2481, 2015 WL 3619804, *6 (E.D. La. June 9, 2015) (Vance, J.)).

[162] Rec. Doc. 48 at 8.

[163] *Id.*

[164] *Id.*

[165] *Id.*

[166] *Id.* at 9.

[167] *Id.* at 7.

[168] *Id.* at 11.

Based on the allegations in the complaint, the Court finds that Plaintiffs have pleaded sufficient facts to put Ronald Franks on notice as to the amount of overtime and minimum wage compensation due. Accordingly, the Court finds that Plaintiffs have sufficiently alleged each of the four factors necessary to bring a claim for unpaid overtime compensation or minimum wages under FLSA.[169] Thus, the Court will deny Ronald Franks' motion to dismiss Plaintiffs' FLSA claims.

### 5.    Whether Plaintiffs have sufficiently plead that Plaintiffs are similarly situated

Finally, Ronald Franks argues that Plaintiffs have failed to adequately plead that they are "similarly situated" as required to proceed as a collective action under FLSA.[170] In opposition, Plaintiffs assert that Ronald Franks' argument is premature, as Plaintiffs contend that this argument is appropriate for opposing a motion for class certification.[171]

First, the Court notes that it already addressed Ronald Franks' arguments when it granted conditional class certification in a prior Order and found that Plaintiffs were "similarly situated" such that they could proceed as a collective action pursuant to 29 U.S.C. § 216(b).[172] In its Order, the Court noted that Plaintiffs "need not be identically situated."[173] Rather, the Court found that,

---

[169] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (internal citations omitted). *See also Castellanos v. Saints & Santos Construction, LLC*, No. 16-2501, 2016 WL 3564243, *2 (E.D. La. June 20, 2016) (Lemelle, J.).

[170] Rec. Doc. 69-1 at 19.

[171] Rec. Doc. 95 at 11–12.

[172] Rec. Doc. 159 at 28–29.

[173] *See* Rec. Doc. 159 at 21 (quoting *Chapman v. LHC Grp., Inc.*, No. 13-6384, 2015 WL 5089531, at *5 (E.D. La. Aug. 27, 2015) (Brown, J.) (citing *Crain v. Helmerich & Payne Int'l Drilling Co.*, No. 92–0043, 1992 WL 91946 (E.D. La., Apr. 16, 1992); *Kuperman v. ICF Int'l*, No. 08-565, 2008 U.S. Dist. LEXIS 88605, at *21-22 (E.D. La., Oct. 31, 2008) (Barbier, J.))).

to demonstrate that Plaintiffs are "similarly situated," Plaintiffs must show that "the putative class members were together the victims of a single decision, policy, or plan."[174] Thus, a court can foreclose a plaintiff's right to proceed collectively only if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice."[175] This Court concluded that the allegations in the complaint and the evidence presented by Plaintiffs were sufficient to "meet the low burden" of showing that Plaintiffs were similarly situated.[176]

Second, the Court notes that, even considering Ronald Franks' arguments now and considering only the allegations in the complaint, Plaintiffs have alleged sufficient facts to show that they are "similarly situated" in order to survive a motion to dismiss. In their complaint, Plaintiffs assert that Defendants employed all Plaintiffs as manual laborers on a single renovation project in downtown New Orleans.[177] According to Plaintiffs, they were all hired to perform "general labor and construction tasks" for Defendants for approximately $10 to $20 an hour.[178] Plaintiffs allege that Defendants controlled their assigned work, work schedules, hours worked, employment files, and payroll documents.[179] Plaintiffs further allege that they did not receive any overtime wages or minimum wages for certain periods of employment with Defendants.[180]

---

[174] *Id.* at 20. *See also Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877–78 (E.D. La. 2008) (Zainey, J.) (citing *Crain v. Helmerich & Payne Int'l Drilling Co.*, No. 92-0043, 1992 WL 91946, at *2 (E.D. La. Apr. 16, 1992) (Feldman, J.)).

[175] *Crain*, 1992 WL 91946 at *2 (quoting *Burt v. Manville Sales Corp.*, 116 F.R.D. 276, 277 (D.Colo. 1987)); *see also Xavier*, 585 F. Supp. 2d at 877–78.

[176] Rec. Doc. 159 at 28.

[177] Rec. Doc. 48 at 4.

[178] *Id.* at 7–8.

[179] *Id.*

[180] *Id.*

Moreover, Plaintiffs assert that Defendants issued ID badges to all Plaintiffs to record their hours, but that Defendants "adjusted" the recorded hours and caused Plaintiffs to wait in long lines to log their time without paying for any of the time spent waiting.[181] Accordingly, the Court finds that Plaintiffs have plausibly alleged that they are similarly situated such that a collective FLSA action may proceed, and thus will deny Ronald Franks' motion to dismiss Plaintiffs' collective FLSA action claims.

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiffs have sufficiently stated a claim for unpaid overtime compensation or minimum wages under FLSA, as Plaintiffs have plausibly alleged that: (1) an employer-employee relationship between Ronald Franks and Plaintiffs existed; (2) that individual and/or enterprise coverage exists; (3) that Ronald Franks violated the FLSA's overtime and/or minimum wage requirements; and (4) the amount of overtime and/or minimum wage compensation due. Thus, the Court will deny Ronald Franks' motion to dismiss Plaintiffs' FLSA claims. Moreover, the Court finds that Plaintiffs have plausibly alleged that they are "similarly situated" as required for a collective FLSA action to proceed. Accordingly, the Court will deny Ronald Franks' motion to dismiss Plaintiffs' collective action claims. Finally, because Plaintiffs concede that they are not asserting Louisiana PWA claims against Ronald Franks, the Court will deny as moot Ronald Franks' motion to dismiss Plaintiffs' PWA claims. Accordingly,

---

[181] *Id.* at 8.

31

**IT IS HEREBY ORDERED** that Defendant Ronald Franks Construction Company, LLC's "Motion to Dismiss Plaintiffs' Second Amended Collective Action Complaint"[182] is **DENIED IN PART** and **DENIED AS MOOT IN PART**.

**IT IS FURTHER ORDERED** that Ronald Franks' motion is denied as to Plaintiffs' FLSA claims and collective FLSA claims against Ronald Franks.

**IT IS FURTHER ORDERED** that Ronald Franks' motion is denied as moot as to Plaintiffs' PWA claims.

**NEW ORLEANS, LOUISIANA** this 27th  day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[182] Rec. Doc. 69.

32