UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NANCY MURILLO, et al. | CIVIL ACTION |
| VERSUS | NO. 15-3641 |
| CORYELL COUNTY TRADESMEN, LLC, et al. | SECTION: "G"(1) |

### ORDER

In this litigation, Plaintiffs, approximately 160 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, allege that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Pending before the Court are Defendants Roy Anderson Corporation ("Roy Anderson") and Travelers Casualty and Surety Company of America's ("Travelers") "Motion to Dismiss for Failure to Prosecute"[2] and Defendant Ronald Franks Construction Company, LLC's ("Ronald Franks") "Motion to Dismiss, with Prejudice, for Failure to Prosecute."[3] Having considered the pending motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motions in part and deny them in part.

### I. Background

#### A.    *Factual Background*

Plaintiffs allege that this lawsuit arises from the renovation of a luxury hotel and apartment

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 184.

[3] Rec. Doc. 186.

building in downtown New Orleans named "The Strand" at 225 Baronne Street ("the Project").[4]

They allege that the mostly migrant workers who performed the renovation work were not paid

minimum wages or overtime while working "grueling" 70-hour workweeks.[5] Plaintiffs further

contend that their recorded hours were often "adjusted" to reflect shorter work periods so that

Defendants Roy Anderson, Ronald Franks, Coryell County Tradesmen ("CCT"), CC Labor, LLC

("CC Labor"), Paul Isaacks, Brandon Isaacks, and Brent Isaacks could pay them less.[6]

Defendants CCT and CC Labor are alleged to be two family-run construction companies

owned by Defendants Paul Isaacks, Brandon Isaacks, and Brent Isaacks.[7] Defendant Roy Anderson

is alleged to be one of the general contractors that employed Plaintiffs, and Ronald Franks and

CCT were two of the subcontractors on the Project.[8] Travelers is alleged to have contracted to pay

the obligations of Roy Anderson with respect to the work done on the construction project at issue

in this case.[9]

**B.      *Procedural Background***

Plaintiffs Nancy Murillo, Evelyn Mejia, Ambrocio Benito Castro, and Mechlor Acevedo

filed a complaint on August 19, 2015, against Defendants CCT, CC Labor, Brandon Isaacks, Brent

Isaacks, and Paul Isaacks.[10] With leave of Court, on February 18, 2016, Plaintiffs filed an amended

---

[4] Rec. Doc. 48 at 3.

[5] *Id.* at 3–4.

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.* at 5–6.

[9] *Id.* at 6–7.

[10] Rec. Doc. 1.

complaint, adding more than 150 plaintiffs and adding Ronald Franks, Roy Anderson, and Travelers as Defendants.[11] Plaintiffs filed a second amended complaint, with leave of Court, on May 13, 2016.[12] On July 12, 2016, Roy Anderson filed an answer to Plaintiffs' second amended complaint and a crossclaim and third-party demand against Defendant Ronald Franks and Third-Party Defendant National American Insurance Company ("NAIC"), respectively.[13]

On June 9, 2016, Magistrate Judge Sally Shushan ordered Defendants to serve a joint set of 25 written interrogatories on all Plaintiffs and ordered each Plaintiff to respond to the interrogatories separately.[14] Magistrate Judge Shushan also "cautioned that if a plaintiff fails to answer each interrogatory separately and fully in writing and under oath, it will be recommended that the plaintiff's claims be dismissed with prejudice for failure to prosecute."[15] On August 1, 2016, the case was reassigned from Magistrate Judge Shushan to Magistrate Judge Janis van Meerveld.[16] The case was subsequently reassigned to Magistrate Judge Daniel Knowles on August 25, 2016.[17] On September 2, 2016, Defendants jointly moved for sanctions against certain Plaintiffs who had failed to follow Magistrate Judge Sushan's June 9, 2016 discovery Order.[18] On September 21, 2016, Magistrate Judge Knowles granted in part Defendants' motion to the extent

---

[11] Rec. Doc. 19.

[12] Rec. Doc. 48.

[13] Rec. Doc. 92 at 15.

[14] Rec. Doc. 61.

[15] *Id.* at 2.

[16] Rec. Doc. 115.

[17] Rec. Doc. 133.

