# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY MURILLO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3641** |
| **CORYELL COUNTY TRADESMEN, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiffs and Counter-Defendants (hereinafter, "Plaintiffs"), approximately 160 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, allege that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Defendants and Counterclaimants Roy Anderson Corporation ("Roy Anderson") and Travelers Casualty and Surety Company of America ("Travelers") have asserted a counterclaim against Plaintiffs pursuant to Louisiana Revised Statute § 9:4833, in which they argue that Plaintiffs "improperly" filed laborers' liens and refused to cancel them after Roy Anderson and Travelers provided a written request to do so.[2] Pending before the Court is Plaintiffs' "Motion to Dismiss Roy Anderson Corp's and Travelers Casualty and Surety Company of America's Counterclaim."[3] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will deny the motion.

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 216 at 7.

[3] Rec. Doc. 239.

1

# I. Background

## A. *Factual Background*

This lawsuit arises from the renovation of a luxury hotel and apartment building in downtown New Orleans named "The Strand" at 225 Baronne Street ("the Project").[4] Plaintiffs allege that the mostly migrant workers who performed the renovation work were not paid minimum wages or overtime wages while working "grueling" 70-hour workweeks.[5] Plaintiffs further contend that their recorded hours were often "adjusted" to reflect shorter work periods so that Defendants Roy Anderson, Ronald Franks, Coryell County Tradesmen ("CCT"), CC Labor, LLC ("CC Labor"), Paul Isaacks, Brandon Isaacks, and Brent Isaacks could pay them less.[6]

Defendants CCT and CC Labor are alleged to be two family-run construction companies owned by Defendants Paul Isaacks, Brandon Isaacks, and Brent Isaacks.[7] Defendant Roy Anderson is alleged to be one of the general contractors that employed Plaintiffs, and Ronald Franks and CCT were two of the subcontractors on the Project.[8] Defendant Travelers is alleged to have contracted to pay the obligations of Roy Anderson with respect to the work done on the construction project at issue in this case.[9]

---

[4] Rec. Doc. 48 at 3.

[5] *Id.* at 3–4.

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.* at 5–6.

[9] *Id.* at 6–7.

### B. *Procedural Background*

Plaintiffs Nancy Murillo, Evelyn Mejia, Ambrocio Benito Castro, and Mechlor Acevedo filed a complaint on August 19, 2015, against Defendants CCT, CC Labor, Brandon Isaacks, Brent Isaacks, and Paul Isaacks.[10] From November 12, 2015, to November 17, 2015, Plaintiffs filed 146 individual laborers' liens on the Project for the amounts alleged owed for their labor.[11] With leave of Court, on February 18, 2016, Plaintiffs filed an amended complaint, adding additional plaintiffs and adding Ronald Franks, Roy Anderson, and Travelers as Defendants.[12] Plaintiffs filed a second amended complaint, with leave of Court, on May 13, 2016.[13]

On July 12, 2016, Roy Anderson filed an answer to Plaintiffs' complaint and a crossclaim and third-party demand against Defendant Ronald Franks and Third-Party Defendant National American Insurance Company ("NAIC"), respectively.[14] On December 8, 2016, Roy Anderson and Travelers filed a counterclaim against Plaintiffs.[15]

On January 17, 2017, Plaintiffs filed the instant motion.[16] On February 21, 2017, Roy Anderson and Travelers filed an opposition.[17] On March 3, 2017, with leave of Court, Plaintiffs

---

[10] Rec. Doc. 1.

[11] *See* Rec. Doc. 241 at 2.

[12] Rec. Doc. 19.

[13] Rec. Doc. 48.

[14] Rec. Doc. 92 at 15.

[15] Rec. Doc. 216.

[16] Rec. Doc. 239.

