# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

NANCY MURILLO, et al.                             CIVIL ACTION

VERSUS                                            NO. 15-3641

CORYELL COUNTY TRADESMEN, LLC, et al.            SECTION: "G"(1)

## ORDER

In this litigation, Plaintiffs, approximately 160 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, allege that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Plaintiffs further allege that Defendants Roy Anderson Corporation ("Roy Anderson") and Travelers Casualty and Surety Company of America ("Travelers") are liable pursuant to the Louisiana Private Works Act ("PWA") via laborers' liens filed by Plaintiffs for the same failure to compensate Plaintiffs for the labor they provided.[2] Pending before the Court is Defendant Travelers' "Motion to Dismiss for Lack of Subject Matter Jurisdiction."[3] Having considered the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will deny the motion.

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 48 at 11.

[3] Rec. Doc. 253.

## I. Background

### A.    *Factual Background*

Plaintiffs allege that this lawsuit arises from the renovation of a luxury hotel and apartment building in downtown New Orleans named "The Strand" at 225 Baronne Street ("the Project").[4] They allege that the mostly migrant workers who performed the renovation work were not paid minimum wages or overtime wages while working "grueling" 70-hour workweeks.[5] Plaintiffs further contend that their recorded hours were often "adjusted" to reflect shorter work periods so that Defendants Roy Anderson, Ronald Franks, Coryell County Tradesmen ("CCT"), CC Labor, LLC ("CC Labor"), Paul Isaacks, Brandon Isaacks, and Brent Isaacks could pay them less.[6]

Defendants CCT and CC Labor are alleged to be two family-run construction companies owned by Defendants Paul Isaacks, Brandon Isaacks, and Brent Isaacks.[7] Defendant Roy Anderson is alleged to be one of the general contractors that employed Plaintiffs, and Ronald Franks and CCT were two of the subcontractors on the Project.[8] Defendant Travelers is alleged to have contracted to pay the obligations of Roy Anderson with respect to the work done on the construction project at issue in this case.[9]

---

[4] Rec. Doc. 48 at 3.

[5] *Id.* at 3–4.

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.* at 5–6.

[9] *Id.* at 6–7.

### B. *Procedural Background*

Plaintiffs Nancy Murillo, Evelyn Mejia, Ambrocio Benito Castro, and Mechlor Acevedo filed a complaint on August 19, 2015, against Defendants CCT, CC Labor, Brandon Isaacks, Brent Isaacks, and Paul Isaacks.[10] From November 12, 2015, to November 17, 2015, Plaintiffs filed 146 individual laborers' liens on the Project for the amounts allegedly owed for their labor.[11] With leave of Court, on February 18, 2016, Plaintiffs filed an amended complaint, adding additional plaintiffs and adding Ronald Franks, Roy Anderson, and Travelers as Defendants.[12] Plaintiffs filed a second amended complaint, with leave of Court, on May 13, 2016.[13]

On July 12, 2016, Roy Anderson filed an answer to Plaintiffs' complaint and a crossclaim and third-party demand against Defendant Ronald Franks and Third-Party Defendant National American Insurance Company ("NAIC"), respectively.[14] On December 8, 2016, Roy Anderson and Travelers filed a counterclaim against Plaintiffs.[15]

On April 10, 2017, Travelers filed the instant motion.[16] On May 2, 2017, Plaintiffs filed an

---

[10] Rec. Doc. 1.

[11] *See* Rec. Doc. 241 at 2.

[12] Rec. Doc. 19.

[13] Rec. Doc. 48.

[14] Rec. Doc. 92 at 15.

[15] Rec. Doc. 216.

