# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY MURILLO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3641** |
| **CORYELL COUNTY TRADESMEN, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiffs, approximately 160 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, allege that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Plaintiffs further allege that Defendants Roy Anderson Corporation ("Roy Anderson") and Travelers Casualty and Surety Company of America ("Travelers") are liable pursuant to the Louisiana Private Works Act ("PWA") via laborers' liens filed by Plaintiffs for failing to compensate Plaintiffs for the labor they provided.[2] Pending before the Court is Plaintiffs' "Motion to Bifurcate Trial and Proposed Trial Plan."[3] Having considered the motion, the memoranda in support, the memorandum in opposition, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 48 at 11.

[3] Rec. Doc. 262.

1

# I. Background

## A. *Factual Background*

Plaintiffs allege that this lawsuit arises from the renovation of a luxury hotel and apartment building in downtown New Orleans named "The Strand" at 225 Baronne Street ("the Project").[4] Plaintiffs allege that the mostly migrant workers who performed the renovation work were not paid minimum wages or overtime wages while working "grueling" 70-hour workweeks.[5] Plaintiffs further contend that their recorded hours were often "adjusted" to reflect shorter work periods so that Defendants Roy Anderson, Ronald Franks, Coryell County Tradesmen ("CCT"), CC Labor, LLC ("CC Labor"), Paul Isaacks, Brandon Isaacks, and Brent Isaacks could pay them less.[6]

Defendants CCT and CC Labor are alleged to be two family-run construction companies owned by Defendants Paul Isaacks, Brandon Isaacks, and Brent Isaacks.[7] Defendant Roy Anderson is alleged to be one of the general contractors that employed Plaintiffs, and Ronald Franks and CCT were two of the subcontractors on the Project.[8] Defendant Travelers is alleged to have contracted to pay the obligations of Roy Anderson with respect to the work done on the construction project at issue in this case.[9]

---

[4] Rec. Doc. 48 at 3.

[5] *Id.* at 3–4.

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.* at 5–6.

[9] *Id.* at 6–7.

## B. *Procedural Background*

Plaintiffs Nancy Murillo, Evelyn Mejia, Ambrocio Benito Castro, and Mechlor Acevedo filed a complaint on August 19, 2015, against Defendants CCT, CC Labor, Brandon Isaacks, Brent Isaacks, and Paul Isaacks.[10] From November 12, 2015, to November 17, 2015, Plaintiffs filed 146 individual laborers' liens on the Project for the amounts allegedly owed for their labor.[11] With leave of Court, on February 18, 2016, Plaintiffs filed an amended complaint, adding additional plaintiffs and adding Ronald Franks, Roy Anderson, and Travelers as Defendants.[12] Plaintiffs filed a second amended complaint, with leave of Court, on May 13, 2016.[13]

On July 12, 2016, Roy Anderson filed an answer to Plaintiffs' complaint and a crossclaim and third-party demand against Defendant Ronald Franks and Third-Party Defendant National American Insurance Company ("NAIC"), respectively.[14] On December 8, 2016, Roy Anderson and Travelers filed a counterclaim against Plaintiffs.[15]

On April 25, 2017, Plaintiffs filed the instant motion to bifurcate trial.[16] On May 2, 2017, Roy Anderson and Travelers filed a partial opposition to the motion.[17] On May 2, 2017, Ronald

---

[10] Rec. Doc. 1.

[11] *See* Rec. Doc. 241 at 2.

[12] Rec. Doc. 19.

[13] Rec. Doc. 48.

[14] Rec. Doc. 92 at 15.

[15] Rec. Doc. 216.

[16] Rec. Doc. 262.

[17] Rec. Doc. 268.

Franks filed a response to the motion, in which Ronald Franks states it "does not have any objections to bifurcating the trial in this matter" but raises several issues it asserts must first be addressed.[18]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Bifurcate*

In their motion to bifurcate, Plaintiffs assert that bifurcation of trial in this matter into a liability phase and a damages phase would most efficiently resolve Plaintiffs' FLSA claims and Plaintiffs' state law lien claims.[19] Plaintiffs also appear to request that their demand for a jury trial made in their complaint be withdrawn, as they "now argue that the Court should resolve all triable issues."[20]

In support of bifurcation, Plaintiffs argue that the first phase could determine the liability portion of Plaintiffs' collective action FLSA claims through the use of representative testimony prior to engaging in the "time-consuming task of determining damages."[21] According to Plaintiffs, courts "routinely implement discovery and trial plans where only a representative group of plaintiffs are relied upon" in FLSA class actions.[22] Accordingly, Plaintiffs propose using the

---

[18] Rec. Doc. 270.

