UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY MURILLO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3641** |
| **CORYELL COUNTY TRADESMEN, LLC, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiffs, approximately 150 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana ("the Project"), assert that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Plaintiffs also bring a cause of action under the Louisiana Private Works Act.[2] Pending before the Court is Defendant Roy Anderson Corporation's ("Roy Anderson") "Motion for Summary Judgment Regarding Roy Anderson Corp.'s Lack of Knowledge."[3] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will deny the motion.

In its motion, Roy Anderson argues that partial summary judgment on Plaintiffs' FLSA claims for overtime wages against Roy Anderson is proper, as Roy Anderson contends that Plaintiffs cannot prove the necessary element that Roy Anderson had either actual or constructive

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 48 at 10.

[3] Rec. Doc. 280.

1

knowledge that Plaintiffs were working overtime.[4] According to Roy Anderson, Plaintiffs have no evidence that Roy Anderson knew or should have known that Plaintiffs worked overtime.[5] Roy Anderson avers that the Fifth Circuit has held that an alleged employer's access to time sheets is insufficient evidence to prove knowledge of working overtime.[6] In fact, Roy Anderson asserts that it only received timesheets and invoices when it had already authorized and paid for overtime for CCT's employees.[7] Moreover, Roy Anderson points out that Plaintiffs testified in their depositions that they never informed Roy Anderson that they were not being paid overtime.[8]

In opposition, Plaintiffs argue that "knowledge" is not one of the three elements of a FLSA claim, and that Roy Anderson only cites to distinguishable cases where employees were "secretly working overtime hours" and the employers had policies against working overtime hours without authorization.[9] Plaintiffs contend that even if they must prove knowledge, Roy Anderson had both constructive and actual knowledge that Plaintiffs worked overtime.[10] Plaintiffs point out that at least seventeen Plaintiffs state in their responses to Defendants' joint interrogatories that Roy Anderson employees and foremen were constantly onsite monitoring Plaintiffs' work while they

---

[4] Rec. Doc. 280-1 at 9.

[5] *Id.* at 11–12.

[6] *Id.* at 12 (citing *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)).

[7] *Id.*

[8] *Id.* at 13.

[9] Rec. Doc. 296 at 1–2 (citations omitted).

[10] *Id.* at 3.

worked six and seven day workweeks.[11] Plaintiffs contend that this evidence that Roy Anderson employees witnessed them working on a daily basis and more than forty hours a week creates a genuine issue of material fact as to whether Roy Anderson had constructive knowledge of Plaintiffs' overtime hours.[12] Moreover, Plaintiffs assert that Jaime Franks of Ronald Franks and Brandon Isaacks of CCT sent a letter to Max Ferran of Roy Anderson explicitly informing him of the overtime hours worked by Plaintiffs.[13] For example, Plaintiffs point out that the letter states that Roy Anderson made a "huge push" to get all the electrical rooms completed in the Project, and that Ronald Franks and CCT "worked 7 days a week and numerous hours of overtime to complete these areas."[14] According to Plaintiffs, the letter also states that "[n]o other trades on this project have worked overtime as we have," and that "[w]e have worked the majority of the time 7 days a week 10 hours a day."[15] Plaintiffs aver that Max Ferran advised CCT and Ronald Franks in response that they should not cut manpower, and instead offered to coordinate additional shifts during the night.[16]

In reply, Roy Anderson argues that the actual or constructive knowledge requirement of a FLSA overtime claim is based in both Fifth Circuit case law and the Committee Notes to the Fifth

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 3–4.

[14] *Id.* at 4.

[15] *Id.*

[16] *Id.*

Circuit Pattern Jury Instructions.[17] Roy Anderson further contends that evidence that its employees and foremen were onsite daily and monitoring Plaintiffs' work does not establish that it had constructive knowledge that Plaintiffs were working overtime hours but were only being paid their regular rate.[18] Roy Anderson also asserts that in Plaintiffs' discovery responses to Defendants' joint interrogatories, when asked what basis Plaintiffs have that Roy Anderson had knowledge of their overtime hours, Plaintiffs only pointed to the fact that Ronald Franks "regularly provided Roy Anderson with timesheets and invoices reflecting the hours worked by me."[19] However, Roy Anderson argues that these timesheets and invoices were only provided for the overtime hours authorized by Roy Anderson.[20] Moreover, Roy Anderson argues that the letter cited by Plaintiffs does not establish that Roy Anderson knew that Plaintiffs were not properly compensated for all overtime hours worked.[21]

FLSA mandates that employers must generally pay overtime compensation for nonexempt employees.[22] The Fifth Circuit has determined that a plaintiff must show that he or she was "employed" during the time period for which he or she seeks overtime compensation, which requires the plaintiff to show that the employer had actual or constructive knowledge that the

---

[17] Rec. Doc. 307 at 2 (citing Fifth Circuit Pattern Jury Instructions (Civil Cases), 11.24 A.2.c. (quoting *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995))

[18] *Id.* at 5.

[19] *Id.* at 6.

[20] *Id.*

[21] *Id.* at 7.

