UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NANCY MURILLO, et al. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-3641 |
| CORYELL COUNTY TRADESMEN, LLC, et al. | SECTION: "G"(1) |

# ORDER

In this litigation, Plaintiffs, approximately 160 individuals hired to work on a construction and renovation project located at 225 Baronne Street in New Orleans, Louisiana, allege that Defendants did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Pending before the Court is Defendant Ronald Franks Construction Company, LLC's ("Ronald Franks") "Motion to Dismiss for Failure to Prosecute" requesting that 22 opt-in Plaintiffs' claims be dismissed with prejudice.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny it in part.

## I. Background

### A. *Factual Background*

Plaintiffs allege that this lawsuit arises from the renovation of a luxury hotel and apartment building in downtown New Orleans named "The Strand" at 225 Baronne Street ("the Project").[3]

---

[1] Rec. Doc. 48; Rec. Doc. 52-1 at 1.

[2] Rec. Doc. 277.

[3] Rec. Doc. 48 at 3.

1

Plaintiffs allege that they are mostly migrant workers who performed the renovation work and were not paid minimum wages or overtime while working "grueling" 70-hour workweeks.[4] Plaintiffs further contend that their recorded hours were often "adjusted" to reflect shorter work periods so that Defendants Roy Anderson Corporation ("Roy Anderson"), Ronald Franks, Coryell County Tradesmen ("CCT"), CC Labor, LLC ("CC Labor"), Paul Isaacks, Brandon Isaacks, and Brent Isaacks could pay them less.[5]

Defendants CCT and CC Labor are alleged to be two family-run construction companies owned by Defendants Paul Isaacks, Brandon Isaacks, and Brent Isaacks.[6] Defendant Roy Anderson is alleged to be one of the general contractors that employed Plaintiffs, and Ronald Franks and CCT were two of the subcontractors on the Project.[7] Travelers Casualty and Surety Company of America's ("Travelers") is alleged to have contracted to pay the obligations of Roy Anderson with respect to the work done on the construction project at issue in this case.[8]

## B.   *Procedural Background*

Plaintiffs Nancy Murillo, Evelyn Mejia, Ambrocio Benito Castro, and Mechlor Acevedo filed a complaint on August 19, 2015, against Defendants CCT, CC Labor, Brandon Isaacks, Brent Isaacks, and Paul Isaacks.[9] With leave of Court, on February 18, 2016, Plaintiffs filed an amended complaint, adding more than 150 plaintiffs and adding Ronald Franks, Roy Anderson, and

---

[4] *Id.* at 3–4.

[5] *Id.* at 4.

[6] *Id.* at 5.

[7] *Id.* at 5–6.

[8] *Id.* at 6–7.

[9] Rec. Doc. 1.

Travelers as Defendants.[10] Plaintiffs filed a second amended complaint, with leave of Court, on May 13, 2016.[11] On July 12, 2016, Roy Anderson filed an answer to Plaintiffs' second amended complaint and a crossclaim and third-party demand against Defendant Ronald Franks and Third-Party Defendant National American Insurance Company ("NAIC"), respectively.[12]

On June 9, 2016, Magistrate Judge Sally Shushan ordered Defendants to serve a joint set of twenty-five written interrogatories on all Plaintiffs and ordered each Plaintiff to respond to the interrogatories separately.[13] Magistrate Judge Shushan also "cautioned that if a plaintiff fails to answer each interrogatory separately and fully in writing and under oath, it will be recommended that the plaintiff's claims be dismissed with prejudice for failure to prosecute."[14] On August 1, 2016, after the retirement of Magistrate Judge Shushan, the case was reassigned to Magistrate Judge Janis van Meerveld.[15] The case was subsequently reassigned to Magistrate Judge Daniel Knowles on August 25, 2016, after Magistrate Judge van Meerveld recused herself from the case.[16] On September 2, 2016, Defendants jointly moved for sanctions against certain Plaintiffs who had failed to follow Magistrate Judge Sushan's June 9, 2016 discovery Order.[17] On September 21, 2016, Magistrate Judge Knowles granted in part Defendants' motion to the extent that all Plaintiffs

---

[10] Rec. Doc. 19.

[11] Rec. Doc. 48.

[12] Rec. Doc. 92 at 15.

[13] Rec. Doc. 61.

[14] *Id.* at 2.

[15] Rec. Doc. 115.

[16] Rec. Doc. 133.