[18] Rec. Doc. 145.

that all Plaintiffs were ordered to produce their discovery responses by October 14, 2016.[19]

Magistrate Judge Knowles further noted that if any Plaintiff failed to do so, "the Court will not

hesitate [to recommend] to the District Court that [the] plaintiff['s] claims be dismissed with

prejudice for failure to prosecute."[20]

On October 27, 2016, Defendants Roy Anderson and Travelers filed the instant "Motion

to Dismiss for Failure to Prosecute."[21] On October 28, 2016, Defendant Ronald Franks filed the

instant "Motion to Dismiss, with Prejudice, for Failure to Prosecute."[22] Both motions were set for

submission on November 23, 2016.[23] Pursuant to Local Rule 7.5, any opposition to a motion must

be filed eight days before the noticed submission date. Accordingly, any opposition to the pending

motions was due no later than November 15, 2016. Plaintiffs filed a partial opposition to both

motions to dismiss for failure to prosecute "only to the extent the motions call for dismissals with

prejudice" on November 22, 2016.[24] Therefore, Plaintiffs' partial opposition was filed untimely.

However, as discussed *infra*, although the Court is not required to consider untimely filings, the

Court will consider Plaintiffs' partial opposition to the dismissal with prejudice of certain non-

responsive Plaintiffs. On December 2, 2016, with leave of court, Defendant Ronald Franks filed a

---

[19] Rec. Doc. 164.

[20] *Id.*

[21] Rec. Doc. 184.

[22] Rec. Doc. 186.

[23] Rec. Docs. 184, 186.

[24] Rec. Doc. 195.

reply.[25] On December 2, 2016, with leave of court, Defendants Roy Anderson and Travelers also filed a reply.[26]

## II. Parties' Arguments

### A.   *Defendants Roy Anderson and Travelers' Arguments in Support of their Motion to Dismiss for Failure to Prosecute*

In their motion to dismiss for failure to prosecute, Defendants Roy Anderson and Travelers assert that nine Plaintiffs have failed to comply with either Magistrate Judge Shushan's June 9, 2016 discovery Order or Magistrate Judge Knowles' September 21, 2016 discovery Order requiring all Plaintiffs to submit verified responses to Defendants' interrogatories.[27] Thus, Roy Anderson and Travelers argue that the claims of these nine Plaintiffs should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b) for failure to prosecute or 37(b)(2)(A)(v) for failure to comply with two discovery Orders.[28] According to Roy Anderson and Travelers, the non-responsive Plaintiffs' "persistent refusal to obey this Court's Discovery Orders indicates intentional conduct as opposed to confusion or misunderstanding."[29] Thus, Roy Anderson and Travelers aver that lesser sanctions than dismissal with prejudice would be futile.[30]

In particular, Roy Anderson and Travelers seek to dismiss the claims of: (1) Esther Aguilar; (2) Claudia Armijo; (3) Alexa Hernandez; (4) Denis Monterrey; (5) Luis Juarez Murillo; (6) Jose

---

[25] Rec. Doc. 206.

[26] Rec. Doc. 208.

[27] Rec. Doc. 184-1 at 1.

[28] *Id.* at 3.

[29] *Id.* at 6.

[30] *Id.*

Pineda; (7) Yolani Raudales; (8) Digna Torres; and (9) Alan Vazquez.[31] Roy Anderson and

Travelers further contend that, pursuant to Rule 37(b)(2)(C), the non-responsive Plaintiffs should

be ordered to pay Roy Anderson and Travelers' reasonable attorneys' fees and costs for bringing

this motion to dismiss.[32]

**B.     *Defendant Ronald Franks' Arguments in Support of its Motion to Dismiss for Failure to Prosecute***

In its motion to dismiss for failure to prosecute, Defendant Ronald Franks argues that ten

other Plaintiffs have failed to provide signed and verified written discovery responses in

compliance with the Magistrate Judges' two discovery Orders. [33] Thus, Ronald Franks asserts that

these ten non-responsive Plaintiffs' claims should be dismissed with prejudice.[34] In particular,

Ronald Franks seeks to dismiss the claims of the following Plaintiffs for failure to prosecute:

(1) Redin Cantillano; (2) Humberto Castro; (3) Floriberto Coctecon; (4) Raul Estrada; (5) Luis

Juarez; (6) Bilander Lopez; (7) Juan Lopez; (8) Ruben Varela; (9) Oscar Bello; and (10)

Bernardino Castro.[35]

**C.     *Plaintiffs' Arguments in Opposition to the Motions to Dismiss***

In their partial opposition to both motions to dismiss for failure to prosecute, Plaintiffs

assert that they oppose Defendants Roy Anderson, Travelers, and Ronald Franks' two motions

"only to the extent the motions call for dismissals with prejudice."[36] Plaintiffs argue that dismissal

---

[31] *Id.* at 3–4.