[17] Rec. Doc. 241.

filed a reply.[18]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Dismiss*

In their motion, Plaintiffs aver that Defendant and Counterclaimant Roy Anderson, as the general contractor for the Project, is liable to Plaintiffs for unpaid work performed on the Project via laborers' liens filed by Plaintiffs pursuant to the Louisiana Private Works Act ("PWA").[19] Plaintiffs contend that after the work on the Project was completed, they timely filed laborers' liens for their uncompensated labor.[20]

Plaintiffs assert that Roy Anderson and Travelers' counterclaim is brought pursuant to Louisiana Revised Statute § 9:4833, which allows "interested persons" to recover damages and attorneys' fees from lienholders whose liens are "improperly" filed.[21] However, Plaintiffs argue that Roy Anderson and Travelers failed to allege sufficient facts to demonstrate that Plaintiffs' liens were filed "improperly."[22] According to Plaintiffs, Louisiana Revised Statute § 9:4822(G) sets out the requirements for properly filing a laborers' liens:

> G. A statement of a claim or privilege:
> (1) Shall be in writing.
> (2) Shall be signed by the person asserting the same or his representative.
> (3) Shall reasonably identify the immovable with respect to which the work was

---

[18] Rec. Doc. 248.

[19] Rec. Doc. 239-1 at 1.

[20] *Id.* at 2.

[21] *Id.* at 2–3.

[22] *Id.* at 3.

4

performed or movables or services were supplied or rendered and the owner thereof.

(4) Shall set forth the amount and nature of the obligation giving rise to the claim or privilege and reasonably itemize the elements comprising it including the person for whom or to whom the contract was performed, material supplied, or services rendered. The provisions of this Paragraph shall not require a claimant to attach copies of unpaid invoices unless the statement of claim or privilege specifically states that the invoices are attached.

In particular, Plaintiffs point out that Roy Anderson and Travelers argue that Plaintiffs' liens were "improperly" filed under Section 9:4822(G)(4), as the lien amounts claimed by Plaintiffs are allegedly "vaguely supported with no reasonable indication of how the amount was calculated."[23] However, Plaintiffs point out that Louisiana law only requires lienholders to "set forth the amount and nature" of their lien and "reasonably itemize the elements comprising it . . . ."[24] Thus, Plaintiffs argue that their liens are "valid on their face."[25] Because Roy Anderson and Travelers failed to allege any facts that are actionable under Sections 4833 and 4822, Plaintiffs aver, their counterclaim must be dismissed.[26]

Plaintiffs assert that, in support of their counterclaim, Roy Anderson and Travelers allege that the lien amounts claimed by Plaintiffs are much higher than what Plaintiffs stated they were owed in their discovery responses.[27] Plaintiffs argue that this is inaccurate, as Plaintiffs contend that Defendants asked for an itemization of the hours worked by Plaintiffs that they were not paid

---

[23] *Id.*

[24] *Id.*

[25] *Id.* at 5.

[26] *Id.* at 4.

[27] *Id.*

5

for and Plaintiffs provided Defendant CCT's payroll documentation in response.[28] Plaintiffs assert that this payroll documentation does not account for Plaintiffs' additional claims in their lien amounts for: (1) time waiting to clock in and clock out each day; and (2) time that was "systematically shaved off of each Plaintiff's paycheck each week."[29] Moreover, Plaintiffs argue that Roy Anderson and Travelers have not pointed to any statute or case law that allows for terminating a lien because there is a difference between the lien amount and the amount ultimately owed.[30] Rather, Plaintiffs assert that the PWA was designed to address such disputes over amounts owed to laborers.[31] In sum, Plaintiffs contend that because a dispute as to the amount of the lien does not establish a cause of action under Louisiana Revised Statute § 9:4833, Roy Anderson and Travelers' request for declaratory relief, damages, and attorneys' fees pursuant to Louisiana Revised Statute § 9:4833 must be dismissed.[32]

### B.   *Roy Anderson and Travelers' Arguments in Opposition to the Motion to Dismiss*

In opposition, Roy Anderson and Travelers state that 146 of the Plaintiffs have filed individual laborers' liens on the Project for a total value of $2,362,693.[33] By contrast, Roy Anderson and Travelers aver that Plaintiffs claimed in their discovery responses that they were

---

[28] *Id.*

[29] *Id.*

[30] *Id.* at 5.