[16] Rec. Doc. 253.

opposition.[17] On May 12, 2017, with leave of Court, Plaintiffs filed a reply.[18]

## II. Parties' Arguments

### A.    *Travelers' Arguments in Support of the Motion to Dismiss*

In its motion to dismiss for lack of subject matter jurisdiction, Travelers contends that its only connection to this lawsuit is the fact that it issued lien bonds on behalf of Defendant Roy Anderson "to bond off" the 146 individual liens filed by Plaintiffs and "clear title to the Project."[19] Nonetheless, Travelers avers that in Plaintiffs' second amended complaint, Plaintiffs named Travelers as a Defendant and sought to enforce the liens against Travelers under the Louisiana Private Works Act pursuant to this Court's supplemental jurisdiction.[20] Travelers contends that on September 20, 2016, this Court noted that Plaintiffs did not allege that Travelers was Plaintiffs' employers for purposes of FLSA, and therefore denied conditional certification under FLSA against Travelers.[21] Thus, Travelers asserts that Plaintiffs' state law PWA claim is the only claim against Travelers.[22]

Travelers argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims against Travelers.[23] First, Travelers asserts that none of the liens filed by each Plaintiff exceed

---

[17] Rec. Doc. 271.

[18] Rec. Doc. 291.

[19] Rec. Doc. 253-1 at 2.

[20] *Id.*

[21] *Id.* at 2–3 (citing Rec. Doc. 159 at 26).

[22] *Id.*

[23] *Id.* at 3.

4

$75,000 such that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met.[24] Second, Travelers argues that Plaintiffs cannot aggregate the individual lien claims to meet the amount in controversy requirement.[25] Travelers avers that each lien is a separate and independent claim for a specific amount that is not dependent on the amounts claimed by the other Plaintiffs, and therefore Plaintiffs cannot aggregate the value of their independent claims to create subject matter jurisdiction against Travelers.[26] Thus, Travelers contends that Plaintiffs have not established that there is diversity jurisdiction over Plaintiffs' individual state law claims to enforce the liens against Travelers.[27]

Third, Travelers asserts that this Court should decline to exercise supplemental jurisdiction because Plaintiffs have only asserted state law claims against Travelers that do not implicate any federal law issues.[28] Moreover, Travelers represents that there are no state law claims against any other Defendant in this case besides Travelers.[29] Rather, Travelers avers that Plaintiffs' claims against all other Defendants arise out of the FLSA.[30] Therefore, Travelers argues that exercising supplemental jurisdiction here would raise practical concerns at trial, as FLSA allows for representative testimony to be introduced to prove Plaintiffs' collective action whereas the PWA

---

[24] *Id.*

[25] *Id.* at 3.

[26] *Id.* at 6.

[27] *Id.* at 4.

[28] *Id.* at 3.

[29] *Id.* at 8.

[30] *Id.*

does not.[31] In other words, Travelers contends that exercising supplemental jurisdiction would undermine the intended efficiency of a FLSA collective action by requiring the testimony and evidence of each of the 146 Plaintiffs to prove the validity of their individual liens.[32] Moreover, Travelers argues that the facts relevant to Plaintiffs' PWA claims, such as facts regarding Plaintiffs' liens, are independent of the employment relationship facts that support Plaintiffs' FLSA claims.[33] In sum, Travelers asserts that the relevant considerations weigh against exercising supplemental jurisdiction over Plaintiffs' state law claims against Travelers.[34]

**B.    *Plaintiffs' Arguments in Opposition to the Motion to Dismiss***

In opposition, Plaintiffs argue that this Court has supplemental jurisdiction over Plaintiffs' claims against Travelers and should continue to exercise it at this late stage in litigation.[35] Plaintiffs contend that there is no dispute that this Court has federal question jurisdiction over Plaintiffs' FLSA claims.[36] Plaintiffs state that their liens were filed to recover their unpaid wages, and that, pursuant to the PWA, Plaintiffs have filed a lawsuit to collect on the liens.[37]

According to Plaintiffs, all the discretionary factors weigh in favor of exercising

---

[31] *Id.*

[32] *Id.* at 8–9.

[33] *Id.* at 9.

[34] *Id.*

[35] Rec. Doc. 271 at 1–2.

[36] *Id.* at 2.