[19] Rec. Doc. 262-1 at 12.

[20] *Id.* at 12 n.22.

[21] *Id.* at 12–13.

[22] *Id.* at 13 (citing *Adkins v. Mid-America Growers Inc.*, 141 F.R.D. 466, 468–69 (N.D. Ill. 1992) (individualized discovery of all opt-in plaintiffs is inappropriate in a FLSA collective action, but representative testimony is permissible); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357–58 (S.D. Ohio 2006)(court denied defendant's request for individualized discovery of more than 1,500 opt-ins and instead ordered a representative sample); *Bradford v. Bed, Bath & Beyond*, 184 F. Supp.2d 1342, 1344 (N.D. Ga. 2002) (limited discovery to a representative sample of opt-ins); *Geer v. Challenge Financial Investors Corp.*, 2007 U.S. Dist. LEXIS 33499, at *13

testimony of two Plaintiff representatives from each of the four categories of workers who worked on the Project to testify about their job duties and relationships to Defendants, which include: (1) Framers/Sheetrockers; (2) Finishers; (3) Painters; and (4) General Laborers.[23] Plaintiffs aver that this testimony, coupled with Defendants' witnesses, will provide all the necessary facts for the Court to determine seven disputed questions of liability: (1) whether Plaintiffs were employees of CCT and/or CC Labor while working on the Project; (2) whether Plaintiffs were employees of Brandon, Paul, or Brent Isaacks while working on the Project; (3) whether Plaintiffs were employees of Ronald Franks while working on the Project; (4) whether Plaintiffs were employees of Roy Anderson while working on the Project; (5) whether Defendants present a defense to liquidated damages under FLSA; (6) whether FLSA was violated; and (7) whether Plaintiffs' work was "covered employment" under FLSA.[24] Plaintiffs argue that the main issue at trial will be whether each Defendant qualifies as Plaintiffs' "employer" under FLSA, as Plaintiffs allege that it is undisputed that Plaintiffs were not paid overtime in violation of FLSA and that Plaintiffs are covered under FLSA.[25]

With regard to the second phase, Plaintiffs contend that if the Court finds that one or more Defendants are liable for the alleged FLSA violations, then the remaining parties can advance to the

---

(D. Kan. May 4, 2007)(court admonished defendant for seeking depositions of all 256 opt-ins and its failure to compromise with plaintiffs); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995)(discovery of opt-ins may be necessary for discovery of common issues, but cannot be undertaken for the purposes or effect of harassment of opt-in plaintiffs); *Lusardi v. Xerox Corporation*, 118 F.R.D. 351, 354 (D. N.J. 1987) (discovery permitted of 51 of 1,312 opt-ins); *Takacs v. Hahn Auto Corp.*, 1999 U.S. Dist. LEXIS 22146, at *4-8 (S.D. Ohio 1999) (representative discovery of opt-ins permitted)).

[23] *Id.* at 12–14.

[24] *Id.* at 14–15.

[25] *Id.* at 6–7.

5

second phase of damages to determine the amounts owed to each Plaintiff under FLSA.[26] In the damages phase, Plaintiffs assert that the Court can conduct "individual hearings for each Plaintiff" to determine their hourly rates, the number of hours work, the back pay owed, and any liquidated damages awards.[27] According to Plaintiffs, during the second phase the Court could also consider the amounts payable under each Plaintiff's state law lien claim as well as Roy Anderson and Travelers' counterclaims regarding the liens.[28] With regard to their state law lien claims under the PWA, Plaintiffs aver that each lienholder must simple prove the amounts in his or her lien that are owed by Roy Anderson and Travelers, *i.e.* how many hours each Plaintiff worked and at what hourly rate.[29] Plaintiffs contend that this is "essentially a damages determination" requiring the same form of proof as the damages portion of Plaintiffs' FLSA claims.[30] Finally, Plaintiffs request a status conference to discuss the proposed trial procedure or, in the alternative, that the Court grant Plaintiffs' motion and adopt Plaintiffs' trial plan.[31]

## B. *Roy Anderson and Travelers' Arguments in Partial Opposition to the Motion*

In response, Roy Anderson and Travelers aver that they "do not necessarily oppose bifurcation" and "are open to the idea of bifurcating the upcoming July 17, 2017 trial into liability

---

[26] *Id.*

[27] *Id.* at 15.