[22] 29 U.S.C. § 207(a); *see Rainey v. McWane, Inc.*, 314 Fed. App'x 693, 694 (5th Cir. 2009).

plaintiff was working overtime.[23] Constructive knowledge exists if an employer "exercising reasonable diligence" would become aware that an employee is working overtime.[24] As the Fifth Circuit has held, "[a]n employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation."[25] In *Newton v. City of Henderson*, the Fifth Circuit recognized that if an employee fails to notify or "deliberately prevents" the employer from acquiring knowledge that the employee worked overtime, the employer's failure to pay overtime is not a violation of FLSA.[26] However, the Fifth Circuit also instructed that employees are not prevented from claiming additional overtime beyond the hours reported if "the employer knew or had reason to believe that the reported information was inaccurate."[27]

Here, based on the evidence in the record, the Court finds there are genuine disputes of material fact regarding whether Roy Anderson had actual or constructive knowledge that Plaintiffs were working overtime. Roy Anderson appears to concede that it was responsible for authorizing overtime and that it received timesheets and invoices as supporting document for overtime requests

---

[23] *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 459 (5th Cir. 2009); *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *see also Bass v. City of Jackson, Miss.*, 878 F. Supp. 2d 701, 707 (S.D. Miss. 2011); *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 544–45 (S.D. Tex. 2011).

[24] *Von Friewalde*, 339 F. App'x at 455 (citing *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir. 1973)).

[25] *Newton*, 47 F.3d at 748 (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)).

[26] *Id.*

[27] *Id.* at 749 (citing *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)).

it authorized.[28] Additionally, Plaintiffs have pointed to evidence that Roy Anderson's employees and foremen were onsite at the Project supervising and monitoring Plaintiffs' work on a daily basis, and that Roy Anderson "regularly" received timesheets and invoices reflecting Plaintiffs' hours.[29]

Moreover, Plaintiffs point to correspondence between Max Ferran, the Project Manager for Roy Anderson, and Jaime Franks and Brandon Isaacks, representatives from Ronald Franks and CCT respectively, that supports a finding that Roy Anderson knew or had reason to believe that Plaintiffs were working overtime.[30] In that correspondence, Franks and Isaacks informed Ferran that Ronald Franks and CCT had been "forced for months to make all deliveries at night . . . all the while eating the numerous hours of overtime we have had to work just to try and help push the project forward."[31] Franks and Isaacks further state that they intended to "cut man power on this project" if other contractors did not catch up, and they, "on average, had 15 general laborers at all times" working on the Project.[32] They also informed Ferran that in response to Roy Anderson's "huge push" to finish the electrical rooms, Ronald Franks and CCT "performed what was requested" and "worked 7 days a week and numerous hours of overtime to complete these

---

[28] *See* Rec. Doc. 280-1 at 12 (Roy Anderson stating that it "only ever received or reviewed those timesheets and invoices whenever [Roy Anderson] had already authorized the overtime and paid for it").

[29] Rec. Doc. 296 at 3; *see, e.g.*, Rec. Doc. 296-2 at 4–5, 10–11, 15–16, 20–21 (several Plaintiffs alleging that Roy Anderson monitored Plaintiffs' work daily and that Roy Anderson regularly received timesheets for Plaintiffs' hours).

[30] Rec. Doc. 296-4.

[31] *Id.* at 6.

[32] *Id.* at 7.

areas . . . No other trades on this project have worked overtime as we have . . . We have worked the majority of the time 7 days a week 10 hours a day."[33] In response, Ferran of Roy Anderson stated that the Project "was never an [sic] 7AM-4PM project."[34] Ferran further replied that "[w]e strongly advise [Ronald Franks] to not cut labor forces on Monday, and as opposing [sic] would recommend additional manpower to catch-up to and complete the project. If we need to help coordinate additional or different manhours in working nights, ect. [sic] Let us know how we can help sequence your work to make it efficient."[35]

Based on the foregoing, the Court finds that there are genuine issues of disputed fact regarding whether Roy Anderson had actual or constructive knowledge that Plaintiffs were working overtime. Roy Anderson concedes that it had authorized some overtime for Plaintiffs,[36] and Plaintiffs have pointed to sufficient evidence that Roy Anderson knew or had reason to believe that Plaintiffs worked additional unpaid overtime. In particular, Plaintiffs point out that Roy Anderson regularly supervised Plaintiffs while they were working, and that Roy Anderson was directly informed by CCT and Ronald Franks that Plaintiffs were working a significant amount of overtime.[37] Moreover, Plaintiffs have pointed out that Roy Anderson allegedly responded to CCT and Ronald Franks by encouraging them to schedule additional shifts at night.[38] Thus, Plaintiffs

---

[33] *Id.* at 7–8.

[34] *Id.* at 1.

[35] *Id.* at 2–3.

[36] *See* Rec. Doc. 280-1 at 12.

[37] *See* Rec. Doc. 296; Rec. Doc. 296-4.

[38] *See id.*

have pointed to sufficient evidence that Roy Anderson knew or had reason to believe that Plaintiffs were working overtime, and that Roy Anderson would have become aware that Plaintiffs were working additional overtime if it had exercised "reasonable diligence."[39] Accordingly,

**IT IS HEREBY ORDERED** that Defendant Roy Anderson Corporation's "Motion for Summary Judgment Regarding Roy Anderson Corp.'s Lack of Knowledge"[40] is **DENIED**.

**NEW ORLEANS, LOUISIANA** this 5th day of July, 2017.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[39] *See Von Friewalde*, 339 F. App'x at 455.

[40] Rec. Doc. 280.