[17] Rec. Doc. 145.

were ordered to produce their discovery responses by October 14, 2016.[18] Magistrate Judge Knowles further noted that if any Plaintiff failed to do so, "the Court will not hesitate [to recommend] to the District Court that [the] plaintiff['s] claims be dismissed with prejudice for failure to prosecute."[19]

On October 27, 2016, Defendants Roy Anderson and Travelers filed a "Motion to Dismiss for Failure to Prosecute,"[20] and on October 28, 2016, Defendant Ronald Franks also filed a "Motion to Dismiss, with Prejudice, for Failure to Prosecute."[21] Both motions sought to dismiss with prejudice certain Plaintiffs who failed to comply with either Magistrate Judge Shushan's June 9, 2016 Order or Magistrate Judge Knowles' September 21, 2016 Order requiring all Plaintiffs to submit verified responses to Defendants' interrogatories.[22] Plaintiffs opposed the motions "only to the extent the motions call[ed] for dismissals with prejudice."[23] On June 2, 2017, the Court granted the motions in part and denied them in part, as Plaintiffs did not dispute that the nineteen non-responsive Plaintiffs listed in Defendants' motions had failed to submit their separate responses to Defendants' interrogatories in violation of two of the Magistrate Judges' discovery Orders.[24] The Court found that dismissal *without prejudice* of the following Plaintiffs' claims would serve the best interests of justice: (1) Esther Aguilar; (2) Claudia Armijo; (3) Alexa Hernandez; (4) Denis

---

[18] Rec. Doc. 164.

[19] *Id.*

[20] Rec. Doc. 184.

[21] Rec. Doc. 186.

[22] Rec. Doc. 184-1 at 1; Rec. Doc. 186-1 at 1, 4.

[23] Rec. Doc. 195 at 1.

[24] Rec. Doc. 312 at 16.

Monterrey; (5) Luis Juarez Murillo; (6) Jose Pineda; (7) Yolani Raudales; (8) Digna Torres; (9) Alan Vazquez; (10) Redin Cantillano; (11) Humberto Castro; (12) Floriberto Coctecon; (13) Raul Estrada; (14) Luis Juarez; (15) Bilander Lopez; (16) Juan Lopez; (17) Ruben Varela; (18) Oscar Bello; and (19) Bernardino Castro.[25]

On April 5, 2017, Defendant Ronald Franks filed a separate motion to compel discovery responses for certain Plaintiffs who had opted-in to this litigation since the notice of collective action was published.[26] Ronald Franks argued that these Plaintiffs had also not provided responses to Defendants' joint interrogatories.[27] On April 25, 2017, Magistrate Judge Knowles granted the motion to compel as unopposed, and ordered the opt-in Plaintiffs to respond to the joint interrogatories within seven days from the date of the Order.[28] Magistrate Judge Knowles noted that, if any opt-in Plaintiff failed to respond to the interrogatories, he would "not hesitate to recommend the dismissal of said plaintiff's claims with prejudice for failure to prosecute in accordance with" Magistrate Judge Shushan's June 9, 2016 discovery Order.[29]

On May 9, 2017, Ronald Franks filed the instant motion to dismiss additional Plaintiffs for failure to prosecute.[30] On May 16, 2017, Plaintiffs filed an opposition.[31]

---

[25] *Id.*

[26] Rec. Doc. 252.

[27] Rec. Doc. 252-1 at 4.

[28] Rec. Doc. 260.

[29] *Id.* at 1.

[30] Rec. Doc. 277.

[31] Rec. Doc. 294.

5

## II. Parties' Arguments

*A.   Defendant Ronald Franks' Arguments in Support of its Motion to Dismiss for Failure to Prosecute*

In its motion to dismiss for failure to prosecute, Ronald Franks argues that twenty-two opt-in Plaintiffs failed to submit verified responses to Defendants' joint interrogatories in violation of the Magistrate Judge's orders.[32] Ronald Franks points out that Magistrate Judge Knowles granted Ronald Franks' motion to compel the twenty-two opt-in Plaintiffs to respond "fully and in writing" to Defendants' joint interrogatories and ordered those Plaintiffs to respond by May 2, 2017.[33]