[32] *Id.* at 5, 7.

[33] Rec. Doc. 186-1 at 1, 4.

[34] *Id*. at 4–5.

[35] *Id.* at 5.

[36] Rec. Doc. 195 at 1.

with prejudice is not warranted simply because the non-responsive Plaintiffs have been out of contact with Plaintiffs' counsel.[37] For example, Plaintiffs aver that the non-responsive Plaintiffs have been out of contact "for apparently personal reasons," such as changes in telephone numbers and travel to other parts of the country.[38] Plaintiffs contend that these non-responsive Plaintiffs' claims should not be dismissed with prejudice "without any opportunity to be heard."[39]

Moreover, Plaintiffs argue that dismissal with prejudice is not proper because their class has been conditionally certified by the Court, and thus these non-responsive Plaintiffs could join this action at a later time via the opt-in procedure.[40] According to Plaintiffs, it is "simply unjust to totally foreclose their right to recover simply because—for unknown reasons—they are unavailable at this time."[41] Thus, Plaintiffs assert that the non-responsive Plaintiffs' claims should only be dismissed without prejudice, and those Plaintiffs should be "given an opportunity to enforce their rights within the statutory delays allowed by law."[42]

### D.      *Defendant Ronald Franks' Arguments in Further Support of the Motion to Dismiss*

In its reply, Defendant Ronald Franks asserts that Plaintiffs' opposition to both motions to dismiss with prejudice was untimely filed on November 22, 2016, the day before the motions to

---

[37] *Id.*

[38] *Id.* at 1 & n.1.

[39] *Id.*

[40] *Id.* at 2.

[41] *Id.*

[42] *Id.*

dismiss were set for submission.[43] Thus, Ronald Franks argues that the Court should not consider Plaintiffs' opposition memorandum.[44]

Moreover, Ronald Franks contends that Plaintiffs' opposition is without merit, as Plaintiffs were warned twice that failure to respond to Defendants' interrogatories in a timely manner would result in dismissal of their complaints with prejudice.[45] According to Ronald Franks, Plaintiffs offered no explanation for the non-responsive Plaintiffs' failure to respond "beyond a simple conclusory statement that counsel for the plaintiffs has been unable to contact" them.[46] Finally, Ronald Franks points out that Defendants Roy Anderson and Travelers have moved to dismiss the claims of nine separate non-responsive Plaintiffs on the same grounds.[47] Ronald Franks avers that, upon further inspection, it has concluded that those nine Plaintiffs listed in Roy Anderson and Travelers' motion to dismiss also failed to comply with the two discovery Orders.[48] Thus, Ronald Franks adopts Roy Anderson and Travelers' motion to dismiss as its own, and requests that the claims of all 19 non-responsive Plaintiffs should be dismissed with prejudice.[49]

---

[43] Rec. Doc. 206 at 2.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 3.

[47] *Id.*

[48] *Id.* at 4.

[49] *Id.*

*E.*      *Defendants Roy Anderson and Travelers' Arguments in Further Support of the Motion to Dismiss*

In their reply, Defendants Roy Anderson and Travelers first contend that the Court should decline to consider Plaintiffs' opposition, as it was untimely.[50] Second, Roy Anderson and Travelers assert that even if the Court considers Plaintiffs' opposition, dismissal with prejudice of the non-responsive Plaintiffs' claims is proper.[51] Roy Anderson and Travelers aver that those Plaintiffs were warned twice by two Magistrate Judges that if they did not respond, then their claims could be dismissed with prejudice.[52] Moreover, according to Roy Anderson and Travelers, Plaintiffs' contention that they could not contact these particular Plaintiffs "is an unavailing excuse," as those Plaintiffs had a duty to prosecute their claims.[53] Roy Anderson and Travelers further argue that the opt-in period should not be used to "insulate these same individuals who have failed to respond" to the Magistrate Judges' direct Orders to respond to Defendants' interrogatories before the opt-in period even began.[54]

Finally, Roy Anderson and Travelers adopt the arguments made in Ronald Franks' separate motion to dismiss for failure to prosecute.[55] Roy Anderson and Travelers point out that Ronald Franks' motion seeks dismissal of ten different Plaintiffs for failure to provide the same verified, written discovery responses that Roy Anderson and Travelers' motion to dismiss is premised

---

[50] Rec. Doc. 208 at 1–2.