[31] *Id.*

[32] *Id.*

[33] Rec. Doc. 241 at 2.

only owed $245,892.86, *i.e.* $2,116,800.14 less than the amounts claimed in the laborers' liens.[34]

Roy Anderson and Travelers assert that they have sufficiently alleged a claim under Louisiana Revised Statute § 9:4833.[35] According to Roy Anderson and Travelers, an owner or interested party may demand in writing that a person who has improperly filed a lien must cancel the lien and, if the person fails to do so after ten days, then he is liable for damages and attorneys' fees.[36] Here, Roy Anderson and Travelers argue that it is undisputed that they are "interested parties" under Section 9:4833, as Roy Anderson was the design-builder for the Project and Travelers issued the lien bond that cleared the Project's title after Plaintiffs filed their laborers' liens.[37] Roy Anderson and Travelers also contend that they sufficiently alleged that the laborers' liens are improper, because: (1) the amounts listed in each are "vaguely supported without any reasonable indication of how its amount was calculated;" and (2) "because there is a direct contradiction between two sworn statements that each of the Plaintiffs recording the Labor Liens made."[38] Additionally, Roy Anderson and Travelers aver that they alleged that this discrepancy between the two numbers claimed demonstrate that the liens are "without reasonable cause for believing [they were] valid in the hope that economic pressure may be placed upon the owner or contractor to extract a settlement or other payment as the price of a release."[39]

---

[34] *Id.*

[35] *Id.* at 4.

[36] *Id.*

[37] *Id.* at 5.

[38] *Id.*

[39] *Id.* at 5–6.

Thus, Roy Anderson and Travelers contend that they have made sufficient allegations to state a claim under Louisiana Revised Statute § 9:4833, as they only need to show that the liens were filed without reasonable cause.[40] Roy Anderson and Travelers further argue Louisiana Revised Statute § 9:4822 does not govern the analysis here as Plaintiffs contend, and therefore their counterclaim does not need to "track" the language and requirements of Section 9:4822(G) in order to state a claim under Section 9:4833.[41] Roy Anderson and Travelers point out that the comments to Louisiana Revised Statute § 9:4833 make clear that the statute is "designed to discourage the filing of a claim that is clearly unjustified, late, or otherwise made without reasonable cause for believing that it is valid . . . ."[42]

## C. *Plaintiffs' Arguments in Further Support of the Motion to Dismiss*

In their reply, Plaintiffs assert that Roy Anderson and Travelers' argument that whether Plaintiffs' liens are "improper" is determined under Louisiana Revised Statute § 9:4833 and not Louisiana Revised Statute § 9:4822 is the "exact opposite of the argument that they advocated (and won) only months ago in another dispute pertaining to the 225 Baronne Street jobsite" in Louisiana state court.[43] According to Plaintiffs, in another case, Roy Anderson argued to the Louisiana Fourth Circuit Court of Appeal that only Section 9:4822 is relevant to a lien's validity, and not Section

---

[40] *Id.* at 6.

[41] *Id.*

[42] *Id.* at 7.

[43] Rec. Doc. 248 at 1 (citing *225 Baronne Complex, L.L.C. v. Roy Anderson Corporation*, 2016-0492 (La. App. 4 Cir. 12/14/16), — So. 3d —, 2016 WL 7238975).

8

9:4833, and the appeals court agreed.[44] Plaintiffs assert that all of the requirements of Section 9:4822 are met by their liens, and because Roy Anderson and Travelers failed to plead otherwise, their counterclaim should be dismissed.[45]

Moreover, Plaintiffs argue that, because Roy Anderson and Travelers failed to adequately plead that Plaintiffs' liens are invalid, they can only plead that the liens should still be cancelled if they allege that the lienholders are owed no money.[46] According to Plaintiffs, the Fifth Circuit has made clear that under Louisiana law, "a refusal to cancel a lien is not unreasonable where, as here, there is a sum of money owed to the lienholder."[47] Plaintiffs aver that Roy Anderson and Travelers failed to make such an allegation in their counterclaim, and instead argue that the *difference* in the sum of money claimed on the liens and in the discovery responses support their counterclaim.[48]

In sum, Plaintiffs allege that they have "reasonable cause" to believe the liens are valid under Louisiana Revised Statute § 9:4833, because: (1) Plaintiffs are owed money for unpaid overtime wages; and (2) the liens are facially valid and comply with the requirements of Louisiana Revised Statute § 9:4822.[49]

---

[44] *Id.*

[45] *Id.* at 1–2.