[37] *Id.* at 4.

supplemental jurisdiction here.[38] Plaintiffs assert that their lien claims and their unpaid, FLSA-mandated wage claims arise out of the same set of operative facts, *e.g.*, that Plaintiffs performed work on the Project and are owed overtime and regular wages for that work.[39] Plaintiffs also contend that this case has been "contentiously litigated" in federal court since 2015 and has an impending trial date.[40] Plaintiffs point out that this Court is familiar with the issues in this case, and that the parties have exchanged tens of thousands of documents in discovery already.[41] Plaintiffs further argue that there are no novel or complex issues of state law here and the lien claims do not predominate over the federal FLSA claims.[42] Furthermore, Plaintiffs point out that their lien claims are also against Defendant Roy Anderson, and that Travelers does not address "the fate of the liens as against Roy Anderson if Travelers is dismissed."[43]

Moreover, Plaintiffs assert that the alternative to exercising supplemental jurisdiction is to require each of the 146 Plaintiffs to go to Orleans Parish Civil District Court to file their own lawsuit and each pay a $500 filing fee.[44] Plaintiffs point out that each of these lawsuits would have to proceed individually and go through discovery again, and that every civil judge at the Orleans

---

[38] *Id.* at 5.

[39] *Id.* at 4–5.

[40] *Id.* at 5.

[41] *Id.*

[42] *Id.* at 2 n.5.

[43] *Id.* at 4 n.11.

[44] *Id.* at 5.

Parish Civil District Court would be "needlessly burdened" by the process.[45] According to Plaintiffs, despite the fact that Plaintiffs all have "virtually mirror-image claims," proceeding individually would risk the result of different Plaintiffs getting different outcomes from different courts.[46] Instead, Plaintiffs argue that their decision to bring all 146 lien claims under one lawsuit actually benefited Travelers, as they did not have to file 146 individual answers and conduct 146 individual trials.[47] Here, Plaintiffs contend that if the Court bifurcates trial, it can adjudicate the damages portion of Plaintiffs' FLSA claims and the lien claims at the same time after FLSA liability has been established.[48] Thus, Plaintiffs assert that considerations of judicial economy, convenience, and fairness all weigh in favor of exercising supplemental jurisdiction here.[49]

## C.     Travelers' Arguments in Further Support of the Motion to Dismiss

In its reply, Travelers asserts that the timing of its motion at this stage of litigation has "no bearing" on whether its motion should be granted, as federal courts must consider whether they have subject matter jurisdiction over a case at any level of a proceeding.[50] Travelers contends that Plaintiffs exaggerate how much effort has been invested in litigating the lien claims so far, and that fact is irrelevant if subject matter jurisdiction does not exist.[51]

---

[45] *Id.*

[46] *Id.*

[47] *Id.* at 6.

[48] *Id.* at 5.

[49] *Id.* at 6.

[50] Rec. Doc. 291 at 2.

[51] *Id.* at 2.

Travelers contends that it is undisputed that the lien claims are based on a separate body of law than Plaintiffs' FLSA claims, and that Plaintiffs have not asserted a FLSA claim against Travelers.[52] Moreover, Travelers avers that Plaintiffs' suggestion that the damages portion of the FLSA claim and the lien claims can be litigated together overlooks the fact that Plaintiffs have to first establish liability against Travelers for the lien claims under Louisiana Revised Statute § 9:4802 and Louisiana Revised Statute § 9:4822(G), and that Plaintiffs cannot rely on the benefits of collective action to do so.[53] Travelers also points out that the damages determination under FLSA and the lien claims are different, as a lien under the PWA only allows a laborer to secure "the price of the work performed at the site of the immovable" whereas FLSA also allows liquidated damages and attorneys' fees.[54] Travelers argues that these two distinct damages determinations for Travelers and the FLSA Defendants would create a "practical nightmare" at trial.[55]

Travelers further argues that additional discovery in state court may not be needed if the Court dismisses the lien claims here, as Plaintiffs already have conducted discovery.[56] According to Travelers, there is also still a risk of inconsistent judgments if the lien claims remain in this Court, as each lien claim is an independent action that must be proven by independent evidence.[57]

---

[52] *Id.*

[53] *Id.* at 3.