[28] *Id.* at 15 & n.28.

[29] *Id.* at 11.

[30] *Id.*

[31] *Id.* at 15.

and damages phases."³² Roy Anderson and Travelers "suggest that liability should first be tried to a verdict, and, if necessary, the trial will proceed immediately thereafter to the damages phase," as this would simplify the trial.³³

Nonetheless, Roy Anderson and Travelers assert that there are additional outstanding issues that must first be addressed prior to any bifurcation of trial.³⁴ First, Roy Anderson and Travelers point out that the parties must discuss whether a jury will decide any or all of the bifurcated trial phases.³⁵ Roy Anderson and Travelers argue that while Plaintiffs now contend that the Court should resolve all issues at trial, Plaintiffs have already requested a jury trial and withdrawing a jury demand requires the consent of all parties.³⁶ Second, Roy Anderson and Travelers assert that Plaintiffs must specifically identify which Plaintiffs they intend to use as collective action representatives, as Roy Anderson and Travelers argue that Plaintiffs have so far attempted to "hide the ball" by identifying every Plaintiff as a potential witness.³⁷

Third, Roy Anderson and Travelers contend that some Plaintiffs "performed work on other projects" in which Roy Anderson, Travelers, and Ronald Franks were not involved.³⁸ Roy Anderson and Travelers also represent that some of the Plaintiffs have filed a separate lawsuit in

---

³² Rec. Doc. 268 at 3.

³³ *Id.*

³⁴ *Id.*

³⁵ *Id.* at 3–4.

³⁶ *Id.* at 4 n.8 (citing Fed. R. Civ. P. 38(d)).

³⁷ *Id.* at 4.

³⁸ *Id.*

7

Florida against CCT "for which there is a clear overlap for the time periods involved in this lawsuit."[39] Thus, Roy Anderson and Travelers aver that there is a need for "subclasses for both the liability and damages phases for these individual members of the Plaintiffs," and this issue must be discussed and decided prior to bifurcating trial.[40] Roy Anderson and Travelers request that a status conference be held to decide these issues.[41]

Furthermore, Roy Anderson and Travelers argue that, while bifurcation of Plaintiffs' FLSA claims may be appropriate, Plaintiffs' lien claims should be "severed and dismissed from any trial in this matter."[42] Roy Anderson and Travelers point out that Travelers has filed a Rule 12(b)(1) motion to dismiss Plaintiffs' lien claims against Travelers for lack of subject matter jurisdiction.[43] Moreover, Roy Anderson and Travelers contend that each Plaintiff must individually prove their separate and independent lien claims, and this "essentially guts any benefit that bifurcation would provide."[44] According to Roy Anderson and Travelers, Plaintiffs' proposal of considering the lien claims during the second phase on damages creates a risk of prejudice against Roy Anderson and Travelers.[45] In particular, Roy Anderson and Travelers aver that Plaintiffs are limited to recovering the price of the work, interest, and lien filing fees on their state law lien claims, while FLSA

---

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 5.

[43] *Id.*

[44] *Id.*

[45] *Id.*

8

authorizes damages beyond what can be recovered on the liens.[46] Thus, Roy Anderson and Travelers argue that combining Plaintiffs' lien claims with the damages phase of Plaintiffs' FLSA claims would "blur what damages are recoverable against what party."[47] Accordingly, Roy Anderson and Travelers assert that the motion to bifurcate should be denied in part as to the state law lien claims until these issues are resolved.[48]

### C. *Ronald Franks' Response to the Motion to Bifurcate*

In its response memorandum, Ronald Franks states that it does not have any objection to bifurcating the trial in this matter.[49] Ronald Franks avers that it would be in the interest of judicial economy if the trials on the issues of liability and quantum were bifurcated.[50] Ronald Franks further requests a status conference for the purposes of discussing bifurcation and determining "exactly how the trial in this matter should proceed."[51] For example, Ronald Franks asserts that the parties must still decide whether this case will proceed as a bench trial or jury trial and how Plaintiffs' state law lien claims should be tried.[52]

---

[46] *Id.* at 5 & n.12.