According to Ronald Franks, Plaintiffs only provided *unverified* responses to Defendants' joint interrogatories for twelve opt-in Plaintiffs: (1) Rene Solomon; (2) Ramon Puerto; (3) Bayron Ortiz; (4) Wendy Nieto; (5) Maurice McCormick; (6) Kenia Martinez; (7) Ricardo Nuan Hernandez Galindo; (8) Irbin Centeno Figueroa; (9) Quirino Hernandez; (10) Wilson Flores; (11) Francisco Cortez; and (12) Clement Tyrell.[34] In addition, Ronald Franks asserts that it did not receive any responses from the other ten opt-in Plaintiffs: (1) Ernest Weatherspoon; (2) Vidal Torres: (3) Jonis Iban Cortez Rivera; (4) Yadir Oviedo; (5) Margarito Orellana; (6) Wilkin Matute; (7) Angela McFloyd; (8) Juan Molina; (9) Elvin A. Molina; and (10) Andres Rojas Bernal.[35] In

---

[32] Rec. Doc. 277-1 at 1.

[33] *Id.* at 2–3.

[34] *Id.* at 3. In particular, Ronald Franks asserts that the 12 unverified responses were for the following opt-in Plaintiffs: (1) Rene Solomon; (2) Ramon Puerto; (3) Bayron Ortiz; (4) Wendy Nieto; (5) Maurice McCormick; (6) Kenia Martinez; (7) Ricardo Nuan Hernandez Galindo; (8) Irbin Centeno Figueroa; (9) Quirino Hernandez; (10) Wilson Flores; (11) Francisco Cortez; and (12) Clement Tyrell. *Id.*

[35] *Id.*

sum, Ronald Franks argues that claims of the twenty-two opt-in Plaintiffs who failed to produce verified responses to Defendants' joint interrogatories should be dismissed with prejudice.[36]

### B. *Plaintiffs' Arguments in Opposition to the Motions to Dismiss*

In their opposition, Plaintiffs assert that they oppose Ronald Franks' instant motion to dismiss for failure to prosecute and offer a "renewed opposition" to Defendants' prior motions to dismiss for failure to prosecute.[37] Plaintiffs offer signed, verified discovery responses for the following opt-in Plaintiffs: (1) Quirino Hernandez; (2) Bayron Ortiz; (3) Wendy Nieto; (4) Kenia Martinez; (5) Ricardo Hernandez; (6) Wilson Flores; (7) Ramon Puerto; (8) Rene Solomon; and (9) Maurice McCormick.[38] Plaintiffs also offer signed, verified discovery responses for three Plaintiffs that Defendants sought to dismiss in their previous motions to dismiss for failure to prosecute: (1) Ruben Varela; (2) Raul Estrada; and (3) Luis Juarez.[39] Plaintiffs argue that Ronald Franks' motions to dismiss are now moot as to these Plaintiffs.[40]

Additionally, Plaintiffs assert that the Court should not dismiss any Plaintiff from this matter for either: (1) failing to sign the verification that was included in their written discovery responses; or (2) failing to answer any written discovery.[41] Plaintiffs argue that there is "virtually zero prejudice to Defendants" if these claims are allowed to survive until Phase II of the bifurcated

---

[36] *Id.* at 4.

[37] Rec. Doc. 294 at 1 (citing Rec. Docs. 184, 186).

[38] *Id.* at 1–2.

[39] *Id.*

[40] *Id.* at 2.

[41] *Id.*

7

trial, *i.e.* the damages phase.[42] In the alternative, Plaintiffs aver that any dismissal should be without prejudice.[43]

### III. Law and Analysis

*A.* ***Legal Standard***

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), where an action is pending a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery . . . ." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[44] Possible sanctions are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[45] Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[46]

"Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[47] A clear record of delay is found where there have been "significant periods of total inactivity."[48] Dismissal with prejudice is

---

[42] *Id.*

[43] *Id.*

[44] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

[45] Fed. R. Civ. P. 37(b)(2)(A)(v).

[46] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[47] *Coane v. Ferrara Pan Candy Co*., 898 F.2d 1030, 1032 (5th Cir. 1990).

[48] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

a "draconian remedy, which the district court should impose only as a matter of last resort."[49] Thus, in addition to willfulness and a clear record of delay, several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) the violation of the discovery order must be attributable to the client instead of the attorney; (2) the violating party's misconduct must substantially prejudice the opposing party; and (3) a less drastic sanction would not substantially achieve the desired deterrent effect.[50]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[51] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[52] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim."[53] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[54]

---

[49] *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)).