[51] *Id.* at 2.

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.* at 2–3 (citing Rec. Doc. 186).

upon.[56] Thus, Roy Anderson and Travelers argue that the claims of all 19 Plaintiffs should be dismissed with prejudice.[57]

### III. Law and Analysis

*A.      Legal Standard*

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), where an action is pending a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery . . . ." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[58] Possible sanctions are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[59] Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[60]

"Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[61] A clear record of delay is found where there have been "significant periods of total inactivity."[62] Dismissal with prejudice is

---

[56] *Id.* at 3.

[57] *Id.*

[58] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

[59] Fed. R. Civ. P. 37(b)(2)(A)(v).

[60] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[61] *Coane v. Ferrara Pan Candy Co*., 898 F.2d 1030, 1032 (5th Cir. 1990).

[62] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

a "draconian remedy, which the district court should impose only as a matter of last resort."[63] Thus, in addition to willfulness and a clear record of delay, several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) the violation of the discovery order must be attributable to the client instead of the attorney; (2) the violating party's misconduct must substantially prejudice the opposing party; and (3) a less drastic sanction would not substantially achieve the desired deterrent effect.[64]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[65] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[66] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim."[67] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[68]

---

[63] *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)).

[64] *Id.* (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

[65] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[66] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

[67] *Id.*

[68] *Id.*

## B.     *Analysis*

In their motions, Defendants Ronald Franks, Roy Anderson, and Travelers (collectively,

"Defendants") request that the claims of 19 Plaintiffs be dismissed with prejudice for failing to

submit separate responses to Defendants' joint interrogatories in violation of two discovery

Orders.[69] Plaintiffs partially oppose the motions to the extent that they request dismissal with

prejudice.[70] As a preliminary matter, Defendants assert that Plaintiffs' opposition was untimely

filed, and thus should not be considered.[71] The instant motions to dismiss were both set for

submission on November 23, 2016.[72] Pursuant to Local Rule 7.5, Plaintiffs' opposition was due

no later than November 15, 2016. Plaintiffs filed their opposition on November 22, 2016.[73] Thus,

their opposition is untimely. Although the Court is not required to consider untimely filings, the

Court finds that Defendants would not be prejudiced if the Court considers the Plaintiffs' limited

opposition with regard to the dismissal with prejudice of certain non-responsive Plaintiffs who

Plaintiffs' counsel could not contact, particularly when Defendants had the opportunity to file two

reply memoranda in response. Accordingly, the Court will consider Plaintiffs' partial opposition.

Here, it is undisputed that the 19 Plaintiffs identified in Defendants' motions to dismiss

failed to submit separate responses to Defendants' joint interrogatories in violation of two

discovery Orders.[74] Defendants argue that these non-responsive Plaintiffs' claims should be

---

[69] *See* Rec. Docs. 184, 186.

[70] Rec. Doc. 195 at 1.

[71] *See* Rec. Doc. 206 at 2; Rec. Doc. 208 at 1–2.

[72] Rec. Docs. 184, 186.

[73] Rec. Doc. 195.

[74] These 19 Plaintiffs are: (1) Esther Aguilar; (2) Claudia Armijo; (3) Alexa Hernandez; (4) Denis Monterrey; (5) Luis Juarez Murillo; (6) Jose Pineda; (7) Yolani Raudales; (8) Digna Torres; (9) Alan Vazquez; (10) Redin

dismissed with prejudice for failure to obey the two discovery Orders pursuant to Federal Rule of

Civil Procedure 37(b)(2)[75] or for failure to prosecute or comply with the court Orders under Federal

Rule of Civil Procedure 41(b).[76] Plaintiffs argue that dismissal with prejudice is not warranted

simply because the non-responsive Plaintiffs have been out of contact with Plaintiffs' counsel.[77]

For example, Plaintiffs aver that the non-responsive Plaintiffs have been out of contact "for

apparently personal reasons," such as changes in telephone numbers and travel to other parts of

the country.[78] Moreover, Plaintiffs argue that dismissal with prejudice is not proper because their

class has been conditionally certified by the Court, and thus these non-responsive Plaintiffs could

join this action at a later time via the opt-in procedure.[79]