[46] *Id.* at 2.

[47] *Id.* (citing *Pipes v. Dyna Ten Corp.*, 389 F. 3d 488, 491 (5th Cir. 2004)).

[48] *Id.*

[49] *Id.* at 3.

## III. Law and Analysis

### A. *Legal Standard on a Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[50] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[51] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[52] "Factual allegations must be enough to raise a right to relief above the speculative level."[53] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[54]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[55] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[56] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[57] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[50] Fed. R. Civ. P. 12(b)(6).

[51] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[53] *Twombly*, 550 U.S. at 556.

[54] *Id.* at 570.

[55] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[56] *Iqbal*, 556 U.S. at 677–78.

[57] *Id.* at 679.

statements" will not suffice.[58] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[59] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[60] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[61] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[62]

### B. *Analysis*

In their counterclaim brought under Louisiana Revised Statute § 9:4833, Roy Anderson and Travelers allege that the 138 liens filed individually by Plaintiffs against the Project are improper because they failed to comply with Louisiana Revised Statute § 9:4822(G)(4).[63] In particular, Roy Anderson and Travelers argue that the liens were improperly filed because "the respective amount listed in each [lien] is vaguely supported with no reasonable indication of how

---

[58] *Id.* at 678.

[59] *Id.*

[60] *Id.*

[61] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[62] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[63] Rec. Doc. 216 at 2, 7.

the amount was calculated."[64] Moreover, Roy Anderson and Travelers allege that in their sworn answers to Defendants' interrogatories, each Plaintiff admitted that the outstanding amount owed for unpaid overtime is "significantly less than the amount listed" in the individual liens, and that each Plaintiff is unable to quantify the precise amount that he or she is owed for the work performed on the Project.[65]

Roy Anderson and Travelers also provide in their counterclaim a chart comparing the amounts that each Plaintiff listed in their liens against the amounts verified in discovery.[66] For example, Roy Anderson and Travelers aver that Plaintiff Melchor Acevedo represented in his lien that he is owed $23,040, while his sworn response to Defendants' interrogatories indicate he is only owed $1,740.[67] In sum, Roy Anderson and Travelers assert that Plaintiffs collectively represented in their liens that they are owed $2,362,693, while they collectively admitted in discovery to only being owed $245,892.86, which is a difference of $2,116,800.14.[68] Roy Anderson and Travelers contend in their counterclaim that the PWA only allows for liens to secure a claim for payment on the principal amount of the price of the work performed by Plaintiffs on the Project, as well as interest and filing fees.[69] According to Roy Anderson and Travelers' counterclaim, the lien amounts cannot include penalties, liquidated damages, attorneys' fees, or

---

[64] *Id.* at 7.

[65] *Id.*

[66] *Id.* at 8–13.

[67] *Id.* at 8.

[68] *Id.* at 8, 15.

[69] *Id.* at 14.

"any other amount that the Lien Plaintiffs use to qualify the amounts identified in their Verified Responses."[70]

Furthermore, Roy Anderson and Travelers allege that they sent a formal written demand to Plaintiffs to remove the "improper and inflated" liens, but that Plaintiffs, "without reasonable cause," refused to do so.[71] In sum, Roy Anderson and Travelers argue that Plaintiffs filed the labor liens "without reasonable cause for believing it is valid in the hope that economic pressure may be placed upon the owner or contractor to extract a settlement or other payment as the price of a release."[72]

In relevant part, the Louisiana Private Works Act grants a claim to laborers of a contractor or subcontractor on immovable property to secure payment for the price of the work performed on that immovable property.[73] To preserve his or her claim, the laborer must file a statement of claim or privilege with the recorder of mortgages within either 30 or 60 days after the substantial completion of the work or the filing a notice of termination, depending on whether a notice of contract was filed.[74]

Louisiana Revised Statute § 9:4822 provides the mechanism for filing liens through which a laborer may preserve the claim or privilege granted to him or her by the PWA. In particular,

---

[70] *Id.*

[71] *Id.*

[72] *Id.* at 15 (citing La. Rev. Stat. § 9:4833, cmt. (a)).