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.*

# III. Law and Analysis

## B.    *Legal Standard for Supplemental Jurisdiction*

If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims when the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[58] Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over the state law claims; however, it may choose whether or not to exercise that jurisdiction.[59] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[60] The "general rule" in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, though "this rule is neither mandatory nor absolute."[61] Section 1367(c) enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction:

> (c)    The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)  if –
>
>    (1)    the claim raises a novel or complex issue of State law,

---

[58] 28 U.S.C. § 1367(a).

[59] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

[60] *Id.* at 639 (2009) (citing 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . .  if . . . the district court has dismissed all claims over which it has original jurisdiction.")).

[61] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)     the district court has dismissed all claims over which it has original jurisdiction, or

(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[62]

Courts also consider whether the balance of common law factors of judicial economy, convenience, fairness, and comity weigh in favor or against exercising supplemental jurisdiction.[63] Thus, the Court's determination of whether to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[64] The Fifth Circuit instructs that "no single factor" in the supplemental jurisdiction analysis "is dispositive," and courts are to look to all of the factors under "the specific circumstances of a given case."[65]

## B.    Analysis

It is undisputed that, pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over Plaintiffs' federal causes of action under FLSA.[66] It is also undisputed that Plaintiffs do not allege a FLSA claim against Defendant Travelers Casualty and Surety Company of America, and instead have only alleged a state law claim against Travelers to collect on the liens

---

[62] 28 U.S.C. § 1367.

[63] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002); *Lee*, 2016 WL 164898, at *4–5; *Perry*, 2012 WL 255776, at *3.

[64] *Batiste*, 179 F.3d at 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).

[65] *Parker*, 972 F.2d at 587.

[66] Rec. Doc. 48 at 8–10.

filed by Plaintiffs pursuant to the Louisiana Private Works Act.[67] Indeed, the only allegation against Travelers in Plaintiffs' second amended complaint is that Travelers issued a "'payment and performance' bond to Defendant Roy Anderson whereby Travelers, as surety, and Roy Anderson, as principal, obligated themselves to pay the obligations of Roy Anderson with respect to the work on the 225 Baronne Street Project."[68] Accordingly, this Court lacks federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiffs' lien claims against Travelers.

Moreover, Travelers argues in its motion that this Court lacks diversity jurisdiction over Plaintiffs' lien claims against Travelers, as Travelers contends that none of Plaintiffs' individual liens have a value that exceeds $75,000 and that Plaintiffs cannot aggregate the amounts listed in the individual liens to meet the amount in controversy requirement.[69] In Plaintiffs' opposition memorandum, Plaintiffs do not address this argument or offer any basis on which this Court could find that exercising diversity jurisdiction over Plaintiffs' lien claims against Travelers is proper.[70] As the Fifth Circuit has repeatedly held, the burden is on the party asserting jurisdiction, *i.e.* Plaintiffs, to prove that jurisdiction does in fact exist.[71] Therefore, the Court finds that it does not have diversity jurisdiction over Plaintiffs' state law claims against Travelers. Instead, Plaintiffs argue that this Court should exercise its supplemental jurisdiction over Plaintiffs' lien claims under

---

[67] *Id.* at 10–11.

[68] *Id.* at 7.

[69] Rec. Doc. 253-1 at 5–6.

[70] *See* Rec. Doc. 271.

[71] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

the PWA against Travelers. Accordingly, the Court now turns to whether it should, in its discretion, exercise supplemental jurisdiction over Plaintiffs' state law claims against Travelers.

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[72] In other words, "once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."[73] Courts have interpreted the "same case or controversy" requirement to be met when the federal and state law claims "derive from a common nucleus of operative facts," such that the relationship between the two claims "permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"[74] Courts have further concluded from this principle that a federal claim that is "too insubstantial to invoke federal question jurisdiction for the underlying case" cannot form the basis for supplemental jurisdiction of other state law claims.[75]

Moreover, with the enactment of 28 U.S.C. § 1367 in 1990, Congress made clear that when courts have original jurisdiction over one or more claims between particular parties, they may

---

[72] *See State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

[73] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[74] *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221, 224 n.6 (5th Cir. 2012) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997)); 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.) (discussing supplemental jurisdiction generally).