[47] *Id.* at 5.

[48] *Id.*

[49] Rec. Doc. 270 at 1.

[50] *Id.*

[51] *Id.*

[52] *Id.* at 1–2.

**III. Law and Analysis**

As a preliminary matter, the Court notes that Plaintiffs appear to request that their jury demand for the July 17, 2017 trial in this matter be withdrawn. Federal Rule of Civil Procedure 38 provides that a party may demand a jury trial on any issue triable of right by a jury.[53] Rule 38(b) states that a party may demand a jury trial by: (1) "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served;" and (2) "filing the demand in accordance with Rule 5(d)."[54] Rule 38 further provides that "a party may specify the issues it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable."[55] A proper demand for a jury trial "may be withdrawn only if the parties consent."[56] Under Rule 39, even if a party waives its right to a jury under Rule 38, the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.[57]

Here, it is clear that Plaintiffs requested a jury trial in their original complaint and both amended complaints.[58] In particular, Plaintiffs' second amended complaint states that "Plaintiffs demand trial by jury on all issues for which a jury trial is allowed."[59] Thus, pursuant to Rule 38,

---

[53] Fed. R. Civ. P. 38(b).

[54] *Id.*

[55] Fed. R. Civ. P. 38(c).

[56] Fed. R. Civ. P. 38(d).

[57] Fed. R. Civ. P. 39(b).

[58] *See* Rec. Docs. 1, 19, 48.

[59] Rec. Doc. 48 at 12.

this matter will be tried by a jury as to "all issues for which a jury trial is allowed."[60] As stated *supra*, Rule 38 expressly provides that a proper jury demand "may be withdrawn *only if the parties consent*."[61] Here, Roy Anderson and Travelers point out in their opposition memorandum that they have not consented to a withdrawal of the jury demand, as they are still "in the process of discussing this issue and the consent thereto."[62] Additionally, Plaintiffs have not shown that Defendants Ronald Franks, CCT, CC Labor, Paul Isaacks, Brandon Isaacks, or Brent Isaacks have consented to the withdrawal of the jury demand.

In the Fifth Circuit, it is well established that "a court should grant a jury trial in the absence of strong and compelling reasons to the contrary."[63] The Seventh Amendment's provision of jury trials is a fundamental right and "maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care . . . Thus, courts should indulge every reasonable presumption against waiver."[64] Accordingly, unless all parties consent to withdrawing Plaintiffs' jury demand at this late stage of litigation, the Court concludes that all issues will be decided by a jury in this matter, regardless of whether the Court bifurcates trial.

---

[60] *Id.*; *see* Fed. R. Civ. P. 38.

[61] Fed. R. Civ. P. 38(d) (emphasis added).

[62] Rec. Doc. 268 at 4.

[63] *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964); *White v. Pride Offshore, Inc.*, No. 98-2561, 1999 WL 58842, at *1 (E.D. La. Feb. 3, 1999) (Vance, J.) (citations omitted).

[64] *Id.* (citing *McDonald v. J. Steward*, 132 F.3d 225, 229 (5th Cir. 1998)).

In their motion, Plaintiffs argue that bifurcation of trial in this matter into liability and damages phases would most efficiently resolve Plaintiffs' FLSA claims and Plaintiffs' state law lien claims.[65] In their opposition, Roy Anderson and Travelers state that they are "not entirely opposed to bifurcation," but raise several issues with bifurcation that they appear to assert must first be determined prior to deciding Plaintiffs' motion to bifurcate.[66] Furthermore, Ronald Franks states in its response that it "does not have any objection to bifurcating the trial" and asserts that "it would be in the interest of judicial economy" to do so, but also contends that the issue of "how [P]laintiffs' state law lien claims should be tried" must still be addressed.[67]

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." In the Fifth Circuit, the decision to bifurcate a trial lies within the "sole discretion of the trial court."[68] When ordering a separate trial of issues pursuant to Rule 42(b), a court must ensure that bifurcation would not "result in unnecessary delay, additional expense, or some other form of prejudice."[69] Courts in the Eastern District of Louisiana

---

[65] Rec. Doc. 262-1 at 12.