[50] *Id.* (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

[51] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[52] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

[53] *Id.*

[54] *Id.*

B.  *Analysis*

   1.  **The Instant Motion to Dismiss**

In its motion, Ronald Franks requests that the claims of twenty-two opt-in Plaintiffs be dismissed with prejudice.[55] In particular, Ronald Franks points out that twelve of the opt-in Plaintiffs only submitted "unverified" discovery responses, *i.e.* that the Plaintiffs themselves did not sign the written responses verifying that the answers submitted by their counsel were true, and ten of the opt-in Plaintiffs failed to submit any discovery response to Defendants' joint interrogatories.[56] First, the Court notes that the Magistrate Judge's April 25, 2017 Order required the opt-in Plaintiffs to "respond fully and in writing to the joint interrogatories."[57] Moreover, Ronald Franks' motion to compel the discovery responses of the opt-in Plaintiffs only requested that the Magistrate Judge order the opt-in Plaintiffs to "respond fully to the joint interrogatories."[58] Thus, Ronald Franks has not shown that the twelve opt-in Plaintiffs who submitted unverified, written responses to Defendants' joint interrogatories failed to obey the Magistrate Judge's April 25, 2017 Order such that the "draconian remedy" of dismissal with prejudice against them is warranted.[59] Accordingly, the Court denies Ronald Franks' motion to dismiss to the extent that it requests dismissal of the following opt-in Plaintiffs who provided written responses to Defendants' joint interrogatories: (1) Rene Solomon; (2) Ramon Puerto; (3) Bayron Ortiz; (4) Wendy Nieto; (5) Maurice McCormick; (6) Kenia Martinez; (7) Ricardo Nuan Hernandez Galindo; (8) Irbin

---

[55] *See* Rec. Doc. 277.

[56] *Id.*

[57] *See* Rec. Doc. 260 at 1.

[58] Rec. Doc. 252-1 at 4.

[59] *Doe*, 283 F. App'x at 291.

10

Centeno Figueroa; (9) Quirino Hernandez; (10) Wilson Flores; (11) Francisco Cortez; and (12) Clement Tyrell.[60]

Second, it is undisputed that Plaintiffs failed to provide any response to Defendants' joint interrogatories in violation of the Magistrate Judge's April 25, 2017 Order as to the following opt-in Plaintiffs: (1) Ernest Weatherspoon; (2) Vidal Torres: (3) Jonis Iban Cortez Rivera; (4) Yadir Oviedo; (5) Margarito Orellana; (6) Wilkin Matute; (7) Angela McFloyd; (8) Juan Molina; (9) Elvin A. Molina; and (10) Andres Rojas Bernal.[61] Plaintiffs argue that dismissal of these Plaintiffs' claims is not warranted because there is "virtually zero prejudice" to Ronald Franks in allowing these Plaintiffs to proceed to trial, despite failing to respond to Defendants' discovery requests.[62] The Court finds Plaintiffs' argument unpersuasive. Pursuant to Federal Rules of Civil Procedure 37(b) and 41(a)(2), the Court has the authority to dismiss a case for failure to prosecute or for failure to comply with a court order.[63] Moreover, the Court notes that the Magistrate Judge specifically warned the opt-in Plaintiffs in the April 25, 2017 Order that he would recommend dismissal of the claims of any opt-in Plaintiff who failed to respond to Defendants' joint interrogatories.[64] Because it is undisputed that these ten opt-in Plaintiffs failed to provide discovery responses in violation of the Magistrate Judge's Order, dismissal of these opt-in Plaintiffs is

---

[60] *See* Rec. Doc. 277-1 at 3. The Court further notes that Plaintiffs appear to provide verifications for at least nine of the twelve opt-in Plaintiffs who responded to Defendants' joint interrogatories. *See* Rec. Doc. 294-1.

[61] *See* Rec. Doc. 294 at 2 (Plaintiffs arguing that the Court should not dismiss those Plaintiffs who failed to answer any written discovery because it does not prejudice Defendants).

[62] *Id.*

[63] *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (holding that the district court did not abuse its discretion in dismissing an action for want of prosecution when the plaintiff failed to comply with the magistrate judge's orders).

[64] Rec. Doc. 260 at 1.

warranted under Rules 37(b) and 41(a)(2). Therefore, the only issue that remains is whether the dismissal should be with prejudice, as Ronald Franks argues, or without prejudice, as Plaintiffs argue.