Dismissal of a plaintiff's action with prejudice is a "remedy of last resort"[80] and is reserved

for situations where there is a clear record of contumacious and continuing discovery misconduct

or delay.[81] Here, it is undisputed that these 19 Plaintiffs failed to comply with two discovery Orders

---

Cantillano; (11) Humberto Castro; (12) Floriberto Coctecon; (13) Raul Estrada; (14) Luis Juarez; (15) Bilander Lopez; (16) Juan Lopez; (17) Ruben Varela; (18) Oscar Bello; and (19) Bernardino Castro.[74] *See* Rec. Doc. 184 at 3–4; Rec. Doc. 186 at 5.

[75] Rec. Doc. 118 at 1.

[76] *Id.*

[77] Rec. Doc. 195 at 1.

[78] *Id.* at 1 & n.1.

[79] *Id.* at 2.

[80] *Doe v. Am. Airlines*, 283 Fed. App'x 289, 291 (5th Cir. 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985).

[81] *See Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

when they failed to submit their separate responses to Defendants' joint interrogatories. However, the Court finds that Defendants have not demonstrated willful disobedience of the court Orders by these plaintiffs "accompanied by a clear record of delay or contumacious conduct"[82] such that the "draconian remedy"[83] of dismissal with prejudice would be warranted.[84]

Because dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim," it is an appropriate sanction only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[85] Here, the Court finds that dismissal without prejudice would serve the best interests of justice.[86] Thus, the claims of the 19 non-responsive Plaintiffs will be dismissed without prejudice.[87]

Finally, the Court notes that Defendants Roy Anderson and Travelers argue that, pursuant to Rule 37(b)(2)(C), the non-responsive Plaintiffs should be ordered to pay Roy Anderson and Travelers' reasonable attorneys' fees and costs for bringing their motion to dismiss.[88] Federal Rule

---

[82] *Coane v. Ferrara Pan Candy Co*., 898 F.2d 1030, 1032 (5th Cir. 1990).

[83] *Doe*, 283 F. App'x at 291 (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)).

[84] *See Arnold*, 2014 WL 3611842, at *1 (denying defendants' motion to dismiss with prejudice the claims of opt-in plaintiffs in a FLSA collective action who had failed to respond to discovery questionnaires in violation of the trial court's order).

[85] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011).

[86] *Accord Arnold*, 2014 WL 3611842, at *1–2. *Cf. Perrin v. Papa John's Intern., Inc.*, No. 09-01335, 2014 WL 4749547, at *3 (E.D. Mo. Sept. 24, 2014) (denying defendants' motion for dismissal with prejudice of opt-in plaintiffs in collective FLSA action where parties had agreed that defendants could seek discovery through discovery questionnaire).

[87] These 19 Plaintiffs are: (1) Esther Aguilar; (2) Claudia Armijo; (3) Alexa Hernandez; (4) Denis Monterrey; (5) Luis Juarez Murillo; (6) Jose Pineda; (7) Yolani Raudales; (8) Digna Torres; (9) Alan Vazquez; (10) Redin Cantillano; (11) Humberto Castro; (12) Floriberto Coctecon; (13) Raul Estrada; (14) Luis Juarez; (15) Bilander Lopez; (16) Juan Lopez; (17) Ruben Varela; (18) Oscar Bello; and (19) Bernardino Castro.[87] *See* Rec. Doc. 184 at 3–4; Rec. Doc. 186 at 5.

[88] *Id.* at 5, 7.

of Civil Procedure 37(b)(2)(C) provides that: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless the failure was substantially justified or other circumstances make an award of expenses unjust*."[89] The Fifth Circuit has determined that district courts have "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct."[90]

Here, in light of the circumstances of this case, the Court finds that an award of expenses against the 19 non-responsive Plaintiffs pursuant to Rule 37(b) would be unjust. As noted in Defendants' motions, Plaintiffs produced 109 pages of individual verified responses to Defendants' joint interrogatories in compliance with the Magistrate Judges' discovery Orders.[91] However, Plaintiffs' counsel was unable to contact the 19 additional non-responsive Plaintiffs by the deadlines established by the Magistrate Judges, and it is unclear whether those Plaintiffs were aware of the Magistrate Judges' Orders or have received sufficient notice of this motion requesting an award of reasonable attorneys' fees and costs from the 19 non-responsive Plaintiffs themselves.[92] Therefore, the Court finds that an award of expenses for failure to comply with the Magistrate Judges' discovery Orders would be unjust in this instance, and thus denies Defendants'

---

[89] Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

[90] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *see also American Airlines, Inc. v. Allied Pilots Ass'n,* 968 F.2d 523, 529 (5th Cir. 1992) ("The imposition of attorneys' fees as a sanction is reviewed for abuse of discretion.").