[73] *See* La. Rev. Stat. § 9:4802; La. Prac. Employment Law § 4:30; *see also First Thrift & Loan, L.L.C. v. Griffin*, 41,666 (La. App. 2 Cir. 3/14/07); 954 So. 2d 269, 271.

[74] *See* La. Rev. Stat. § 9:4822(A); La. Prac. Employment Law § 4:30.

Section 9:4822(G) mandates that the statement of privilege or claim, *i.e.* the lien, must: (1) be in writing; (2) signed; (3) "reasonably identify the immovable with respect to which the work was performed or movables or services were supplied or rendered and the owner thereof;" and (4) "*set forth the amount and nature of the obligation giving rise to the claim or privilege* and *reasonably itemize the elements comprising it* including the person for whom or to whom the contract was performed, material supplied, or services rendered."[75]

Roy Anderson and Travelers assert their counterclaim for failure to cancel an allegedly improper lien under Louisiana Revised Statute § 9:4833. Section 9:4833(A) provides that if a statement of claim or privilege is "improperly filed" or is later extinguished, an owner or "other interested person" may require the person who filed the statement to give a written request for cancellation directing the recorder of mortgages to cancel the statement of claim or privileges from his records.[76] Section 9:4833(A) further provides that the lienholder's request for cancellation must be delivered within ten days after the owner or other interested person requested it.[77] Pursuant to Louisiana Revised Statute § 9:4833(B), a lienholder who, "without reasonable cause," fails to cancel the lien is liable for damages suffered by the owner or person requesting the cancellation as well as attorneys' fees.

In their Rule 12(b)(6) motion to dismiss, Plaintiffs argue that Roy Anderson and Travelers have failed to state a claim under Louisiana Revised Statute § 9:4833 because they have not

---

[75] La. Rev. Stat. § 9:4822(G) (emphasis added); *see Bradley Elec. Servs., Inc. v. 2601, L.L.C.*, 2011-0627 (La. App. 4 Cir. 12/14/11); 82 So. 3d 1242, 1243.

[76] La. Rev. Stat. § 9:48233(A).

[77] *Id.*

sufficiently alleged that Plaintiffs' laborers' liens, *i.e.* their statements of claim or privilege, were "improperly filed."[78] Plaintiffs assert that Roy Anderson and Travelers' allegation in their counterclaim that the amounts requested in the liens are "vaguely supported with no reasonable indication of how the amount was calculated" is not a cognizable basis to cancel a lien, as Section 9:4822(G)(4) only requires that the lienholder "set forth the amount and nature" of the obligation due and "reasonably itemize the elements comprising it."[79] Plaintiffs also argue that Roy Anderson and Travelers mischaracterize Plaintiffs' discovery responses, which Plaintiffs aver only included information from the incomplete payroll documentation provided by Defendant CCT.[80]

As an initial matter, the Court notes that it is well established that, in considering a motion to dismiss pursuant to Rule 12(b)(6), a district court may not "go outside the complaint."[81] Thus, the Court cannot consider Plaintiffs' extrinsic evidence and explanations regarding why their discovery responses on the amounts owed are lower than the amounts listed in the liens, as doing so would require the Court to go beyond the pleadings on a motion to dismiss. The Court also notes that while Roy Anderson and Travelers appear to assert in their opposition memorandum that Section 9:4822 does not control the analysis here,[82] Roy Anderson and Travelers' counterclaim only alleges that Plaintiffs' liens fail to comply with Section 9:4822(G)(4)'s

---

[78] Rec. Doc. 239-1 at 2–3.

[79] *Id.* at 3.

[80] *Id.* at 4.

[81] *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009); *Carter v. Target Corp.*, 541 F. App'x. 413, 416–17 (5th Cir. 2013); *Mabile v. BP, p.l.c.*, No. 11-1783, 2016 WL 5231839, at *16 (E.D. La. Sept. 22, 2016) (Brown, J.).

[82] Rec. Doc. 241 at 6.

15

requirement for setting forth the amount of the obligation in the lien.[83] Accordingly, the Court will proceed to consider whether Roy Anderson and Travelers have failed to state a claim under Louisiana Revised Statute § 9:4833 based on the allegations in the counterclaim.