[75] *Id.* at 221–22.

exercise supplemental jurisdiction over additional state law claims involving other parties, *i.e.* "pendent parties."[76] Indeed, Section 1367(a) explicitly provides that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."[77] Here, Travelers does not argue that this Court cannot exercise supplemental jurisdiction over it as a "pendent party" under 28 U.S.C. § 1367, but rather asserts that this Court should, in its discretion, decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Travelers.[78]

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law[;]

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[;]

(3) the district court has dismissed all claims over which it has original jurisdiction[;] or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[79]

"These factors are to be considered on a case-by-case basis and no single factor is dispositive."[80]

As this Court has previously noted, "Section 1367(c) has no bearing on whether or not the Court

---

[76] *See Exxon Mobil Corp*, 545 U.S. at 556–57 (discussing the history of supplemental jurisdiction and the scope of Section 1367); 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.) (discussing "pendent parties" supplemental jurisdiction).

[77] 28 U.S.C. § 1367(a).

[78] Rec. Doc. 253-1 at 8.

[79] 28 U.S.C. § 1367(c).

[80] *Brookshire Bros. Holding, Inc., v. Dayco Prods., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009); *Perry v. Bogalusa City Council*, No. 11-1786, 2012 WL 255776, at *3 (E.D. La. Jan. 27, 2012) (Brown, J.).

actually possesses jurisdiction; rather, it only affects whether the Court will decline to exercise the jurisdiction that it has pursuant to Section 1367(a)."[81] In addition to the statutory factors, the Court must also balance the common law factors of judicial economy, convenience, fairness, and comity.[82]

With regard to the four statutory factors of 28 U.S.C. § 1367(c), the Court notes that Travelers does not appear to directly address whether any of the statutory factors weigh against exercising supplemental jurisdiction,[83] whereas Plaintiffs contend that none of them do.[84] Here, the Court finds that none of the four statutory factors listed in Section 1367 weigh against exercising supplemental jurisdiction over Plaintiffs' state law lien claims against Travelers. First, Plaintiffs' lien claims do not involve novel or complex issues of state law that cannot be readily resolved by the Court.[85] Second, the Court finds that Plaintiffs' state law claims do not predominate over their FLSA claims. Rather, the Court notes that there is substantial overlap between Plaintiffs' federal FLSA claims and Plaintiffs' state law lien claims under the PWA, as both seek to recover unpaid wages from the same Project. Thus, Plaintiffs' federal and state claims involve the same, largely overlapping sets of factual circumstances, witnesses, and evidence, and therefore derive

---

[81] *Perry*, 2012 WL 255776, at *3 (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009); *Del–Ray Batter Co. v. Douglas Battery Co.*, 635 F.3d 731 (5th Cir. 2011)).

[82] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002); *Lee*, 2016 WL 164898, at *4–5; *Perry*, 2012 WL 255776, at *3.

[83] Rec. Doc. 253-1 at 9 (Travelers mentioning the four statutory factors of 28 U.S.C. § 1367(c) but not addressing whether they weigh for or against exercising supplemental jurisdiction here).

[84] Rec. Doc. 271 at 2–3 n.5.

[85] *See Lee v. Columbia/HCA of New Orleans, Inc.*, No. 13-5907, 2016 WL 164898, at *4–5 (E.D. La. Jan. 14, 2016) (Brown, J.).

from a "common nucleus of operative facts" such that they can be considered part of the same case or controversy. Moreover, the Court notes that Travelers directly admits that Plaintiffs' state law claims do not predominate over their FLSA claims, as Travelers avers that the "chief case or controversy in this litigation surrounds Plaintiffs' claims under the FLSA" while Plaintiffs' state law lien claims "are peripheral."[86]

Third, Plaintiffs' federal claims have not been dismissed, and thus this Court retains original jurisdiction over this case. In fact, the Court notes that, contrary to Travelers' assertion that Plaintiffs have not asserted their state law lien claims against any other Defendant in this case besides Travelers,[87] Plaintiffs have clearly brought their state law lien claims against both Defendants Travelers and Roy Anderson.[88] Moreover, Plaintiffs' federal FLSA claim against Roy Anderson has not been dismissed. Fourth, as discussed further *infra*, the Court does not find that there are any compelling reasons for declining jurisdiction. Based on the foregoing, the Court concludes that none of the four statutory factors listed in 28 U.S.C. § 1367(c) weigh against exercising supplemental jurisdiction over Plaintiffs' state law lien claims against Travelers.