[66] *See* Rec. Doc. 268 at 3.

[67] Rec. Doc. 270 at 1–2.

[68] *See First Texas Sav. Assoc. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992) (citing *Gonzalez-Marin v. Equitable Life Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir. 1992)); *Interstate Restoration Grp., Inc. v. Al Copeland Investments*, No. 07-0970, 2009 WL 1870787, at *2 (E.D. La. June 25, 2009) (Duval, J.).

[69] *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992) (Feldman, J.); *Interstate Restoration Grp., Inc.*, 2009 WL 1870787, at *2.

have held that prejudice is the "most important consideration in deciding whether to order separate trials under Rule 42(b)."[70]

Here, the Court finds that bifurcation in this matter is warranted. With regard to Plaintiffs' FLSA claims, bifurcating trial into liability and damages phases would expedite and economize the trial by allowing the jury to first consider the parties' evidence on the liability portion of Plaintiffs' collective FLSA action against the eight Defendants and, if the jury determines that any or all Defendants are liable to Plaintiffs under FLSA, only then consider the individual evidence of damages for each Plaintiff as to those Defendants found liable.[71] Separating the issues of liability and damages for Plaintiffs' FLSA claims would encourage judicial efficiency, and the issues of damages and liability here are "so distinct and separable" that a bifurcated trial "may be had without injustice" or prejudice to any party.[72] Indeed, the Court notes that none of the Defendants appear to oppose the proposal of bifurcating trial into two phases for Plaintiffs' FLSA claims.[73]

Additionally, the Court finds that, in the interests of convenience and to expedite and economize the jury trial in this matter, Plaintiffs' state law lien claims against Roy Anderson and

---

[70] *Laitram Corp.*, 791 F. Supp. at 115; *Derouen v. Hercules Liftboat Co.*, No. 13-4805, 2015 WL 349311, at *5 (E.D. La. Jan. 26, 2015) (Fallon, J.).

[71] *See Malin Int'l Ship Repair & Drydock, Inc. v. Veolia Es Special Servs., Inc.*, 369 F. App'x 553, 555 (5th Cir. 2010) (affirming a district court's decision to bifurcate when the issues of liability and damages were "clearly separable" and judicial economy would be served by bifurcation, as the "issue of quantum would not come into question unless the district court first found that Malin was in fact entitled to attorney's fees").

[72] *State of Ala. v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).

[73] *See* Rec. Doc. 268 at 3 (Roy Anderson and Travelers stating that they are "not entirely opposed to bifurcation" and acknowledging that bifurcating trial into liability and damages phases "could simply trial in this case"); Rec. Doc. 270 at 1 (Ronald Franks stating that it does not have any objection to bifurcating trial in this matter).

Travelers and Roy Anderson and Travelers' state law counterclaims regarding Plaintiffs' lien claims will be tried in the second phase of the bifurcated jury trial. As all parties appear to agree, the liability portion of Plaintiffs' collective action FLSA claims can be tried using representative testimony and evidence.[74] By contrast, the damages portion of Plaintiffs' collective action FLSA claims, Plaintiffs' state law lien claims, and Roy Anderson and Travelers' state law counterclaims appear to require individualized testimony and evidence regarding the alleged amount of unpaid labor provided by Plaintiffs on the Project.[75] As Plaintiffs point out, the individual testimony and evidence offered by each Plaintiff in support of damages in their FLSA claims and their state law lien claims, both of which are premised on claims for unpaid wages on the Project, will likely overlap.[76] Indeed, in another filing before this Court, Plaintiffs represented that the proof of damages for Plaintiffs' FLSA claims "are the same as the lien claims: (1) Plaintiffs performed work on the Project; (2) Plaintiffs' hourly wage; and (3) the unpaid hours Plaintiffs worked on the project."[77] Indeed, Plaintiffs stated that their "unpaid, FLSA-mandated wage claims form the basis for the lien claims," and that their "FLSA claims—i.e. their unpaid wages—are the only 'essential

---

[74] *See* Rec. Doc. 262-1 at 12–14 (Plaintiffs arguing that two representatives from four categories of workers on the Project can establish Plaintiffs' liability case under FLSA); Rec. Doc. 268 at 4 (Roy Anderson and Travelers only raising the issue that Plaintiffs have not identified the actual witnesses they intend to use as collective action representatives, but not asserting that doing so would be improper); Rec. Doc. 270 at 1 (Ronald Franks not raising any issue with regard to Plaintiffs' proposal of using representative testimony and evidence).