Dismissal of a plaintiff's action with prejudice is a "remedy of last resort"[65] and is reserved for situations where there is a clear record of contumacious and continuing discovery misconduct or delay.[66] Here, it is undisputed that ten opt-in Plaintiffs failed to submit any response to Defendants' joint interrogatories. However, the Court finds that Ronald Franks has not demonstrated willful disobedience of the Magistrate Judge's orders by these Plaintiffs "accompanied by a clear record of delay or contumacious conduct"[67] such that the "draconian remedy"[68] of dismissal with prejudice would be warranted.[69]

Because dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity to pursue his claim," it is an appropriate sanction only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[70] Here, the

---

[65] *Doe v. Am. Airlines*, 283 Fed. App'x 289, 291 (5th Cir. 2008) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985).

[66] *See Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[67] *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

[68] *Doe*, 283 F. App'x at 291 (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)).

[69] *See Arnold*, 2014 WL 3611842, at *1 (denying defendants' motion to dismiss with prejudice the claims of opt-in plaintiffs in a FLSA collective action who had failed to respond to discovery questionnaires in violation of the trial court's order).

[70] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011).

Court finds that dismissal without prejudice would serve the best interests of justice.[71] Thus, the Court will dismiss *without* prejudice the claims of the ten non-responsive opt-in Plaintiffs: (1) Ernest Weatherspoon; (2) Vidal Torres: (3) Jonis Iban Cortez Rivera; (4) Yadir Oviedo; (5) Margarito Orellana; (6) Wilkin Matute; (7) Angela McFloyd; (8) Juan Molina; (9) Elvin A. Molina; and (10) Andres Rojas Bernal.[72]

### 2. Plaintiffs' Opposition to Previously Filed Motions to Dismiss

As discussed above, on October 27, 2016, Defendants Roy Anderson and Travelers filed a "Motion to Dismiss for Failure to Prosecute,"[73] and on October 28, 2016, Defendant Ronald Franks also filed a "Motion to Dismiss, with Prejudice, for Failure to Prosecute."[74] Both motions sought to dismiss with prejudice certain Plaintiffs who failed to comply the Magistrate Judges' Orders requiring all Plaintiffs to submit verified responses to Defendants' interrogatories.[75] Plaintiffs opposed the motions "only to the extent the motions call[ed] for dismissals with prejudice."[76] On June 2, 2017, the Court granted the motions in part and dismissed the following Plaintiffs' claims without prejudice: (1) Esther Aguilar; (2) Claudia Armijo; (3) Alexa Hernandez; (4) Denis Monterrey; (5) Luis Juarez Murillo; (6) Jose Pineda; (7) Yolani Raudales; (8) Digna Torres; (9) Alan Vazquez; (10) Redin Cantillano; (11) Humberto Castro; (12) Floriberto Coctecon; (13) Raul

---

[71] *Accord Arnold*, 2014 WL 3611842, at *1–2. *Cf. Perrin v. Papa John's Intern., Inc.*, No. 09-01335, 2014 WL 4749547, at *3 (E.D. Mo. Sept. 24, 2014) (denying defendants' motion for dismissal with prejudice of opt-in plaintiffs in collective FLSA action where parties had agreed that defendants could seek discovery through discovery questionnaire).

[72] Rec. Doc. 277-1 at 3–4.

[73] Rec. Doc. 184.

[74] Rec. Doc. 186.

[75] Rec. Doc. 184-1 at 1; Rec. Doc. 186-1 at 1, 4.

[76] Rec. Doc. 195 at 1.

Estrada; (14) Luis Juarez; (15) Bilander Lopez; (16) Juan Lopez; (17) Ruben Varela; (18) Oscar Bello; and (19) Bernardino Castro.[77]

Now, in Plaintiffs' opposition to the instant motion, Plaintiffs offer discovery responses for three Plaintiffs that the Court has already dismissed without prejudice: (1) Ruben Varela; (2) Raul Estrada; and (3) Luis Juarez.[78] Plaintiffs did not attach the discovery responses for these Plaintiffs in their opposition to the October 2016 motions to dismiss for failure to prosecute.[79] Instead, Plaintiffs attached these discovery responses to their opposition to the instant motion to dismiss, which was filed six months after the previous two motions to dismiss for failure to prosecute were submitted to the Court for consideration.[80] Pursuant to Local Rule 7.5, a party opposing a motion must file and serve a memorandum in opposition to the motion no later than eight days before the noticed submission date. Therefore, it is inappropriate for Plaintiffs to raise this issue in their opposition to the instant motion to dismiss rather than in the opposition to the previously filed motions to dismiss. Plaintiffs have not moved for reconsideration of the Court's prior Order dismissing Ruben Varela, Raul Estrada, and Luis Juarez. Moreover, Plaintiffs do not provide any reason why these discovery responses were not provided to the Court in their opposition to the previously filed motions to dismiss. Accordingly, the Court will not reconsider its dismissal

---

[77] *Id.*

[78] Rec. Doc. 294 at 1–2. In particular, Roy Anderson moved to dismiss Luis Juarez, *see* Rec. Doc. 184-1 at 4, and Ronald Franks moved to dismiss Ruben Varela and Raul Estrada. *See* Rec. Doc. 186-1 at 5. The Court dismissed all three of these Plaintiffs' claims without prejudice. Rec. Doc. 312 at 16.