[91] *See* Rec. Doc. 186-1 at 3.

[92] *See* Rec. Doc. 195 (Plaintiffs averring that the non-responsive Plaintiffs have been out of contact with Plaintiffs' counsel for "apparently personal reasons" and have not had an "opportunity to be heard"); Rec. Doc. 184-1 (Defendants Roy Anderson and Travelers requesting that the Court "order the Non-Responsive Plaintiffs to pay [their] reasonable attorney's fees and costs associated in having to bring this Motion to Dismiss").

15

motion to the extent that it seeks an award of attorneys' fees and costs in addition to dismissal of the 19 non-responsive Plaintiffs' claims.[93]

## IV. Conclusion

Plaintiffs do not dispute that the 19 non-responsive Plaintiffs listed in Defendants' motions have failed to submit their separate responses to Defendants' interrogatories in violation of two of the Magistrate Judges' discovery Orders.[94] Therefore, the Court finds that dismissal without prejudice of the following Plaintiffs' claims would serve the best interests of justice: (1) Esther Aguilar; (2) Claudia Armijo; (3) Alexa Hernandez; (4) Denis Monterrey; (5) Luis Juarez Murillo; (6) Jose Pineda; (7) Yolani Raudales; (8) Digna Torres; (9) Alan Vazquez; (10) Redin Cantillano; (11) Humberto Castro; (12) Floriberto Coctecon; (13) Raul Estrada; (14) Luis Juarez; (15) Bilander Lopez; (16) Juan Lopez; (17) Ruben Varela; (18) Oscar Bello; and (19) Bernardino Castro. Moreover, the Court denies Defendants Roy Anderson and Travelers' request that the 19 non-responsive Plaintiffs be ordered to pay attorneys' fees pursuant to Rule 37(b), as the Court finds that the circumstances in this case make an award of expenses against the non-responsive Plaintiffs themselves unjust. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Roy Anderson and Travelers' "Motion to Dismiss for Failure to Prosecute"[95] and Defendant Ronald Franks' "Motion to Dismiss, with Prejudice, for Failure to Prosecute"[96] are **GRANTED IN PART** and **DENIED IN PART.**

---

[93] *See generally Lackey v. SDT Waste & Debris Servs.*, No. 11-1087, 2013 WL 5772325, at \*18 (E.D. La. Oct. 23, 2013) (Milazzo, J.) (finding that awarding attorneys' fees pursuant to Rule 37(b) in a FLSA action with 180 plaintiffs would be unjust, as "only a fraction of these individuals have ultimately been dismissed").

[94] *See* Rec. Doc. 118-1 at 3; Rec. Doc. 137 at 2.

[95] Rec. Doc. 184.

[96] Rec. Doc. 186.

**IT IS FURTHER ORDERED** that the motions are granted in part to the extent that the Court will dismiss *without* prejudice the claims of the following Plaintiffs: Esther Aguilar; Claudia Armijo; Alexa Hernandez; Denis Monterrey; Luis Juarez Murillo; Jose Pineda; Yolani Raudales; Digna Torres; Alan Vazquez; Redin Cantillano; Humberto Castro; Floriberto Coctecon; Raul Estrada; Luis Juarez; Bilander Lopez; Juan Lopez; Ruben Varela; Oscar Bello; and Bernardino Castro**.**

**IT IS FURTHER ORDERED** that the motions are denied in part to the extent that Defendants seek dismissal *with* prejudice of the 19 Plaintiffs listed in Defendants' motions.

**IT IS FURTHER ORDERED** that Defendants Roy Anderson and Travelers' "Motion to Dismiss for Failure to Prosecute"[97] is denied in part to the extent that Roy Anderson and Travelers request an award of attorneys' fees against the 19 non-responsive Plaintiffs, as such an award would be unjust.

**NEW ORLEANS, LOUISIANA**, this  2nd  day of June, 2017.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[97] Rec. Doc. 184.