Here, the Court finds that, liberally construing the counterclaim in Roy Anderson and Travelers' favor and accepting all well-pleaded facts as true,[84] Roy Anderson and Travelers have alleged sufficient facts in support of their claim under Louisiana Revised Statute § 9:4833 to survive a motion to dismiss. As stated *supra*, Section 9:4822(G)(4) requires that the lienholder "set forth the amount and nature of the obligation" due and "reasonably itemize the elements comprising it."[85] Louisiana courts have consistently held that the Private Works Act is in derogation of general contract law and must be strictly construed,[86] and therefore liens filed pursuant to the PWA must also "be strictly construed in favor of the owner and against the claimant."[87] Here, Roy Anderson and Travelers have plausibly alleged in their counterclaim that Plaintiffs failed to "set forth the amount . . . of the obligation" by listing amounts that were substantially inaccurate or not due from Roy Anderson and Travelers.[88] Indeed, in response to

---

[83] Rec. Doc. 216 at 7.

[84] *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007)

[85] La. Rev. Stat. § 9:4822(G)(4).

[86] *Hibernia Nat. Bank v. Belleville Historic Dev., L.L.C.*, 2001-0657 (La. App. 4 Cir. 3/27/02); 815 So. 2d 301, 305–06; *see also Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 2012-1731 (La. App. 4 Cir. 10/23/13); 126 So. 3d 732, 740 (quoting *Hughes v. Will*, 35 So. 2d 241, 245 (La. App. Orleans 1948)).

[87] *Byron Montz, Inc. v. Conco Const., Inc.*, 2002-0195 (La. App. 4 Cir. 7/24/02); 824 So. 2d 498, 503.

[88] Rec. Doc. 216 at 7–8.

Plaintiffs' assertion in the instant motion that it is "essentially undisputed" that they were not paid overtime,[89] Roy Anderson and Travelers point out in their opposition that this is "wholly incorrect" and that they "completely dispute that claim," as Roy Anderson argues it did, in fact, pay overtime and that this is the "key question" in this litigation.[90] Here, Defendants have plausibly alleged that Plaintiffs' liens were "improperly" filed because they are inaccurate or not due from Roy Anderson and Travelers, and therefore failed to "set forth the amount and nature of the obligation" due and "reasonably itemize the elements comprising it" as required by Section 9:4822.[91]

Several Louisiana state courts have recognized that a lien is "improperly" filed when the amounts listed are inaccurate or not due to the plaintiff. For example, in *Grover v. Carter*, the Louisiana Fifth Circuit Court of Appeal concluded that including in a lien an additional $40 charge for a load of sand that was delivered to a different job site and that the plaintiff knew was not recoverable against the defendant was improper.[92] The court noted that the plaintiff "should have reduced the amount of the lien upon receiving Carter's request to cancel it," and his refusal to do so makes him liable for damages.[93] Likewise, in *Tee It Up Golf, Inc. v. Bayou State Construction, L.L.C.*, the Louisiana Third Circuit Court of Appeal considered whether two liens filed on two different properties that listed the exact same amount of $180,762.59 were improper.[94] The court

---

[89] Rec. Doc. 239-1 at 2.

[90] Rec. Doc. 241 at 3.

[91] *Id.*

[92] 498 So. 2d 132, 134 (La. App. 5 Cir. 1986).

[93] *Id.*

[94] 2009-855 (La. App. 3 Cir. 2/10/10); 30 So. 3d 1159, 1162.

held that simply inserting "a lump sum amount cannot meet the statutory requirement to set forth the amount and nature of the claim giving rise to the privilege against each property," as it was "impossible to know how much the reasonable amount is for the" two separate claims on each property.[95] Similarly, in *Rogers v. Hooter*, the Louisiana Third Circuit Court of Appeal remarked that, although it was clear that the plaintiff was owed at least some compensation for his labor and services, the lower court correctly cancelled the lien when the court was unable to determine from the record how the plaintiff arrived at the sum of $45,119.[96]

Indeed, Louisiana courts routinely note that the comments of Louisiana Revised Statute § 9:4822 state that the "purpose of a statement of claim or privilege is to give notice to the owner (and contractor) of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property."[97] Moreover, the comments of Louisiana Revised Statute § 9:4833 state that the statute "is designed to discourage the filing of a claim that is clearly unjustified, late, or *otherwise made without reasonable cause for believing it is valid* in the hope that economic pressure may be placed upon the owner or contractor to extract a settlement or other