Additionally, the Fifth Circuit has noted that a court's determination of whether to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and

---

[86] Rec. Doc. 253-1 at 9.

[87] *Id.* at 8.

[88] *See* Rec. Doc. 48 at 10 (Plaintiffs alleging under their PWA state law causes of action section that both "Travelers, as surety, and Roy Anderson, as principal, obligated themselves to pay the obligations of Roy Anderson with respect to the work on the 225 Baronne Street Project" via the liens filed by Plaintiffs); Rec. Doc. 320 at 8 (Travelers and Roy Anderson acknowledging in the parties' joint proposed Pre-Trial Order that Plaintiffs have a PWA claim against both Travelers and Roy Anderson).

the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[89] Thus, the Court now turns to consider whether the balance of common law factors of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over Plaintiff's lien claims against Travelers.[90] This case has been pending before the Court since August 19, 2015,[91] and Plaintiffs first brought their state law causes of action against Travelers on February 18, 2016.[92] The parties currently have a trial scheduled for July 17, 2017,[93] and Travelers did not file the instant motion to dismiss until April 10, 2017.[94] The Court is also familiar with the facts and the claims asserted in this case. Both the Court and the Magistrate Judge have ruled on several dispositive and discovery-related motions involving Travelers,[95] and the Court has granted Travelers leave to file state law counterclaims against Plaintiffs.[96] Plaintiffs also represent that the parties have exchanged "tens of thousands of documents" in discovery already with regard to both Plaintiffs' state and federal law claims, as Plaintiffs aver that the two claims involve the "same

---

[89] *Batiste*, 179 F.3d at 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).

[90] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002); *Lee*, 2016 WL 164898, at *4–5; *Perry*, 2012 WL 255776, at *3.

[91] Rec. Doc. 1.

[92] Rec. Doc. 19.

[93] Rec. Doc. 168.

[94] Rec. Doc. 253.

[95] *See, e.g.* Rec. Doc. 151 (Order denying motion to quash subpoena duces tecum issued to Travelers); Rec. Doc. 159 at 26 (Order denying conditional class certification against Travelers); Rec. Doc. 211 (Order granting Roy Anderson and Travelers' motion for partial summary judgment); Rec. Doc. 215 (Order granting Roy Anderson and Travelers leave to file a counterclaim).

[96] Rec. Doc. 215.

operative facts, *i.e.* the amounts owed Plaintiffs in overtime and regular wages for the work they did on the Project."[97]

Moreover, the Court is not persuaded by Travelers' argument that there would be "significant practical consequences" if the Court exercises supplemental jurisdiction.[98] Travelers contends that FLSA actions are intended to efficiently avoid multiple lawsuits from numerous employees by allowing them to proceed collectively and establish their case through representative testimony and evidence, whereas Plaintiffs' 146 state law lien claims must each be proven through individual testimony and evidence at trial.[99] Thus, Travelers argues that "[s]uch a parade of Plaintiffs would subvert the efficiency of the FLSA collective action and weighs heavily in favor of declining supplemental jurisdiction over the state-law claims against Travelers."[100] Plaintiffs dispute Travelers' argument and assert that the Court can bifurcate the trial and adjudicate the lien claims at the same time as the damages portion of Plaintiffs' FLSA claims, which Plaintiffs represent must be proven through individual evidence for every Plaintiff.[101]

However, even assuming that Travelers is correct that Plaintiffs' lien claims would reduce the efficiency of Plaintiffs' FLSA collective action case, that fact is of no moment when: (1) Plaintiffs have also asserted their state law lien claims against Defendant Roy Anderson, which this motion does not seek to dismiss and thus must still be adjudicated at trial regardless of whether

---

[97] Rec. Doc. 271 at 5.