[75] *See* Rec. Doc. 262-1 at 15 (Plaintiffs noting that the factfinder will need to determine the amounts payable under each individual lien filed); Rec. Doc. 268 at 5 (Roy Anderson and Travelers asserting that each Plaintiff that filed a lien has a separate burden of proof to establish liability and damages under the PWA).

[76] Rec. Doc. 262-1 at 15.

[77] Rec. Doc. 271 at 4–5 (opposing Travelers' motion to dismiss Plaintiffs' lien claims for lack of subject matter jurisdiction).

element' of their [PWA lien] claims."⁷⁸ Thus, trying these issues together in the second phase and separately from the liability portion of Plaintiffs' FLSA claims would best serve the interests of convenience and judicial economy.

Although they are "not entirely opposed to bifurcation," Roy Anderson and Travelers argue that more subclasses than what Plaintiffs propose may be needed, as some Plaintiffs "performed work *on other projects*" in which Roy Anderson, Travelers, and Ronald Franks were not involved.⁷⁹ Roy Anderson and Travelers also point out that some Plaintiffs have filed a separate lawsuit in Florida "for which there is clear overlap for the time periods involved in this lawsuit."⁸⁰ However, Roy Anderson and Travelers fail to explain how either of these issues are relevant to bifurcation. For example, Roy Anderson and Travelers do not articulate how the question of whether some Plaintiffs have worked on other projects unrelated to the Project at issue in this ligation would impact the ultimate issues at trial regarding Plaintiffs' employment and allegedly unpaid labor on the 225 Baronne Street Project. Likewise, Roy Anderson and Travelers have not explained how separate lawsuits by some Plaintiffs in Florida would affect bifurcation here, or how an alleged "overlap for time periods involved in this lawsuit" for some Plaintiffs could not be addressed in the individualized damages phase of trial.

---

⁷⁸ *Id.* at 4 & n.13.

⁷⁹ Rec. Doc. 268 at 4 (emphasis added).

⁸⁰ *Id.*

15

Moreover, Roy Anderson and Travelers' argument that Plaintiffs' state law lien claims should be "severed and dismissed from *any trial* in this matter" is of no moment here.[81] First, the Court notes that it denied Travelers' motion to dismiss Plaintiffs' state law lien claims against Travelers for lack of subject matter jurisdiction, as the Court found that exercising supplemental jurisdiction over those claims is proper.[82] Second, as all parties appear to agree, the second phase of trial would require individualized testimony and evidence by each Plaintiff to prove their damages under FLSA regardless of which phase Plaintiffs' state law lien claims are first considered. Thus, in the interests of convenience and judicial economy, considering the damages portion of Plaintiffs' FLSA claims at the same time as Plaintiffs' state law lien claims and Roy Anderson and Travelers' state law counterclaims regarding Plaintiffs' liens is appropriate to expedite and economize the trial in this matter.

Finally, Roy Anderson and Travelers assert that combining Plaintiffs' lien claims with the damages phase of Plaintiffs' FLSA claims would "blur what damages are recoverable against what party."[83] However, any confusion that may arise from determining Plaintiffs' respective damages under their FLSA claims and their state law lien claims would occur regardless of whether the trial is bifurcated. Instead, the Court notes that bifurcating the trial to allow the jury to first consider the liability portion of Plaintiffs' FLSA claims would reduce the number of issues and evidence the jury must consider at one time and would allow the jury to focus on determining what damages,

---

[81] *Id.* at 5 (emphasis added).

[82] Rec. Doc. 323.