[79] *See* Rec. Doc. 195 at 1.

[80] Rec. Docs. 184, 186.

without prejudice of the following three Plaintiffs at this time: (1) Ruben Varela; (2) Raul Estrada; and (3) Luis Juarez.[81]

### IV. Conclusion

Based on the foregoing, the Court denies Ronald Franks' motion to dismiss to the extent that it requests dismissal of the following opt-in Plaintiffs who provided written responses to Defendants' joint interrogatories, as Ronald Franks has not shown that they violated the Magistrate Judge's April 25, 2017 Order: (1) Rene Solomon; (2) Ramon Puerto; (3) Bayron Ortiz; (4) Wendy Nieto; (5) Maurice McCormick; (6) Kenia Martinez; (7) Ricardo Nuan Hernandez Galindo; (8) Irbin Centeno Figueroa; (9) Quirino Hernandez; (10) Wilson Flores; (11) Francisco Cortez; and (12) Clement Tyrell.[82] Additionally, the Court finds that dismissal *without* prejudice of the ten Plaintiffs' claims who failed to provide any response to Defendants' joint interrogatories would serve the best interests of justice: (1) Ernest Weatherspoon; (2) Vidal Torres: (3) Jonis Iban Cortez Rivera; (4) Yadir Oviedo; (5) Margarito Orellana; (6) Wilkin Matute; (7) Angela McFloyd; (8) Juan Molina; (9) Elvin A. Molina; and (10) Andres Rojas Bernal. Finally, the Court will not reconsider the dismissal of (1) Ruben Varela; (2) Raul Estrada; or (3) Luis Juarez because their responses were not provided in opposition to the appropriate motions and Plaintiffs provided no reason for reconsideration. Accordingly,

---

[81] Rec. Doc. 312.

[82] *See* Rec. Doc. 277-1 at 3. The Court further notes that Plaintiffs appear to have now provided verifications for at least nine of the twelve opt-in Plaintiffs who responded to Defendants' joint interrogatories. *See* Rec. Doc. 294-1.

15

**IT IS HEREBY ORDERED** that Defendant Ronald Franks Construction Company, LLC's "Motion to Dismiss for Failure to Prosecute"[83] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is granted in part to the extent that the Court will dismiss *without* prejudice the claims of the following ten opt-in Plaintiffs: (1) Ernest Weatherspoon; (2) Vidal Torres: (3) Jonis Iban Cortez Rivera; (4) Yadir Oviedo; (5) Margarito Orellana; (6) Wilkin Matute; (7) Angela McFloyd; (8) Juan Molina; (9) Elvin A. Molina; and (10) Andres Rojas Bernal.

**IT IS FURTHER ORDERED** that the motion is denied in part to the extent that Ronald Franks seeks dismissal *with* prejudice of those ten opt-in Plaintiffs.

**IT IS FURTHER ORDERED** that the motion is denied in part to the extent that it requests dismissal of the claims of the following twelve opt-in Plaintiffs who provided written responses to Defendants' joint interrogatories: (1) Rene Solomon; (2) Ramon Puerto; (3) Bayron Ortiz; (4) Wendy Nieto; (5) Maurice McCormick; (6) Kenia Martinez; (7) Ricardo Nuan Hernandez Galindo; (8) Irbin Centeno Figueroa; (9) Quirino Hernandez; (10) Wilson Flores; (11) Francisco Cortez; and (12) Clement Tyrell.

---

[83] Rec. Doc. 277.

**IT IS FURTHER ORDERED** that the Court will not reconsider the dismissal of (1) Ruben Varela; (2) Raul Estrada; or (3) Luis Juarez because their responses were not provided in opposition to the appropriate motions and Plaintiffs provided no reason for reconsideration.

**NEW ORLEANS, LOUISIANA**, this  6th  day of July, 2017.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**