---

[95] *Id.*

[96] 2016-969 (La. App. 3 Cir. 4/5/17); 215 So. 3d 979, 981–82. *See also Bradley Electrical Services., Inc. v. 2601, L.L.C.*, 2011-0627 (La. App. 4 Cir. 12/14/11); 82 So. 3d 1242, 1244 (determining that a lien which demanded an "unpaid balance" of $195,280.14 for "services rendered" failed to provide sufficiently specific information regarding the debt, as a "lump sum with no supporting description is more than a technical defect"); *LaMoyne-Clegg Development Corporation v. Bonfanti-Fackrell, Ltd.*, 509 So. 2d 43, 46 (La. App. 1 Cir. 1987) (determining that a lien was improperly filed because it claimed that $252,092.78 was due when, under the express terms of the parties' contract, that amount was not yet due at the time the lien was filed).

[97] La. Rev. Stat. § 9:4822, cmt. (g). *see, e.g. Bradley Electrical Services., Inc.*, 82 So. 3d at 1244 (noting that the requirements of the statute need to be balanced with the legislative intent of the statute); *Hibernia Nat. Bank v. Belleville Historic Dev., L.L.C.*, 2001-0657 (La. App. 4 Cir. 3/27/02); 815 So. 2d 301, 306 (concluding that that the trial court ignored the purpose of filing a lien affidavit when it cancelled the lien for technical defects).

payment as the price of a release."[98] Here, Roy Anderson and Travelers have plausibly alleged that Plaintiffs' liens were filed "without reasonable cause for believing" they are valid.[99]

The Court notes that Plaintiffs cite to *Pipes v. Dyna Ten Corporation*, where the Fifth Circuit held that "Louisiana law is clear: a refusal to cancel a lien is not unreasonable where, as here, there is a sum of money owed to the lienholder."[100] However, that case involved a motion for summary judgment, not a motion to dismiss.[101] Moreover, the Fifth Circuit affirmed the lower court's finding that there were technical defects in the liens, but that because the defendants did not dispute that they owed *some* amount to the plaintiff, the plaintiff's refusal to cancel the lien was not "unreasonable," and thus the defendants were not entitled to damages under Louisiana Revised Statute § 4833.[102] Here, however, Roy Anderson and Travelers "completely dispute" the assertion that Plaintiffs were not paid overtime, and instead allege that Roy Anderson did, in fact, pay overtime.[103]

Therefore, the Court concludes that Roy Anderson and Travelers have alleged sufficient facts to state a counterclaim pursuant to Louisiana Revised Statute § 9:4833. Roy Anderson and Travelers have plausibly alleged that Plaintiffs refused to cancel "improperly" filed liens after Roy Anderson and Travelers delivered their written request for cancellation. Moreover, liberally

---

[98] La. Rev. Stat. § 9:4833, cmt. (a) (emphasis added).

[99] Rec. Doc. 216 at 15.

[100] Rec. Doc. 248 at 2 (quoting *Pipes v. Dyna Ten Corp.*, 389 F.3d 488, 490 (5th Cir. 2004)).

[101] *Pipes*, 389 F.3d at 490.

[102] *Id.*

[103] Rec. Doc. 241 at 3.

19

construing the complaint and accepting all well-pleaded facts as true, Roy Anderson and Travelers have also alleged sufficient facts to show that Plaintiffs' liens were "improperly" filed because they failed to "set forth the amount and nature of the obligation" due and "reasonably itemize the elements comprising it" when they allegedly listed amounts that were inaccurate or not due.[104] Accordingly, the Court hereby denies Plaintiffs' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure.

### IV. Conclusion

Based on the foregoing, the Court concludes that Roy Anderson and Travelers have alleged sufficient facts to state a counterclaim pursuant to Louisiana Revised Statute § 9:4833. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Dismiss Roy Anderson Corp's and Travelers Casualty and Surety Company of America's Counterclaim"[105] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this 23rd day of June, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[104] La. Rev. Stat. § 9:4822(G)(4).

[105] Rec. Doc. 239.