[98] *See* Rec. Doc. 253-1 at 8.

[99] *Id.* at 8–9.

[100] *Id.* at 9.

[101] Rec. Doc. 271 at 5.

supplemental jurisdiction is exercised over Plaintiffs' state law claims against Travelers; and (2) Defendants Roy Anderson has brought a counterclaim under Louisiana Revised Statute § 9:4833, alleging that each of the 146 Plaintiffs refused without reasonable basis to remove their individually filed and allegedly "improper" liens. In other words, even if the Court were to grant Travelers' motion and decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Travelers, it appears that the remaining parties would still need to adjudicate at trial Plaintiffs' identical lien claims against Roy Anderson and Roy Andersons' counterclaims involving the exact same liens. Thus, the Court finds Travelers' arguments regarding the alleged efficiency gains of declining to exercise supplemental jurisdiction here unconvincing.

By contrast, Plaintiffs point out that declining to exercise supplemental jurisdiction would merely force Plaintiffs to restart their case at this late stage of litigation by filing 146 individual lawsuits in Orleans Parish Civil District Court.[102]   Indeed, the Court notes that in *Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.*, the Fifth Circuit opined that circuit case law is clear that it is an abuse of discretion under 28 U.S.C. § 1367 to decline to exercise jurisdiction over state law claims when the parties had already invested "a significant amount of judicial resources in the litigation."[103]

---

[102] Rec. Doc. 271 at 5.

[103] 554 F.3d 595, 602–03 (5th Cir. 2009). *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (holding that the district court abused its discretion in declining to exercise supplemental jurisdiction over remaining state law claims due to: (1) the absence of any difficult state law issue; (2) the district court's familiarity with the claims; (3) the fact that the case had been pending for almost three years; (4) the voluminous record that had been developed and the significant amounts of discovery that had been conducted; and (5) the number of motions to dismiss and motions for summary judgment that had already been resolved); *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 308 (5th Cir.1991) (holding that the district court abused its discretion in remanding state law claims because those claims presented no novel questions of state law and the litigation had proceeded for four years and produced thousands of pages of record, over a hundred depositions, and nearly two-hundred-thousand pages of

Accordingly, the Court finds that the common law factors of judicial economy, convenience, fairness, and comity weigh in favor of the Court exercising supplemental jurisdiction over Plaintiffs' state law lien claims against Travelers. Therefore, after considering and weighing all the factors present in this case, the Court will continue to exercise jurisdiction over Plaintiffs' state law claims against Travelers and hereby denies Travelers' motion to dismiss for lack of subject matter jurisdiction.

## IV. Conclusion

Based on the foregoing, the Court concludes that none of the four statutory factors listed in 28 U.S.C. § 1367(c) weigh against exercising supplemental jurisdiction over Plaintiffs' state law lien claims against Travelers. Moreover, the Court finds that the common law factors of judicial economy, convenience, fairness, and comity all weigh in favor of the Court exercising supplemental jurisdiction over Plaintiffs' state law lien claims against Travelers. Therefore, after considering and weighing all the factors present in this case, the Court will continue to exercise jurisdiction over Plaintiffs' state law claims against Travelers and hereby denies Travelers' motion to dismiss for lack of subject matter jurisdiction. Accordingly,

---

discovery production); *see also Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (finding that district court did not abuse its discretion in retaining jurisdiction over state law claims after it had dismissed all claims over which it had original jurisdiction because the state law issues were neither novel nor complex; by the time the district court ruled on the motion to decline supplemental jurisdiction, the case against defendants had been pending for well over a year, the discovery deadline had passed, and the parties had fully briefed defendants' motion for summary judgment; and it was not unfair to plaintiffs simply because there was a risk of duplicative litigation in state court).

**IT IS HEREBY ORDERED** that Defendant Travelers Casualty and Surety Company of America's "Motion to Dismiss for Lack of Subject Matter Jurisdiction"[104] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this __23rd__ day of June, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[104] Rec. Doc. 253.