[83] Rec. Doc. 268 at 5.

if any, Plaintiffs are entitled to under their FLSA claims and their state law lien claims during the second phase of trial.[84] By contrast, if the Court were to deny bifurcation, the jury would have to consider all three of these issues at once, and Roy Anderson and Travelers have not explained how this would not also "blur what damages are recoverable against what party" or result in greater jury confusion and prejudice to the parties.[85] Thus, the Court finds that Defendants have not shown that they would be prejudiced by bifurcating the trial in this matter into two phases or that any "injustice" would result from bifurcation in this manner.[86]

Therefore, pursuant to Federal Rule of Civil Procedure 42(b), the Court finds that bifurcating the jury trial in this matter is warranted. The jury trial will be bifurcated into two phases. The first phase will determine the liability portion of Plaintiffs' collective action FLSA claims. If the jury returns a verdict that any or all Defendants are liable for alleged violations of FLSA, then the second phase of the trial will be immediately tried before the same jury to consider what damages, if any, Plaintiffs are entitled to under FLSA as to those Defendants. Additionally, regardless of the jury's verdict on the liability portion of Plaintiffs' FLSA claims, the second phase of trial will immediately proceed before the same jury to also determine: (1) whether Plaintiffs are entitled to recover under their state law lien claims against Roy Anderson and Travelers; and (2) whether Roy Anderson and Travelers are entitled to recover under their state law counterclaims

---

[84] *See, e.g., Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992) (Feldman, J.) (noting that "the jury's task in determining liability will be made significantly easier" if the trial was bifurcated).

[85] *Id.*

[86] *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992) (Feldman, J.).

regarding Plaintiffs' liens. Accordingly, the Court hereby grants Plaintiffs' motion to bifurcate trial in this matter.

Finally, as Roy Anderson and Travelers point out, Plaintiffs have not identified in their witness list or the proposed Pre-Trial Order which Plaintiffs will testify as representative witnesses in support of their FLSA collective action. Because the Court grants Plaintiffs' motion to bifurcate trial, the Court hereby orders all parties to file amended witness lists and an updated joint proposed Pre-Trial Order identifying which witnesses each party intends to call in each phase of the jury trial in this matter by June 27, 2017, at 12:00 p.m.

### **IV. Conclusion**

Based on the foregoing, the Court concludes that, in the interests of convenience and judicial economy, bifurcating trial in this matter is warranted pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. The jury trial will be bifurcated into two phases. The first phase will determine the liability portion of Plaintiffs' collective action FLSA claims. If the jury returns a verdict that any or all Defendants are liable for alleged violations of FLSA, then the second phase of the trial will be immediately tried before the same jury to consider what damages, if any, Plaintiffs are entitled to under FLSA as to those Defendants. Additionally, regardless of the jury's verdict on the liability portion of Plaintiffs' FLSA claims, the second phase of trial will immediately proceed before the same jury to also determine: (1) whether Plaintiffs are entitled to recover under their state law lien claims against Roy Anderson and Travelers; and (2) whether Roy Anderson and Travelers are entitled to recover under their state law counterclaims regarding Plaintiffs' liens. Moreover, the Court hereby orders all parties to file amended witness lists and an

updated joint proposed Pre-Trial Order identifying which witnesses each party intends to call in each phase of the jury trial in this matter by June 27, 2017, at 12:00 p.m. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Bifurcate Trial and Proposed Trial Plan"[87] is **GRANTED**.

**IT IS FURTHER ORDERED** that the jury trial in this matter will be bifurcated into two phases. The first phase will determine the liability portion of Plaintiffs' collective action FLSA claims. If the jury returns a verdict that any or all Defendants are liable for alleged violations of FLSA, then the second phase of the trial will be immediately tried before the same jury to consider what damages, if any, Plaintiffs are entitled to under FLSA as to those Defendants. Additionally, regardless of the jury's verdict on the liability portion of Plaintiffs' FLSA claims, the second phase of trial will immediately proceed before the same jury to also determine: (1) whether Plaintiffs are entitled to recover under their state law lien claims against Roy Anderson and Travelers; and (2) whether Roy Anderson and Travelers are entitled to recover under their state law counterclaims regarding Plaintiffs' liens.

---

[87] Rec. Doc. 262.

**IT IS FURTHER ORDERED** that all parties must file amended witness lists and an updated joint proposed Pre-Trial Order identifying which witnesses each party intends to call in each phase of the jury trial in this matter by June 27, 2017, at 12:00 p.m.

**NEW ORLEANS, LOUISIANA** this  26th  day of June, 2017.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**